WILMERHALE

September 24, 2014

**Noah Levine**

+1 212 230 8875 (t)
+1 212 230 8888 (f)
noah.levine@wilmerhale.com

**VIA ECF**

The Honorable Paul A. Crotty
U.S. District Court, Southern District of New York
500 Pearl Street, Chambers 1350
New York, New York 10007-1312

   Re: *Gao v. JPMorgan Chase & Co. and Chase Bank USA, N.A.*, No. 14 Civ. 4281

Dear Judge Crotty:

   I write on behalf of defendants JPMorgan Chase & Co. and Chase Bank USA, N.A.
(collectively "Chase") to request a pre-motion conference in advance of filing a motion to
dismiss Plaintiffs' amended complaint under Federal Rule of Civil Procedure 12(b)(6).[1]  The
Court has not scheduled a pretrial conference.

   Plaintiffs held Chase Freedom credit cards, which were associated with the Chase
Ultimate Rewards program.  Under that program, cardholders earn points or rebates for the
dollars they spend on their credit cards.  Subject to various terms and restrictions, the points may
be redeemed for rewards such as travel, gift cards, merchandise, and tickets to events.  Plaintiffs
allege that they earned Ultimate Rewards points through the use of their Chase Freedom cards
and that Chase improperly forfeited those points when it closed their accounts.  They purport to
sue on behalf of a putative class of similarly situated credit cardholders.

   The amended complaint should be dismissed for failure to state a claim.

---

[1] Pursuant to the Court's Individual Practices Rule 3.B, Chase submits this letter in lieu of filing an answer,
which would otherwise be due September 29, 2014.  Plaintiff Harry Gao filed his original complaint on June 13,
2014.  Chase executed a waiver of service on June 27, 2014, pursuant to which Chase was to respond to the
complaint by August 18, 2014.  Before Chase responded to the complaint, Gao filed an amended complaint on
August 15, 2014, adding plaintiff Roberta Socall and numerous allegations specific to her.  On August 21, 2014, the
Court granted Chase's request for an extension of time to respond to the amended complaint.

Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007

Beijing   Berlin   Boston   Brussels   Denver   Frankfurt   London   Los Angeles   New York   Oxford   Palo Alto   Waltham   Washington

WILMERHALE

The Honorable Paul A. Crotty
September 24, 2014
Page 2

*First*, Plaintiffs' claims for breach of contract (Count I), good faith and fair dealing

(Count II), and unjust enrichment (Count V) fail in light of the express terms of their contracts

with Chase, versions of which are attached to the amended complaint.  Specifically, Plaintiffs'

credit-card agreements state that Chase may close their Accounts "at any time for any reason."

Am. Compl., Ex. B at 3.  The rules and regulations governing Plaintiffs' rewards program in turn

state that if a cardholder's "Account is closed for any reason, and/or there is any fraud or abuse

related to the accrual of points or rebates, as applicable, we reserve the right … to cause you to

forfeit any points/rebates."  Am. Compl., Ex. A.  The rules and regulations likewise provide, "If

your Account is closed for any reason, your membership in the Program will be terminated."  *Id.*

Under applicable Delaware law,[2] no claim for breach of contract can lie where, as here,

the contract permits the challenged conduct.  *Grasso v. First USA Bank*, 713 A.2d 304, 309-11

(Del. Super. Ct. 1998).  Likewise, Plaintiffs' claim for breach of the implied covenant of good

faith and fair dealing fails because the "[t]he implied covenant will not infer language that

contradicts a clear exercise of an express contractual right."  *Nemec v. Shrader*, 991 A.2d 1120,

1127 (Del. 2010).  And because Plaintiffs' relationships with Chase are governed by written

contracts, they cannot state a claim for unjust enrichment.  *See Albert v. Alex. Brown Mgmt.*

*Servs., Inc.*, No. CIV.A. 762-N, 2005 WL 2130607, at *8 (Del. Ch. Aug. 26, 2005).

*Second*, while the basis for Plaintiffs' fraudulent-inducement claim (Count II) is unclear,

the claim fails regardless of how the Court construes it.  To the extent the claim turns on

---

[2]  Delaware law governs Plaintiffs' agreements and credit-card accounts.  *See* Compl., Ex. B at 4.

WILMERHALE

The Honorable Paul A. Crotty
September 24, 2014
Page 3

unspecified "advertising and promotional materials," Am. Compl. ¶ 63, Plaintiffs fail to state the

claim with the particularity required by Fed. R. Civ. P. 9(b), including failing to specify the

statements that Plaintiffs contend were fraudulent.  *See Kalie v. Bank of Am. Corp.*, 297 F.R.D.

552, 556 (S.D.N.Y. 2013).  To the extent the claim turns on the statement in the Ultimate

Rewards Rules and Regulations that "Points/rebates earned in this program will not expire," Am.

Compl. ¶¶ 38, 42, it fails because it improperly attempts to recast a breach of contract claim as a

fraud claim.  *See Pinkert v. John J. Olivieri, P.A.*, No. Civ. A 99-380, 2001 WL 641737, at *5

(D. Del. May 24, 2001).  In any event, Plaintiffs cannot claim that this statement was fraudulent

because, among other things, the Ultimate Rewards Rules and Regulations explicitly provide that

points may be forfeited if the account is closed.  *See Frontier-Kemper Constructors, Inc. v. Am.*

*Rock Salt Co.*, 224 F. Supp. 2d 520, 533 (W.D.N.Y. 2002).

*Third*, Plaintiffs' claims under the Ohio Consumer Sales Practices Act and Florida

Deceptive and Unfair Trade Practices Act (Count IV) fail because neither statute applies to

national banks such as Chase.[3]  *See Bridge v. Ocwen Fed. Bank*, No. 1:07 CV 2739, 2014 WL

2442183, at *10 (N.D. Ohio May 30, 2014); *Bankers Trust Co. v. Basciano*, 960 So. 2d 773, 778

(Fla. Dist. Ct. App. 2007).  The claims also fail because Plaintiffs have not plausibly alleged any

actionable fraud or deception.

For these reasons, Defendants seek to move to dismiss the amended complaint in its

entirety.  Defendants are available for a pre-motion conference at the Court's convenience.

---

[3]      Plaintiffs allege violations under Ohio and Florida statutes because, according to the amended complaint, Gao resides in Ohio and Socall resides in Florida.  Am. Compl. ¶¶ 18, 19.

WILMERHALE

The Honorable Paul A. Crotty
September 24, 2014
Page 4


Respectfully submitted,


/s/ Noah Levine
Noah Levine

cc:  All counsel of record (via ECF)