

1515 Market Street
Suite 1100
Philadelphia, PA 19102
Phone: 215-985-9177
Fax: 215-985-4169
www.golombhonik.com

Kenneth J. Grunfeld
kgrunfeld@golombhonik.com

October 2, 2014

**VIA ECF**
The Honorable Paul A. Crotty
USDC for Southern District of New York
500 Pearl Street, Chambers 1350
New York, New York 10007-1312

      Re:    *Gao v. JP Morgan Chase & Co. and Chase Bank USA, N.A.*
              Case No. 1:14-CV-4281 (PAC)

Dear Judge Crotty:

Pursuant to Your Honor's Individual Rules of Practice, we write on behalf of Plaintiffs in response to Defendants' September 24, 2014 letter to the Court requesting a pre-motion conference in advance of filing a motion to dismiss the amended complaint.[1] Plaintiffs are available for a conference at the Court's convenience, however, for the following reasons, Defendants' proposed motion to dismiss, as summarized in the aforementioned correspondence, is without merit and should be summarily denied at the appropriate juncture.

Plaintiffs were Chase credit card holders who earned rewards points for purchases charged to their Chase cards. The rewards points that Plaintiffs earned were redeemable for cash and merchandise and Chase represented that these points would not expire. Plaintiffs used their Chase cards with the understanding that they were earning points for every dollar spent. Although Plaintiffs' accounts were never in default, Chase unilaterally terminated their accounts and stripped Plaintiffs of their unredeemed rewards points– without any compensation whatsoever. Defendants' conduct in revoking reward points at their discretion, even when the cardholders' accounts were not in default, without remuneration, is patently unreasonable and constitutes a breach of contract. For the reasons below, the claims in the amended complaint have been adequately pled.

---

[1] A response to Defendants' letter was required on or before September 27, 2014, however, the Court extended the time for Plaintiffs to respond until October 2, 2014.

**GOLOMB & HONIK, P.C.**
The Honorable Paul A. Crotty
October 2, 2014
Page 2 of 3

---

Defendants assert that the amended complaint fails to state a claim for breach of contract because they allege that the terms of the agreements expressly allow the conduct. To prove a breach of contract claim, a plaintiff must show "the existence of a contract, the breach of an obligation imposed by that contract, and resulting damages to the plaintiff." *See, Israel Discount Bank of New York v. First State Depository Co., et al.* 2013 Del. Ch. LEXIS 136 *36, (Del. Ch., May 29, 2013). Here, the terms of the contract state that "[You] will earn 1 point or 1% rebate for each $1 of Net Purchases." The terms also state that "Points/rebates earned in this Program will not expire." The amended complaint adequately asserts that the unilateral and unwarranted revocation of rewards already earned violates these terms and constitutes a breach of contract.

Defendants tautologically argue that the claim for breach of the implied covenant of good faith and fair dealing fails because the covenant cannot infer language that contradicts the express terms of the contract. Yet, the covenant of good faith and fair dealing expressly requires "a party in a contractual relationship to refrain from arbitrary or unreasonable conduct which has the effect of preventing the other party to the contract from receiving the fruits" of the bargain. *Dunlap v. State Farm Fire & Cas. Co.,* 878 A.2d 434, 442 (Del. 2005). This is precisely the situation here, where Defendants' unreasonable conduct defeats the overarching purpose of the contract.

Defendants assert that the claim for unjust enrichment fails in light of the written contract. However, Delaware Law permits alternative pleading. See, *Chrysler Corp. (Del.) v. Chaplake Hldgs., Ltd.,* 822 A.2d 1024, 1031 (Del. 2003). If Defendants can terminate Plaintiffs' accounts at their sole discretion, without compensating cardholders for the points they earned, then the ability to redeem points may be construed as an illusory promise and incompatible with the existence of a contract. See, *The American University v. Todd,* 39 Del. 449, 453; 1 A.2d 595, 597; (Del. 1938). The claim should not be dismissed at this stage where it has not yet been determined that valid contracts exist.

**GOLOMB & HONIK, P.C.**
The Honorable Paul A. Crotty
October 2, 2014
Page 3 of 3

---

With respect to the fraudulent inducement claim, Defendants argue that Plaintiffs have failed to state the claim with particularity required by Fed. R. Civ. P. 9(b). Rule 9(b) is satisfied if the complaint describes the alleged fraud with "precise allegations of date, time, or place" or by using some means of "injecting precision and some measure of substantiation into their allegations of fraud." *McCracken v. Raghbir, et al.*, 2004 U.S. Dist. LEXIS 20819 *6 (D. Del. October 7, 2004), see also *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984). Plaintiffs here go beyond the terms of the contract and specifically reference and attach promotional materials as exhibits to the amended complaint with the fraudulent statements. Thus, the amended complaint sufficiently specifies the statements Plaintiffs contend were fraudulent, and fact discovery in the case will further identify the fraud.

Last, Defendants argue that claims under the Ohio Consumer Sales Practices Act and Florida Deceptive and Unfair Trade Practices Act fail because neither statute applies to national banks. While it remains unclear whether both Defendants are statutorily exempt from liability, Plaintiffs are willing to concede consumer protection claims against one or both entities, if necessary, and will respond more fully in motion to dismiss briefing.

For these reasons, Plaintiffs have adequately stated claims upon which relief can be granted and Defendants' proposed motion to dismiss should be denied.

Respectfully submitted,

Kenneth J. Grunfeld
**GOLOMB & HONIK, P.C.**

KJG/ecm
cc: All counsel of record (via ECF)