WILMERHALE

July 16, 2015

**Noah Levine**

+1 212 230 8875 (t)
+1 212 230 8888 (f)
noah.levine@wilmerhale.com

<u>VIA ECF</u>

The Honorable Paul A. Crotty
U.S. District Court, Southern District of New York
500 Pearl Street, Chambers 1350
New York, New York 10007-1312

      Re:  *Gao v. JPMorgan Chase & Co. and Chase Bank USA, N.A.*, No. 14 Civ. 4281

Dear Judge Crotty:

      I write on behalf of defendants JPMorgan Chase & Co. ("JPMC") and Chase Bank USA, N.A. ("CBUSA") to request a pre-motion conference.  This is a putative class action brought by two former CBUSA credit cardholders challenging the forfeiture of their rewards points upon closure of their accounts.  By opinion and order dated June 9, 2015, the Court (1) dismissed Plaintiffs' contract claims; (2) dismissed Plaintiffs' unfair-practices statute claims as to CBUSA, but not as to JPMC; (3) denied the motion to dismiss Plaintiffs' unjust-enrichment claim; and (4) granted Plaintiffs leave to replead their fraudulent-inducement claim.  Plaintiffs filed their Second Amended Complaint on June 29, 2015.  The current deadline to move against that complaint is July 16, 2015.  Defendants intend to move to dismiss Plaintiffs' repleaded fraudulent-inducement claim.

      The Court rejected the fraudulent-inducement claim pleaded in Plaintiffs' First Amended Complaint, concluding that the challenged statements—the rewards program allowed "'unlimited earnings,'" "'there was no limit on the amount of points earned,'" there was "'no expiration on points,'" and "'there were no caps or limits on earnings'"—were not "untrue, and therefore cannot be fraudulent."  Op. 8.  The Court granted Plaintiffs leave to replead "by alleging

**WILMERHALE**

The Honorable Paul A. Crotty
July 16, 2015
Page 2

actionable misstatements in the promotional materials with the specificity required by Fed. R. Civ. P. 9(b)." *Id.* In their Second Amended Complaint, Plaintiffs allege three misstatements: (1) "rewards points would never expire"; (2) "rewards points could be redeemed for cash and/or merchandise"; and (3) CBUSA "offered the most advantageous credit card rewards programs in the industry." 2d Am. Compl. ¶¶ 61-62.

None of these three alleged misstatements suffices. *First*, this Court already concluded that the statement that "rewards points would never expire" (2d Am. Compl. ¶ 61) was not "untrue, and therefore cannot be fraudulent" (Op. 8). *Second*, the statement that "rewards points could be redeemed for cash and/or merchandise" (2d Am. Compl. ¶ 61) is true. Plaintiffs' own allegations confirm that "Plaintiffs had in the past redeemed a portion of their CHASE Ultimate Rewards points without difficulty." *Id.* ¶ 8. *Third*, Plaintiffs' allegation that "CHASE's marketing campaign promoted the idea that CHASE offered the most advantageous credit card rewards programs in the industry" (*id.* ¶ 61), fails under Rule 9(b). Not only do Plaintiffs fail to identify the alleged misstatements with specificity, but even if the alleged statements were made, they entail the sort of "'opinions about [CBUSA's] business'" and "'expression[s] of corporate optimism'" that "do not give rise to a fraud claim." *Sanchez v. ASA College, Inc.*, 2015 WL 3540836, at *9 (S.D.N.Y. June 5, 2015) (second alteration in original) (citing *Hampshire Equity Partners II, L.P. v. Teradyne, Inc.*, 2005 WL 736217, at *4 n.4 (S.D.N.Y.), *aff'd*, 159 F. App'x 317 (2d Cir. 2005)).

WILMERHALE

The Honorable Paul A. Crotty
July 16, 2015
Page 3

In the interests of economy, Defendants also respectfully request that their time to answer the Second Amended Complaint be stayed until the Court has resolved a motion to dismiss the fraudulent-inducement claim. Proceeding in this manner would allow Defendants to file one answer, addressing in one pleading any and all claims permitted to proceed in this case. Proceeding in this manner also would accord with the general practice in this Court. *See Ricciuti v. New York City Transit Auth.*, 1991 WL 221110, at *2 (S.D.N.Y. 1997) ("Any motion … will suspend the time to answer any claim."); *Alex Brown & Sons Inc. v. Marine Midland Banks, Inc.*, 1997 WL 97837, at *7 (S.D.N.Y. 1997) (same).

Respectfully submitted,

/s/ Noah A. Levine
Noah A. Levine

cc: All counsel of record (via ECF)