# GOLOMB & HONIK

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

1515 Market Street
Suite 1100
Philadelphia, PA 19102
Phone: 215-985-9177
Fax: 215-985-4169
www.golombhonik.com

Kenneth J. Grunfeld
kgrunfeld@golombhonik.com

July 21, 2015

**VIA CM/ECF ONLY**
The Honorable Paul A. Crotty
**USDC for Southern District of New York**
500 Pearl Street, Chambers 1350
New York, New York 10007-1312

> Re:   *Gao v. JP Morgan Chase & Co. and Chase Bank USA, N.A.*
>        Case No. 1:14-CV-4281 (PAC)

Dear Judge Crotty:

Pursuant to Your Honor's Individual Rules of Practice (Rule #3D), we write on behalf of Plaintiffs in response to Defendants' July 16, 2015 letter to the Court requesting a pre-motion conference in advance of filing a motion to dismiss the Second Amended Complaint. Plaintiffs are available for a conference at the Court's convenience, however, for the following reasons, Defendants' proposed motion to dismiss the Second Amended Complaint, as summarized in the aforementioned correspondence, is without merit and should be summarily denied at the proper juncture.

This case concerns Defendants' conduct in unilaterally terminating Plaintiffs' credit card accounts and the concomitant revocation of all of their unredeemed rewards points – without any compensation whatsoever, despite the fact that Plaintiffs' accounts were never in default. On June 9, 2015, the Court issued an order, granting in part and denying in part, Defendant's motion to dismiss the Amended Complaint. The Court (1) dismissed Plaintiffs' contract-based claims; (2) dismissed Plaintiffs' unfair trade practices act claim as to Defendant Chase Bank USA, N.A. but not as to Defendant JPMorgan Chase & Co.; (3) denied Defendants' motion to dismiss Plaintiffs' unjust

GOLOMB & HONIK, P.C.

The Honorable Paul A. Crotty
Re:  *Gao v. JP Morgan Chase & Co., et al.*
July 21, 2015
Page 2 of 3

---

enrichment claim; and (4) granted Plaintiffs leave to replead their fraudulent inducement claim. On June 29, 2015, Plaintiffs filed their Second Amended Complaint removing the dismissed claims and re-pleading fraudulent inducement. For the reasons below, all of the remaining the claims in the Second Amended Complaint have been adequately pled.

The Second Amended Complaint sets forth a claim for fraudulent inducement with substantially more specificity than the original complaint, and expressly avers that Defendants' misrepresentations in their marketing and promotional materials induced Plaintiffs and the Class to apply for and utilize Chase rewards credit cards. (Second Am. Compl. ¶¶ 5, 7, 8, 37, 40, 43, 44, 61-65). Specifically, the Second Amended Complaint alleges that, *inter alia*, Chase's marketing campaign promoted the idea that Chase offered the most advantageous credit card rewards programs in the industry in significant part because their rewards points had real monetary value and could not be taken from away from consumers. (*Id.* at ¶ 5). The Second Amended Complaint further alleges that it was Chase's pervasive advertising and marketing materials that persuaded a record number of consumers, including the Plaintiffs, to obtain a Chase Reward credit card believing that they would received points for every dollar they spent and that the points would never expire. (*Id.* at ¶¶ 37, 40). Finally, these Chase Rewards cardholders made additional purchases on their Chase credit card with the belief that their expenditures would result in the accumulation of rewards points or rebates and that they would not be taken from them for no reason. (*Id.* at ¶¶ 40, 44). The Second Amended Complaint alleges that Chase's advertising and marketing were intentional and material

GOLOMB & HONIK, P.C.

The Honorable Paul A. Crotty
Re:  *Gao v. JP Morgan Chase & Co., et al.*
July 21, 2015
Page 3 of 3

---

misrepresentations, which were made with an intent to deceive, and actually induced Plaintiffs to apply for and utilize the Chase Reward credit cards. (*Id.* at ¶ 63-64).

Rule 9(b) is satisfied if the complaint describes the alleged fraud with "precise allegations of date, time, or place" or by using some means of "injecting precision and some measure of substantiation into their allegations of fraud." *McCracken v. Raghbir, et al.*, 2004 U.S. Dist. LEXIS 20819 *6 (D. Del. October 7, 2004), *see also Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984). Plaintiffs here go beyond the terms of the contract and specifically reference and attach promotional materials as exhibits to the amended complaint with the misleading statements. Chase's position, basically that the large print giveth and the small print taketh away, is not a viable defense to Plaintiffs' claims. Thus, the Second Amended Complaint sufficiently specifies the statements Plaintiffs contend were fraudulent; fact discovery will further identify the fraud.

Last, Plaintiffs do not object to Defendants' request that their time to answer the Second Amended Complaint be stayed until the motion to dismiss is resolved. For the reasons set forth above, Plaintiffs have adequately stated claims upon which relief can be granted and Defendants' proposed motion to dismiss the Second Amended Complaint should be denied.

Respectfully submitted,

Kenneth J. Grunfeld
**GOLOMB & HONIK, P.C.**

KJG/ecm
cc:   All Counsel of Record via CM/ECF