# WILMERHALE

August 13, 2015

**Noah Levine**

+1 212 230 8875 (t)
+1 212 230 8888 (f)
noah.levine@wilmerhale.com

**VIA ECF**

The Honorable Paul A. Crotty
U.S. District Court, Southern District of New York
500 Pearl Street, Chambers 1350
New York, New York 10007-1312

    Re:  *Gao v. JPMorgan Chase & Co. and Chase Bank USA, N.A.*, No. 14 Civ. 4281

Dear Judge Crotty:

    I write on behalf of defendants JPMorgan Chase & Co. and Chase Bank USA, N.A. to respond to Plaintiffs' August 10, 2015 letter requesting leave to file a Third Amended Class Action Complaint. Plaintiffs' request should be denied.

    In its June 9, 2015 order, the Court granted Plaintiffs leave to replead their fraudulent-inducement claim, specifically raising the issue of fraudulent inducement by omission and directing that any such claim should be made in an amended complaint. Order 8-9. Plaintiffs then filed a Second Amended Complaint (SAC) on June 29, 2015, alleging fraudulent inducement through three purported misstatements, but not by omission. On July 16, 2015, Defendants filed a pre-motion letter seeking leave to file a motion to dismiss the fraudulent-inducement claim in the SAC. Plaintiffs responded on July 21, 2015, arguing that Defendants' bases for moving to dismiss the SAC were "without merit." Grunfeld Ltr. 1. Plaintiffs argued that the SAC "sets forth a claim for fraudulent inducement with substantially more specificity than the original complaint," and thus was "adequately pled." Grunfeld Ltr. 2. The parties appeared for a pre-motion conference on August 5, 2015, where Plaintiffs again contended that the SAC adequately pled their claim. Plaintiffs did not announce any intent or request leave to

**WILMERHALE**

The Honorable Paul A. Crotty
August 13, 2015
Page 2

file a third amended complaint.  The Court granted Defendants leave to file their motion and, at the Court's direction, the parties agreed on a briefing schedule that the Court approved.

*After* the pre-motion letters were filed, *after* the pre-motion conference, and *after* the parties submitted the briefing schedule, Plaintiffs informed Defendants for the first time, on August 7, 2015, that they intended to move for leave to file a Third Amended Complaint (TAC). Plaintiffs seek to add allegations that Defendants engaged in fraudulent inducement through omission by failing "to inform card holders that their points could be taken based on only Chase's unfettered discretion."  TAC ¶ 71.  Plaintiffs also seek to add allegations that Chase charged them an annual fee on their cards.  TAC ¶¶ 41, 48.  Although Plaintiffs say in their pre-motion letter (at 1) that this second allegation is meant "to plead more accurately and more completely [their] claim regarding fraudulent inducement by omission," they include it primarily as the basis for their *unjust-enrichment* claim (TAC ¶¶ 88, 91).

Plaintiffs' request for leave to amend is both improper and futile.  It should be denied.

*First*, Plaintiffs have amended their complaint twice already and justice does not require leave to amend a third time.  This Court's June 9 order made Plaintiffs aware of the deficiencies in their fraudulent-inducement claim, and specifically of their failure to plead any actionable omission.  They amended their complaint and defended their amendments in their response to Defendants' pre-motion letter and then again in court at the pre-motion conference—all without ever suggesting that they contemplated yet another amendment.  Their claim that these additional allegations were "inadvertently excluded" (Grunfeld TAC Ltr. 2) from their prior pleadings

WILMERHALE

The Honorable Paul A. Crotty
August 13, 2015
Page 3

beggars belief, and justice does not remotely require allowing Plaintiffs yet more latitude. *See, e.g.*, *In re Eaton Vance*, 403 F. Supp. 2d 310, 318-319 (S.D.N.Y. 2005). That is particularly the case here because Defendants have been working diligently to prepare their motion to dismiss the fraudulent-inducement claim in the SAC, based on the abbreviated schedule to which the parties agreed and which this Court entered. *See In re LIBOR Antitrust Litig.*, 962 F. Supp. 2d 606, 626 (S.D.N.Y. 2013) ("'[T]he defendants and the Court were entitled to the plaintiffs' best effort at presenting their claims in response to the objections raised by the defendants.'").

*Second*, Plaintiffs' proposed amendments are futile. This Court already has held that the credit card contract "explicitly provides for forfeiture" (Order 7) and "alerts the accountholder that membership may be terminated and points forfeited for reasons other than temporal limitations" (Order 5). Nothing was omitted. Further, Plaintiffs' new allegation concerning the annual fee they paid supports neither a fraudulent-inducement nor an unjust-enrichment claim. Plaintiffs do not say that Defendants misrepresented (or omitted) anything about the annual fee, and they cannot claim that Defendants were unjustly enriched by collecting it: The TAC makes perfectly clear that Plaintiffs got precisely what they paid for, alleging that they "each charged thousands of dollars in purchases to their Chase Freedom credit cards" and "redeemed a portion of their Chase Ultimate Rewards points without difficulty." TAC ¶ 9.

If the Court were inclined to grant Plaintiffs leave—or to permit them to file a motion for leave to amend—Defendants respectfully request that the Court adjourn their time to move to dismiss the fraudulent-inducement claim pleaded in the SAC.

WILMERHALE

The Honorable Paul A. Crotty
August 13, 2015
Page 4


Respectfully submitted,


/s/ Noah A. Levine
Noah A. Levine

cc: All counsel of record (via ECF)