UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HARRY GAO and ROBERTA SOCALL, on behalf of themselves and all others similarly situated,<br><br>         Plaintiffs,<br><br> -against-<br><br>JPMORGAN CHASE & CO. and CHASE BANK USA, N.A.,<br><br>         Defendants. | No. 14 Civ. 4281 (PAC)<br>**ORAL ARGUMENT REQUESTED** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
PARTIAL MOTION TO DISMISS THE THIRD AMENDED COMPLAINT
<u>PURSUANT TO FED. R. CIV. P. 12(b)(6)</u>**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

BACKGROUND .......................................................................................................................1

      A.      First Amended Complaint.......................................................................................1

      B.      Second Amended Complaint .................................................................................1

      C.      Third Amended Complaint ....................................................................................2

ARGUMENT .............................................................................................................................3

I.      LEGAL STANDARDS ................................................................................................3

II.     PLAINTIFFS FAIL TO STATE A CLAIM FOR FRAUDULENT INDUCEMENT ..............................4

      A.      Plaintiffs' Alleged Misstatements Fail To State A Claim .....................................5

              1.      "Rewards points would never expire" ..........................................................5

              2.      "Rewards points could be redeemed for cash
  and/or merchandise" ...................................................................................5

              3.      CBUSA "offered the most advantageous credit card rewards programs
  in the industry" ...........................................................................................6

      B.      Plaintiffs' Alleged Omissions Fail To State A Claim............................................7

              1.      CBUSA's "advertising, marketing, and promotional materials never
  informed Plaintiffs that their rewards points could be
  taken from them at anytime for any reason" ..............................................7

              2.      CBUSA "charged … an annual fee" ........................................................10

      C.      Plaintiffs' Attachments To The Complaint Fail To State A Claim ......................10

CONCLUSION.........................................................................................................................12

i

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*AIG Global Sec. Lending Corp. v. Banc of Am. Sec. LLC*,
   254 F. Supp. 2d 373 (S.D.N.Y. 2003) ................................................................................... 11

*Baril v. JPMorgan Chase Bank, N.A.*, 2014 WL 6684055
   (S.D.N.Y. Nov. 26, 2014) ....................................................................................................... 4

*Continental Airlines, Inc. v. Lelakis*, 943 F. Supp. 300 (S.D.N.Y. 1996) ....................................... 9

*Grudkowski v. Foremost Ins. Co.*, 556 F. App'x 165 (3d Cir. 2014) ............................................ 10

*Gurvey v. Cowan, Liebowitz & Latman, P.C.*, 2015 WL 4460859
   (S.D.N.Y. July 21, 2015) ........................................................................................................ 4

*Hampshire Equity Partners II, L.P. v. Teradyne, Inc.*, 2005 WL 736217
   (S.D.N.Y.), *aff'd*, 159 F. App'x 317 (2d Cir. 2005) ................................................................ 6

*Harsco Corp v. Segui*, 91 F.3d 337 (2d Cir. 1996) ....................................................................... 4

*In re Progress Energy, Inc. Sec. Litig.*, 371 F. Supp. 2d 548 (S.D.N.Y. 2005) ............................. 8

*In re Refco Sec. Litig.*, 759 F. Supp. 2d 301 (S.D.N.Y. 2010) .................................................... 11

*Karagozian v. Coty US, LLC*, 2011 WL 536423 (S.D.N.Y. Feb. 10, 2011) ................................ 11

*Karakus v. Wells Fargo Bank, N.A.*, 941 F. Supp. 2d 318 (E.D.N.Y. 2013) .................................. 9

*Lerner v. Fleet Bank, N.A.*, 459 F.3d 273 (2d Cir. 2006) .............................................................. 4

*Leung v. Law*, 387 F. Supp. 2d 105 (E.D.N.Y. 2005) ................................................................. 11

*N.Y. State Urban Dev. Corp. v. Marcus Garvey Brownstone Houses, Inc.*,
   469 N.Y.S.2d 789 (App. Div. 1983) ....................................................................................... 9

*Nasik Breeding & Research Farm Ltd. v. Merck & Co.*, 165 F. Supp. 2d 514
   (S.D.N.Y. 2001) ...................................................................................................................... 6

*Perrotti v. Becker, Glynn, Melamed & Muffly LLP*, 918 N.Y.S.2d 423
   (App. Div. 2011) ..................................................................................................................... 9

*Republic Nat'l Bank v. Hales*, 75 F. Supp. 2d 300 (S.D.N.Y. 1999) ............................................. 9

*Sanchez v. ASA College, Inc.*, 2015 WL 3540836 (S.D.N.Y. June 5, 2015) .................................. 6

*Sea Shelter IV, LLC v. TRG Sunny Isles V, Ltd.*, 2009 WL 692469
   (S.D. Fla. Mar. 17, 2009) .................................................................................10

*Serbalik v. General Motors Corp.*, 667 N.Y.S.2d 503 (App. Div. 1998) ........................6

*Simon v. Cunard Line Ltd.,* 428 N.Y.S.2d 952 (App. Div. 1980) ....................................6

*Tavakoli-Azar v. Crescent Mgmt., Inc.*, 1999 WL 1052016
   (S.D.N.Y. Nov. 19, 1999) ................................................................................11

*Weaver v. Chrysler Corp.*, 172 F.R.D. 96 (S.D.N.Y. 1997) .......................................4, 7

*Weslowski v. Zugibe*, __ F. Supp. 3d __, 2015 WL 1455857
   (S.D.N.Y. Mar. 31, 2015) ........................................................................4, 5, 12

**RULES**

Fed. R. Civ. P. 9(b) ............................................................................................ *passim*

Defendants JPMorgan Chase & Co. ("JPMC") and Chase Bank USA, N.A. ("CBUSA") respectfully move to dismiss with prejudice the fraudulent-inducement claim in Plaintiffs' third amended complaint.

## BACKGROUND

### A. First Amended Complaint

As the Court recognized in its June 9, 2015 order, the fraudulent-inducement claim pleaded in Plaintiffs' first amended complaint challenged four allegedly "actionable misstatements from Defendants' promotional materials: the statement that the program allowed 'unlimited earnings;' that 'there was no limit on the amount of points earned;' that there was 'no expiration on points;' and 'that there were no caps or limits on earnings.'" Order 8. Because "none of these statements are untrue, and therefore cannot be fraudulent," the Court concluded that Plaintiffs had failed to state a claim. *Id.* While observing that "Plaintiffs do not appear to have the strongest claim for fraudulent inducement," the Court granted Plaintiffs leave to replead to give them an opportunity to "alleg[e] actionable misstatements in the promotional materials with the specificity required by Fed. R. Civ. P. 9(b)." *Id.* Finally, the Court noted that while Plaintiffs argued in their opposition to the motion to dismiss that Defendants had engaged in fraudulent inducement by omission, they had included no allegations to that effect in their first amended complaint. Order 9. The Court advised that "Plaintiffs may seek to include such a claim in their amended pleading." *Id.*

### B. Second Amended Complaint

On June 29, 2015, Plaintiffs filed their second amended complaint ("SAC"). A repleaded fraudulent-inducement claim alleged three purported misstatements—but no omissions—in unspecified marketing and promotional materials: (1) "rewards points would never expire";

1

(2) "rewards points could be redeemed for cash and/or merchandise"; and (3) CBUSA "offered the most advantageous credit card rewards programs in the industry." SAC ¶ 61.[1]

Defendants filed a pre-motion letter seeking to move to dismiss the fraudulent-inducement claim. Plaintiffs' repleaded claim was subject to dismissal, Defendants explained, because the first alleged misstatement was true—as the Court already had concluded; the second alleged misstatement was also true—as evidenced by allegations in Plaintiffs' own complaint that they "had in the past redeemed a portion of their CHASE Ultimate Rewards points without difficulty" (SAC ¶ 8); and the third alleged misstatement was not actionable because it failed under Rule 9(b) and was a statement of optimism that could not give rise to a fraud claim. Dkt. 35 at 2. Plaintiffs defended their fraudulent-inducement claim as "adequately pled," arguing that the three purported misstatements were false and actionable, and further directing the Court generally to "promotional materials [attached] as exhibits to the amended complaint with the misleading statements" (Dkt. 36 at 2-3), which Plaintiffs implied contained other, unspecified misstatements (*see id.*).

### C.     Third Amended Complaint

On August 10, 2015—after the pre-motion letters were filed regarding Defendants' anticipated motion to dismiss the fraudulent-inducement claim pleaded in the second amended complaint, after the parties appeared before the Court for a pre-motion conference, and after the parties submitted a briefing schedule on Defendants' partial motion to dismiss—Plaintiffs sought leave to file yet a third amended complaint ("TAC"). *See* Dkt. 40 at 1-2. Therein, Plaintiffs alleged the very same three misstatements that formed the basis of their fraudulent-inducement

---

[1]     The bulk of Plaintiffs' additions to the second amended complaint spoke to the element of reliance (*see, e.g.*, SAC ¶¶ 5, 37, 40, 43, 44)—not the element of actionable misstatements, the key deficiency highlighted by the Court in its order. For the Court's convenience, Defendants attach as Exhibit A a redlined comparison of the second amended complaint to the first amended complaint.

2

claim in the second amended complaint (*compare* TAC ¶ 68, *with* SAC ¶ 61), but added (for the first time) allegations that Defendants engaged in fraudulent inducement by omission.[2]

Plaintiffs based their new omissions theory on two alleged omissions: (1) CBUSA's "advertising, marketing, and promotional materials never informed Plaintiffs that their rewards points could be taken from them at anytime for any reason" (TAC ¶ 71); and (2) CBUSA charged Plaintiffs an annual fee on their cards (*id.* ¶¶ 41, 48). Although Plaintiffs asserted that the latter allegation was meant "to plead more accurately and more completely [their] claim regarding fraudulent inducement by omission" (Dkt. 40 at 1), they included it primarily as the basis for their unjust-enrichment claim (TAC ¶¶ 88, 91).

Defendants opposed Plaintiffs' request for leave, arguing that it was both improper and futile. Dkt. 41 at 2-3. On August 20, 2015, the Court "reluctantly" granted Plaintiffs leave to file their third amended complaint and adjourned the time for Defendants to move to dismiss until October 19, 2015. Dkt. 42 at 1.

## ARGUMENT

### I. LEGAL STANDARDS

As the Court explained in its June 9 order, a fraudulent-inducement claim under New York law requires a plaintiff to allege "'(i) a material misrepresentation of a presently existing or past fact; (ii) an intent to deceive; (iii) reasonable reliance on the misrepresentation … ; and (iv) resulting damages.'" Order 8.[3] Where a plaintiff pleads fraudulent inducement by omission,

---

[2] For the Court's convenience, Defendants attach as Exhibit B a redlined comparison of the third amended complaint to the second amended complaint.

[3] As the Court has recognized, although Plaintiffs have disputed that Delaware law governs their fraudulent-inducement claim, they have "fail[ed] to identify what governing law they seek to apply, but rely on New York law." Order 7 n.3. Defendants do not concede that New York law applies, but it makes no difference for purposes of this motion because the elements are the same under both New York and Delaware law. *See* Reply 4 n.4, Dkt. 29.

3

"'it must prove additionally that the [defendant] had a duty to disclose the concealed fact.'" *Baril v. JPMorgan Chase Bank, N.A.*, 2014 WL 6684055, at *2 (S.D.N.Y. Nov. 26, 2014).

Allegations of fraud, whether by misrepresentation or omission, must be pleaded with particularity in accordance with the heightened standard set forth in Federal Rule of Civil Procedure 9(b). *Harsco Corp v. Segui*, 91 F.3d 337, 347 (2d Cir. 1996); *see also, e.g.*, Order 8; *Baril*, 2014 WL 6684055, at *3; *Weaver v. Chrysler Corp.*, 172 F.R.D. 96, 101-02 (S.D.N.Y. 1997). Thus, the complaint "must (1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." *Harsco Corp.*, 91 F.3d at 347; *accord, e.g.*, *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006).

To the extent the Court has already concluded that certain allegations fail to state a claim, those conclusions are the law of the case. *See Weslowski v. Zugibe*, __ F. Supp. 3d __, 2015 WL 1455857, at *5-6 (S.D.N.Y. Mar. 31, 2015); *accord, e.g.*, *Gurvey v. Cowan, Liebowitz & Latman, P.C.*, 2015 WL 4460859, at *5-6 (S.D.N.Y. July 21, 2015) (discussing case law holding that where "an amended complaint … reasserted many of the same matters, without material alteration, that were alleged in the original complaint … the law of the case doctrine warranted the summary dismissal of those portions of the amended complaint that were redundant of the original complaint" (citing, *e.g.*, *Weslowski*, 2015 WL 1455857, at *5-6)).

## II. PLAINTIFFS FAIL TO STATE A CLAIM FOR FRAUDULENT INDUCEMENT

Plaintiffs' fraudulent-inducement claim is based on three purported misstatements and two omissions. None constitutes actionable fraud. Moreover, Plaintiffs fail to satisfy Rule 9(b) because they never identify the actual misstatements they challenge. Rather, Plaintiffs attach promotional materials to their complaint, and then simply direct the Court generally to those

exhibits, leaving the Court to find for itself some unspecified, alleged misstatement or omission therein.

### A. Plaintiffs' Alleged Misstatements Fail To State A Claim

#### 1. "Rewards points would never expire"

This Court rejected Plaintiffs' fraudulent-inducement claim in the first amended complaint based on a materially identical theory. This Court held that the statement "that there was 'no expiration on points[]'" was not "untrue, and therefore cannot be fraudulent." Order 8. Plaintiffs nevertheless now maintain that Defendants misrepresented a material fact because they stated that "rewards points would never expire." TAC ¶ 68. Plaintiffs thus challenge a materially identical statement. It is true for precisely the same reason this Court found in June: rewards points do not expire. The challenged statement cannot support a fraudulent-inducement claim, both under the law of the case, *see Weslowski*, 2015 WL 1455857, at *5-6, and because, as the Court properly held, it is true (Order 8).

#### 2. "Rewards points could be redeemed for cash and/or merchandise"

Plaintiffs next allege that Defendants falsely misrepresented that "rewards points could be redeemed for cash and/or merchandise." TAC ¶ 68. There is nothing untrue about that statement, as Plaintiffs' own allegations confirm: They specifically allege that they "had in the past redeemed a portion of their CHASE Ultimate Rewards points without difficulty." *Id*. ¶ 9; *see also* Ex. E to TAC, Dkt. 43-5 at 3 (rewards summary for Roberta Socall, reflecting "4,000 Points Redeemed"). That admission alone confirms the truth of the statement that points could be redeemed. It makes no difference that, when Plaintiffs' accounts subsequently were closed, their rewards points were forfeited and, as a result, they no longer had points to redeem. Plaintiffs do not allege, nor could they allege, that CBUSA ever declined any attempt by

5

Plaintiffs to redeem points they still possessed.  Defendants did not make any false representations.

### 3. CBUSA "offered the most advantageous credit card rewards programs in the industry"

Failing to point to any particular statement, Plaintiffs complain that CBUSA's "*marketing campaign* promoted the idea that CHASE offered the most advantageous credit card rewards programs in the industry." TAC ¶ 68 (emphasis added).  Initially, this allegation fails Rule 9(b)'s requirement to specifically identify the time, place, and speaker of a challenged misstatement.  Vaguely pointing to a "marketing campaign" is insufficient.  This is especially true given that Defendants already raised this very problem with respect to Plaintiffs' second amended complaint (Dkt. 35 at 2), and yet still, in the third amended complaint, Plaintiffs make no effort whatsoever to identify an actual allegedly fraudulent statement.

Apart from this Rule 9(b) deficiency, the "idea" (TAC ¶ 68) that Plaintiffs purportedly challenge is precisely the sort of "'opinion[] about [CBUSA's] business'" and "'expression[] of corporate optimism'" that "do[es] not give rise to a fraud claim." *Sanchez v. ASA College, Inc.*, 2015 WL 3540836, at *9 (S.D.N.Y. June 5, 2015) (quoting *Hampshire Equity Partners II, L.P. v. Teradyne, Inc.*, 2005 WL 736217, at *4 n.4 (S.D.N.Y.), *aff'd*, 159 F. App'x 317 (2d Cir. 2005)). Courts consistently recognize that these sorts of statements—for example, that a cruise liner was "'the greatest ship in the world,'" *Simon v. Cunard Line Ltd.,* 428 N.Y.S.2d 952, 955 (App. Div. 1980), or that a car "'would perform excellently'" and was "'of high quality,'" *Serbalik v. General Motors Corp.*, 667 N.Y.S.2d 503, 504 (App. Div. 1998)—are "mere puffing and not actionable" as fraud, *Simon*, 428 N.Y.S.2d at 955; *see also Nasik Breeding & Research Farm Ltd. v. Merck & Co.*, 165 F. Supp. 2d 514, 530 (S.D.N.Y. 2001) (statements "in the nature of commercial puffery … cannot form the basis for a fraud claim").

6

Finally, the third amended complaint contains no non-conclusory allegations whatsoever claiming, as a factual matter, that the challenged "marketing campaign" was untrue—*i.e.*, that it was even fraudulent.  The only allegation in the entire complaint comparing CBUSA's credit-card rewards program to those of other credit-card issuers merely alleges that CBUSA was "unique in the industry" in saying that points "'never expire.'"  TAC ¶ 5.  That assertion is untrue, but also beside the point.  Even were it true, it says nothing about the comparative advantageousness of CBUSA's rewards program versus other issuers' programs.  Because the complaint includes no allegation that CBUSA's alleged marketing "idea" was even untrue, the fraudulent-inducement claim based on that allegation cannot stand.

> **B.     Plaintiffs' Alleged Omissions Fail To State A Claim**
>
> > 1.     *CBUSA's "advertising, marketing, and promotional materials never informed Plaintiffs that their rewards points could be taken from them at anytime for any reason"*

Ignoring the language of the promotional materials and the obvious import of the Court's June 9 order, Plaintiffs now charge that "[p]rior to applying and enrolling in the CHASE Rewards program, CHASE's advertising, marketing, and promotional materials never informed Plaintiffs that their rewards points could be taken from them at anytime for any reason."  TAC ¶ 71.  That is incorrect.

To start, Plaintiffs fail, as required by Rule 9(b), to specifically identify the "advertisements[] and promotional materials that [allegedly] omitted the reference" to the forfeiture of rewards points.  *Weaver*, 172 F.R.D. at 102.  Plaintiffs' vague, unspecified invocation of CBUSA's "advertising, marketing, and promotional materials" plainly does not satisfy Rule 9(b)'s heightened pleading requirements.  *See, e.g., id.* ("Plaintiff is required to specify the time, place, and content of Chrysler's representations, advertisements, and

7

promotional materials.  Since Plaintiff has failed to do so, he has failed to meet Rule 9(b)'s pleading requirements."); *see also infra* pp. 10-12.

In any event, even if Plaintiffs had complied with Rule 9(b), it would do them no good because there was no omission.  Exhibits C and D to Plaintiffs' third amended complaint—"the promotional and advertising materials [Plaintiffs] received" (Opp. to MTD 11, Dkt. 28)—expressly disclose that (1) if a cardholder's account is "closed for any reason," then CBUSA has the right to cause the cardholder "to forfeit any points in [the] [a]ccount"; and (2) if "points are forfeited for any reason," then CBUSA "will not reinstate the[] points."  Ex. D to TAC, Dkt. 43-4 at 6 ("If … your Account is closed for any reason … , we reserve the right … to cause you to forfeit any points in your Account.  If your points are forfeited for any reason, we will not reinstate these points to your Account."); Ex. C to TAC, Dkt. 43-3 at 7 ("If your account is closed for any reason, … the total balance of your accumulated miles will be forfeited. … If your miles are forfeited for any reason, we will not reinstate these miles to your account.").[4]

The implausibility of Plaintiffs' claim is laid bare by the fact that the rewards program disclosures in the promotional materials are, as relevant here, materially identical to those in the parties' contract—which this Court already has held "*explicitly* provides for forfeiture" (Order 7 (emphasis added)) and "alerts the accountholder that membership may be terminated and points forfeited for reasons other than temporal limitations" (*id.* 5).  *See also* Order 7 ("The contract permitted Defendants 'to take the Plaintiffs' earned reward points for no reason[.]'").  "[I]t is indisputable that there can be no omission where," as here, "the allegedly omitted facts are disclosed."  *In re Progress Energy, Inc. Sec. Litig.*, 371 F. Supp. 2d 548, 552 (S.D.N.Y. 2005).

---

[4] As Defendants have previously noted (*see* MTD 3 n.3, Dkt. 27), Exhibit C appears to contain Program Rules for an account receiving rewards in miles rather than points; Plaintiffs, however, allege that they received rewards in points, not miles.  Regardless, the pertinent provisions of Exhibit C do not differ materially from the parallel provisions of Exhibit D.

8

Finally, even assuming CBUSA omitted relevant forfeiture terms in the *promotional* materials—and they did not—Plaintiffs' claim would still fail because they cannot allege reasonable reliance.  "A party's mere assertion of reliance … is not sufficient to support … fraudulent inducement; the party's reliance must be reasonable[.]"  *Continental Airlines, Inc. v. Lelakis*, 943 F. Supp. 300, 305 (S.D.N.Y. 1996).  And it is settled law that "a party claiming fraudulent inducement cannot be said to have justifiably relied on a representation when that very representation is negated by the terms of a contract executed by the allegedly defrauded party."  *Perrotti v. Becker, Glynn, Melamed & Muffly LLP*, 918 N.Y.S.2d 423, 427 (App. Div. 2011) (citing cases); *see Republic Nat'l Bank v. Hales*, 75 F. Supp. 2d 300, 315 (S.D.N.Y. 1999) ("[R]easonable reliance is belied by the specific terms of the agreements.").

Plaintiffs allege that, if Defendants had disclosed that "points could be taken from them at anytime" (TAC ¶ 71), then they "may" not have chosen the CBUSA credit card or paid the enrollment fee (*id.* ¶ 73).  But, as a matter of law, Plaintiffs cannot have reasonably relied on any such omission in the promotional materials as the basis for their fraudulent-inducement claim where the very contract that they entered into "explicitly provides for forfeiture" (Order 7).  Courts rightly reject fraudulent-inducement claims where, as here, the material terms "were unambiguously provided in the [contract]."  *Karakus v. Wells Fargo Bank, N.A.*, 941 F. Supp. 2d 318, 345 (E.D.N.Y. 2013) (rejecting the "familiar and meritless theme" of claiming an actionable omission where the material terms "were unambiguously provided in the closing documents").  In the case of an alleged conflict between prior "'representations and the uncontroverted documentary evidence containing the written terms of the [agreements],'" Plaintiffs "'cannot claim justifiable reliance' for the purposes of fraudulent inducement."  *Id.* (quoting *N.Y. State Urban Dev. Corp. v. Marcus Garvey Brownstone Houses, Inc.*, 469 N.Y.S.2d 789, 795 (App.

Div. 1983) (alteration in original)); *see also Grudkowski v. Foremost Ins. Co.*, 556 F. App'x 165, 169 (3d Cir. 2014) (rejecting allegation of reliance on defendant's "'misrepresentation'" where "'provisions of the policy … clearly and unambiguously'" authorized defendant's conduct); *Sea Shelter IV, LLC v. TRG Sunny Isles V, Ltd.*, 2009 WL 692469, at *6 (S.D. Fla. Mar. 17, 2009) (plaintiff "cannot maintain a cause of action in fraud for failure to disclose information that was in fact disclosed in the contract").

    2.  CBUSA "charged … an annual fee"

In their pre-motion letter accompanying their request for leave to file the third amended complaint, Plaintiffs claimed they were pleading "the additional fact that Chase charges an annual fee" to "plead more accurately and more completely Plaintiffs' claim regarding fraudulent inducement by omission." Dkt. 40 at 1. The complaint includes no such theory of fraud by omission. *See* TAC ¶¶ 67-75 (Count One). Nor does the complaint allege that CBUSA omitted to disclose anything with respect to the annual fee. In short, as to the annual fee, the complaint alleges no omission at all. If Plaintiffs do intend to plead some separate annual-fee-based theory of fraud by omission, CBUSA should not be required to guess what it is, not only given Rule 9(b) but more especially given Plaintiffs have now had *four* opportunities to plead their claim.

    C.  **Plaintiffs' Attachments To The Complaint Fail To State A Claim**

Plaintiffs asserted in their response to Defendants' pre-motion letter to dismiss the second amended complaint that their duty under Rule 9(b) was discharged merely by "attach[ing] promotional materials as exhibits to the amended complaint with the misleading statements." Dkt. 36 at 3. Should they continue to press this argument with respect to their third amended complaint, it fails both under Rule 9(b) and under the law of the case.

First, Plaintiffs cannot meet the exacting requirements of Rule 9(b) by gesturing in the general direction of attachments to a complaint. Rule 9(b) requires that Plaintiffs plead "'the

10

who, what, when, where, and how' of the alleged fraud." *In re Refco Sec. Litig.*, 759 F. Supp. 2d 301, 315 (S.D.N.Y. 2010).  Without pointing to a single specific alleged misstatement, Plaintiffs said in their letter that they pleaded each of the required elements by "specifically referenc[ing] and attach[ing] promotional materials as exhibits to the amended complaint with the misleading statements." Dkt. 36 at 3.  But Plaintiffs cannot "name whole documents, each of which encompasses numerous discrete statements, and allege, in vague and sweeping language, that each of these documents contain[s] one or more false statements," as such "blanket accusations are clearly insufficient to meet the particularity requirement of Rule 9(b)." *Leung v. Law*, 387 F. Supp. 2d 105, 114 (E.D.N.Y. 2005); *see also Karagozian v. Coty US, LLC*, 2011 WL 536423, at *4 (S.D.N.Y. Feb. 10, 2011) (reference to "'fraudulent tax forms'" did not satisfy Rule 9(b)); *AIG Global Sec. Lending Corp. v. Banc of Am. Sec. LLC*, 254 F. Supp. 2d 373, 388 (S.D.N.Y. 2003) ("general and sweeping" allegations that defendants falsely represented "'[t]hrough written marketing and promotional materials and orally in conference calls and other conversations'" that certain investments were "'conservative'" did not concern "specific statements" and lacked "specific details about where, when or by whom any representations about the riskiness or conservative nature of the [investments] were made," thus falling "far short of the requirement imposed by Fed. R. Civ. P. 9(b)" (first alteration in original)); *Tavakoli-Azar v. Crescent Mgmt., Inc.*, 1999 WL 1052016, at *3 (S.D.N.Y. Nov. 19, 1999) (Rule 9(b) requires a plaintiff to specify "'precisely what statements were made in what documents'").

Second, Plaintiffs' contention is barred by the law of the case.  Plaintiffs defended the fraudulent-inducement claim in their first amended complaint by "specifically referenc[ing] and attach[ing] promotional materials as exhibits to the amended complaint with the fraudulent statements." Dkt. 21 at 3.  That was insufficient, the Court concluded, to state a fraudulent-

11

inducement claim.  Order 8-9.  Plaintiffs attached *the exact same documents* to their second—and now third—amended complaint and made precisely the same argument that pointing to these promotional materials satisfies Rule 9(b).  Dkt. 36 at 3.  Plaintiffs' general reliance on these documents is no more persuasive now than it was the first time around, and the claim still fails.  *See, e.g.*, *Weslowski*, 2015 WL 1455857, at *6.

## CONCLUSION

For the reasons above, the fraudulent-inducement claim pleaded in the third amended complaint claim should be dismissed with prejudice.

Dated:  New York, New York
        October 19, 2015

Respectfully submitted.

/s/ Noah A. Levine
Noah A. Levine
Alan E. Schoenfeld
Hanna Baek
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY  10007
(212) 230-8800 (phone)
(212) 230-8888 (fax)
noah.levine@wilmerhale.com
alan.schoenfeld@wilmerhale.com
hanna.baek@wilmerhale.com

*Attorneys for Defendants JPMorgan Chase & Co. and Chase Bank USA, N.A.*