**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HARRY GAO and ROBERTA SOCALL, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | |
| v. | |
| JPMORGAN CHASE & CO. and CHASE BANK USA, N.A. | |
| Defendants. | |

Case No. 1:14-cv-04281-PAC

JURY TRIAL DEMANDED

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANTS' PARTIAL MOTION TO DISMISS THE THIRD AMENDED
<u>COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)</u>**

**TABLE OF CONTENTS**

**PAGE**

BACKGROUND ............................................................................................................................. 1

LEGAL ARGUMENT..................................................................................................................... 2

    I.    MOTION TO DISMISS STANDARD....................................................................... 2

    II.    PLAINTIFFS HAVE SUFFICIENTLY STATED A CLAIM FOR FRAUDULENT INDUCEMENT ............................................................................................................ 3

        **A.**    **The Complaint Adequately Alleges Fraudulent Inducement by Omission**............................................................................................................. 3

            1.    Chase Purposefully Failed to Inform Prospective Card Holders that Points Could be Taken at Anytime for No Reason At All.......................... 5

            2.    Chase's Omissions Have Been Identified................................................... 6

            3.    The Court Previously Ruled that Reasonable Reliance Was Pled in the Complaint........................................................................................... 8

        **B.**    **The Complaint Adequately Alleges Fraudulent Inducement by Affirmative Misrepresentations**............................................................................ 9

CONCLUSION................................................................................................................................ 10

## TABLE OF AUTHORITIES

**PAGE**

**CASES**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) .............................................................................................. 3

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) .............................................................................................. 3

*Brass v. Am. Film Tech., Inc.,*
    987 F.2d 142 (2d Cir. 1993) .................................................................................. 4

*Breeden v. Richmond Cmty. Coll.,*
    171 F.R.D. 189 (M.D.N.C. 1997) .......................................................................... 6

*Bruce v. Martin*,
    No. 87-7737, 1993 U.S. Dist. LEXIS 21382 (S.D.N.Y. April 30, 1993) ............... 6

*Castagna v. Luceno*,
    No. 09-CV-9332 CS, 2011 U.S. Dist. LEXIS 45567 (S.D.N.Y. Apr. 26, 2011) .... 2

*Channel Master Corp. v. Aluminium Ltd. Sales,*
    4 N.Y.2d 403, 176 N.Y.S.2d 259, 151 N.E.2d 833 (1958) ................................... 6

*City of Syracuse v. Loomis Armored US, LLC*,
    900 F. Supp. 2d 274 (N.D.N.Y 2012) .................................................................. 10

*Credit & Fin. Corp. v. Warner & Swasey Co.*,
    638 F.2d 563 (2d Cir. 1981) .................................................................................. 4

*Di Folco v. MSNBC Cable LLC*,
    622 F.3d 104 (2d Cir. 2010) .................................................................................. 2

*Dodona I, LLC v. Goldman, Sachs* & Co.,
    847 F. Supp. 2d 624 (S.D.N.Y. 2012) ................................................................... 7

*Hoffman v. AmericaHomekey, Inc.*,
    23 F. Supp. 3d 734 (N.D. TX 2014) ...................................................................... 6

*In re Barclays Liquidity Cross & High Frequency Trading Litig.*,
    No. 14-2589, U.S. Dist. LEXIS 113323 (S.D.N.Y. Aug. 26, 2015) ................... 3, 7

*In re Initial Pub. Offering Sec. Litig.*, ("*IPO*")
    241 F. Supp. 2d 281 (S.D.N.Y. 2003) ................................................................... 4

*In re Scholastic Corp. Sec. Litig.*,
    252 F.3d 63 (2d Cir. 2001) .................................................................................... 4

*LightSquared Inc. v. Deere & Co.*,
    No. 13-8157, U.S. Dist. LEXIS 14412 (S.D.N.Y. Feb. 5, 2015) ........................... 3

*Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*,
    500 F.3d 171 (2d Cir. 2007) .................................................................................. 4

*Nielsen v. Rabin*,
  746 F.3d 58 (2d Cir. 2014) .................................................................................................... 2

*Northern Shipping Funds I, L.L.C. v. Icon Capital Corp*
  998 F. Supp. 2d 301 (S.D.N.Y. 2014) ..................................................................................... 7

*Sabo v. Delman*,
  3 N.Y.2d 155, 159-60, 164 N.Y.S.2d 714, 716, 143 N.E.2d 906 (1957) .................................... 6

*TVT Records v. Island Def Jam Music Grp.*,
  412 F.3d 82 (2d Cir. 2005 ........................................................................................................ 4

*Vogt v. Greenmarine Holding, LLC*,
  318 F. Supp. 2d 136 (S.D.N.Y. 2004) ..................................................................................... 2

*Wynn v. AC Rochester*,
  273 F.3d 153 (2d Cir. 2001) .................................................................................................... 3

**Rules**

Fed R. Civ. P. 9 ................................................................................................................... 4, 6

Fed. R. Civ. P 12 ..................................................................................................................... 1

Plaintiffs Harry Gao and Roberta Socall, on behalf of themselves and all others similarly situated (collectively "Plaintiffs"), by and through their undersigned counsel, hereby respond in opposition to JPMorgan Chase & Co. ("JPMorgan") and Chase Bank USA, N.A.'s ("Chase Bank") (collectively "Chase" or "Defendants") Partial Motion to Dismiss the Third Amended Complaint pursuant to Fed. R. Civ. P 12(b)(6).

## BACKGROUND

On August 15, 2014, Plaintiffs Harry Gao and Roberta Socall filed an Amended Class Action Complaint [Dkt. #15] asserting five (5) separate causes of action relating to Chase's conduct in terminating Plaintiffs' credit card accounts and stripping Plaintiffs of earned but unredeemed rewards points without compensation.  The five causes of action were as follows: Breach of Contract (Count I); Fraudulent Inducement (Count II); Breach of the Covenant of Good Faith and Fair Dealing (Count III); Violations of the Deceptive Trade Practices of State Statutes Prohibiting Unfair and Deceptive Acts and Practices (Count IV); and Unjust Enrichment (Count V).  On October 27, 2014, Defendants moved to dismiss the Amended Complaint. [Dkt. #26, 27].

On June 9, 2015, the Court issued an Opinion & Order [Dkt. #31] ("Opinion") granting in part and denying in part Defendants' motion to dismiss the Amended Complaint.  Specifically, the Court granted Defendants' motion with respect to Plaintiffs' claims for Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing.  The Court denied Defendants' motion to dismiss the unjust enrichment claim as well as Plaintiffs' state law consumer protection claims.[1]  Finally, the Court granted Plaintiffs leave to re-plead the claim of Fraudulent Inducement.

---

[1] Plaintiffs concede that both the Florida and Ohio consumer protection statutes (FDUTPA and OCSPA, respectively) do not apply to Defendant Chase and agreed to dismiss those claims

-1-

On June 29, 2015, Plaintiffs filed a Second Amended Complaint [Dkt. #32] which did not include certain important omissions in Defendants' marketing materials that supported Plaintiffs' claim for fraudulent inducement or the fact that Plaintiffs pay a premium in the form of an annual fee for the right to earn and redeem reward points. Plaintiffs then moved for leave to file a Third Amended Complaint [Dkt. #40] to include these allegations, which was granted by the Court on August 20, 2015. [Dkt. #42].

On August 21, 2105, Plaintiffs filed a Third Amended Complaint [Dkt. # 43] ("TAC"). Subsequently, on October 19, 2015 Defendant filed a partial motion to dismiss the Third Amended Complaint pertaining only to Plaintiffs' Fraudulent Inducement claim. [Dkt. #47, 48]. For all of the reasons below, Defendants' partial motion to dismiss should be denied summarily.

## **LEGAL ARGUMENT**

### **I.     MOTION TO DISMISS STANDARD**

When ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014). A court's inquiry is limited to "the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint," *Di Folco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010); it should "not weigh the strength of the evidence," *Vogt v. Greenmarine Holding, LLC*, 318 F. Supp. 2d 136, 144 (S.D.N.Y. 2004), nor resolve issues of credibility. *Castagna v. Luceno*, No. 09-CV-9332 CS, 2011 U.S. Dist. LEXIS 45567, at *27 (S.D.N.Y. Apr. 26, 2011). Instead, a court must look only to whether the plaintiff

---

against Chase only. However, with regard to the state law consumer protection claims against Defendant JPMorgan, the Court denied Defendants' motion to dismiss those claims.

has "state[d] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

## II. PLAINTIFFS HAVE SUFFICIENTLY STATED A CLAIM FOR FRAUDULENT INDUCEMENT

### A. The Complaint Adequately Alleges Fraudulent Inducement by Omission

The solitary issue in this partial motion to dismiss is whether Plaintiffs have adequately stated a claim for Fraudulent Inducement. Under New York law,[2] to state a claim for fraudulent inducement, a plaintiff must demonstrate: (1) a misrepresentation ***or omission of material fact***; (2) which the defendant knew to be false; (3) which the defendant made with the intention of inducing reliance; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." *Wynn v. AC Rochester*, 273 F.3d 153, 156 (2d Cir. 2001) (emphasis added).

> Where the alleged fraud consists of an omission (rather than an affirmative misrepresentation), Rule 9(b) requires that a plaintiff allege (1) what the omissions were; (2) the person responsible for the failure to disclose; (3) the context of the omissions and the manner in which they misled the plaintiff, and (4) what defendant obtained through the fraud.

*LightSquared Inc. v. Deere & Co.*, No. 13-8157, 2015 U.S. Dist. LEXIS 14412, 43-44 (S.D.N.Y. Feb. 5, 2015) (internal quotation marks omitted).). "Where a claim rests on allegations of fraudulent omission, however, the Rule 9(b) standard is somewhat relaxed because a plaintiff cannot plead either the specific time of [an] omission or the place, as he is not alleging an act, but a failure to act. *In re Barclays Liquidity Cross & High Frequency Trading Litig.*, No. 14-2589, 2015 U.S. Dist. LEXIS 113323 (S.D.N.Y. Aug. 26, 2015) (internal quotation marks omitted). In addition, where a plaintiff pleads fraud by omission, it must also prove that the

---

[2] Plaintiffs assert that New York law governs the fraudulent inducement claims here and Defendants do not contest choice of law for the purposes of this motion.

-3-

defendant "had a duty to disclose the concealed fact." *Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 181 (2d Cir. 2007).

The Second Circuit has established the fraudulent inducement standard as it relates to the defendant's duty to disclose:

> In the context of a business transaction, the duty to disclose arises where a party, with a duty to be complete, (1) has made only a partial or ambiguous statement, or (2) where one party possesses superior knowledge, not readily available to the other, and knows that the other is acting on the basis of mistaken knowledge.

*TVT Records v. Island Def Jam Music Grp.,* 412 F.3d 82, 90-91 (2d Cir. 2005) *(quoting Brass v. Am. Film Tech., Inc.,* 987 F.2d 142, 152 (2d Cir. 1993)). "Rule 9(b) must be read together with Rule 8(a) which requires only a 'short and plain statement' of the claims for relief." *In re Initial Pub. Offering Sec. Litig*., ("*IPO*") 241 F. Supp. 2d 281, 327 (S.D.N.Y. 2003) (citations omitted). These two rules have been read together to mean that a plaintiff need not plead evidentiary details. *See, e.g., id.*; *see also In re Scholastic Corp. Sec. Litig.*, 252 F.3d 63, 72 (2d Cir. 2001). Courts of this district have stated that "the application of Rule 9(b) . . . must not abrogate the concept of notice pleading." *IPO*, 241 F. Supp. 2d at 327 n.46.

Here, Chase argues that there were no material omissions because the terms and conditions themselves are enough to alert the consumer that points can be taken at any time for any reason. Chase also alleges that the omissions have not been adequately identified under Fed R. Civ. P. 9(b), and that Plaintiffs will not be able to establish reasonable reliance.[3] However, as set forth below, these arguments are unfounded.

---

[3] Given its clearly superior knowledge, Chase has not challenged its duty to disclose and has thus waived any challenge to this element of fraudulent inducement. Nevertheless, Plaintiffs have clearly pled that Chase had an affirmative duty to disclose forthrightly that it could and would exercise its unfettered discretion, indiscriminately, to render the Rewards Program an offer of rewards with value at all. *See* TAC at ¶ 72. Had Chase made the proper disclosures, customers

-4-

### 1. Chase Purposefully Failed to Inform Prospective Card Holders that Points Could be Taken at Anytime for No Reason At All.

With respect to the first element of the claim – omissions of material fact, the Third Amended Complaint abounds with specific averments regarding Defendants' purposeful omissions which Defendants knew were false.  For example, the Complaint alleges that Chase "purposefully failed to inform card holders that their credit card points could be taken from them at anytime for any reason at Chase's sole discretion" and that "this information was purposely omitted from any of Chase's marketing, advertising, and promotional materials."  (TAC at ¶ 6).  Plaintiffs also alleged that, "[p]rior to applying for and enrolling in the Chase Rewards program, Chase never informed Plaintiffs [Gao and Socall] that the rewards points which [they] would earn could be taken from [them] at anytime for any reason at Chase's sole discretion."  (TAC at ¶¶ 44, 50).  The Third Amended Complaint also specifically alleges:

> 71.   Prior to applying and enrolling in the CHASE Rewards program, CHASE's advertising, marketing, and promotional materials never informed Plaintiffs that their rewards points could be taken from them at anytime for any reason. ***CHASE's failure to inform card holders that their points could be taken based on only CHASE's unfettered discretion amounts to an omission of material fact***.

(TAC at ¶ 71)(emphasis added).

Despite Defendants' arguments to the contrary, nowhere in Chase's pre-agreement marketing and promotional materials does this very important admission regarding reward points appear.  The only way Chase could claim that a consumer might have been alerted to this fact regarding rewards points is from a close reading of the fine print of both the Rewards Program's Rules and Regulations in conjunction with the Chase Cardholder Agreement.  (*See, e.g.* Exs. A and B to TAC).  But this position is circular, since consumers are only bound by the express

---

would not have obtained the false impression that the points they acquired had been truly earned, had real value, and could be retained indefinitely.

terms and are only presented these terms *after* they join the rewards points program. Chase is simply re-packaging its breach of contract positions to defend its fraudulent inducement of prospective cardholder. But Chase cannot defeat fraudulent inducement by claiming that *after* the inducement, the terms of the contract adequately explained away its prior material omissions. *See Sabo v. Delman*, 3 N.Y.2d 155, 159-60, 164 N.Y.S.2d 714, 716, 143 N.E.2d 906 (1957) (Fraudulent inducement involves "a misrepresentation of present fact, not of future intent, collateral to a contract" and used to induce the defrauded party to sign the contract); *Channel Master Corp. v. Aluminium Ltd. Sales*, 4 N.Y.2d 403, 176 N.Y.S.2d 259, 151 N.E.2d 833 (1958); *Bruce v. Martin*, No. 87-7737, 1993 U.S. Dist. LEXIS 21382, at *15 (S.D.N.Y. April 30, 1993) ("A deliberate misrepresentation of a present fact inducing reliance by the plaintiff to his detriment will still be fraudulent regardless of the breach of the underlying contract.") Thus, the Third Amended Complaint more than sufficiently alleges omissions of material fact which ultimately caused Plaintiffs to apply for and utilize Chase Rewards credit cards.

### 2. Chase's Omissions Have Been Identified.

Defendants' argument that Plaintiffs' claim for Fraudulent Inducement fails to meet the heightened pleading requirement of Fed. R. Civ. P. 9(b) falls short as well. Indeed, the Third Amended Complaint states the Fraudulent Inducement claim with the requisite specificity. First, Chase misapplies the standard by claiming that Plaintiffs must pinpoint the *lack* of a statement with precision. And in fact, Courts have acknowledged that fraud by omission is, by its very nature, difficult to plead with particularity. *See, e.g. Breeden v. Richmond Cmty. Coll.*, 171 F.R.D. 189, 195 (M.D.N.C. 1997); *Hoffman v. AmericaHomekey, Inc.*, 23 F. Supp. 3d 734, 745 (N.D. TX 2014). Yet, Plaintiffs have set forth with specificity the omitted information: that Chase can simply take a customer's reward points at anytime for no reason at all and provide no compensation. Chase has admitted that this is a true fact about the reward program and the Court

has codified this admission. *See* Opinion at p. 7. Chase now claims that the Plaintiff must identify every piece of promotional material within its "pervasive mass advertising" campaign of Chase rewards credit cards in order to meet the standard. That is simply not the case. *See In re Barclays*, 2015 U.S. Dist. LEXIS 113323. Plaintiffs could only be able to meet this requirement after extensive discovery is undertaken, and that discovery is currently underway. *See* Plaintiffs' First Request for Production of Documents Propounded to Defendants JPMorgan Chase & Co. and Chase Bank USA, N.A. ("PL.'s RFP's"), at #'s 3 and 4, attached hereto as Exhibit 1.

Second, Plaintiffs have attached to the Complaint certain promotional materials which show exactly how Chase omitted relevant facts. *See, e.g.* Ex. D and E to TAC. Despite Chase's plethora of promises regarding the value and permanence of points, nowhere in these materials does Chase inform the consumer that it can take your earned points at any time for any reason. In setting forth the claim, Plaintiffs have identified the speaker and the material omission, stated where and when the omissions were made (or more accurately, were not made), and explained why failing to include the omissions amounted to fraudulent inducement. *See Dodona I, LLC v. Goldman, Sachs* & Co., 847 F. Supp. 2d 624, 648 (S.D.N.Y. 2012) ("Ultimately, an incomplete or misleading disclosure may be just as damaging as total concealment."); *Northern Shipping Funds I, L.L.C. v. Icon Capital Corp.*, 998 F. Supp. 2d 301, 318 (S.D.N.Y. 2014) (if a party "has made a partial and ambiguous statement," it has a duty to disclose the omitted fact because "once a party has undertaken to mention a relevant fact to the other party it cannot give only half of the truth."). As such, the pleading standard has been satisfied.

### 3. The Court Previously Ruled that Reasonable Reliance Was Pled in the Complaint.

In its June 9, 2015 Order [Dkt. #31], the Court determined that Plaintiffs had adequately alleged both intent and reliance.[4] (*See* Opinion at p. 9.) Notwithstanding the Court's Order, Chase re-argues that the Third Amended Complaint fails to allege justifiable reliance – even though the same (and additional) allegations of intent and reliance were included in the previously filed Amended Complaint.

In any event, the Third Amended Complaint adequately sets forth how Plaintiffs reasonably relied on the material omissions to their detriment. The Third Amended Complaint alleges that "had [Plaintiffs] known that Chase would take [their] points after [they] earned them for no reason at all [they] would not have chosen the Chase credit card, paid the enrollment fee or utilized the credit card to make purchases." (TAC at ¶¶ 46, 53). It further states that "had this information not been concealed to Plaintiffs in Chase's pervasive marketing campaign to encourage customers to purchase and utilize its rewards cards, Plaintiffs may not have chosen the Chase credit card, paid the enrollment fee or utilized the credit card to make as many purchases." (TAC at ¶ 73). This includes the new factual allegation that Chase charges an extra annual fee for members to join the rewards program. Lastly, with respect to reliance, the complaint states specifically:

> 75. Plaintiffs and the members of the Class reasonably relied upon CHASE's misrepresentations and omissions, which were made with an intent to deceive Plaintiffs and induce them to enter into the contractual agreement, which caused them economic harm and injury.

(TAC at ¶ 75).

---

[4] The Court also determined that Plaintiffs' claims regarding misleading promotional and advertising materials rendered the fraudulent inducement claim sufficiently collateral to the parties' contract.

These statements clearly and definitively demonstrate Plaintiffs' justifiable reliance on the material omissions in Defendants' marketing and promotional materials sufficient to defeat Chase's Rule 12 motion. It is clear from the Third Amended Complaint that, but for these omissions, Plaintiffs would not have applied for and utilized the Chase Rewards credit cards.

### B. The Complaint Adequately Alleges Fraudulent Inducement by Affirmative Misrepresentations

In response to Chase's first Motion to Dismiss, Plaintiffs identified three types of statements made in Chase's "pervasive mass advertising" campaign that constitute actionable misstatements: (1) that the program allowed for "unlimited earnings" such that there was no caps or limit on the amount of points earned and (2) that there was "no expiration on points." Pl. Mem. at 11. The Court previously rejected the premise that these statements could be the basis of a fraudulent inducement by affirmative misrepresentation claim because it held that "none of these statements are untrue." Opinion at 8. Based on the newly-amended Complaint, Plaintiffs reassert their original position on the above misstatements but also now seek to add to and clarify their position regarding these affirmative misrepresentations, and others.

In addition to the above misstatements, another important misstatement is that points "have a real, ascertainable value and could have been redeemed for cash or merchandise." *See* TAC at ¶ 9, 68. This promise is related to another misstatement referenced in Plaintiff's original Opposition brief but not addressed in the Court's Opinion: that a customer would "get 1 point for every $1 you spend on every purchase." *See* Ex. D to TAC. This value is affirmatively identified by Chase's marketing as $0.01 per point. If Chase advertises that a reward point is an asset worth one penny each, then any reasonable consumer would have to interpret this as a promise that one point earned is the equivalent of one penny earned. Chase cannot claim that this statement is "true," because there is no dispute here that the plaintiffs earned points that were

then taken from them with no monetary compensation given. This misstatement, in conjunction and in combination with the above identified misstatements, and the fact that consumer pays a premium in the form of an annual fee to be a member of the reward program, are sufficiently plead and establish the existence affirmative misrepresentations causing the putative class members in this action to have been fraudulently induced to join the program.

As alleged in the Complaint, Chase's advertising campaign regarding its rewards program is incredibly expansive. *See* TAC at ¶ 5. Plaintiffs have identified actionable misstatements sufficient to meet their burden, but require affirmative discovery to better identify the precise misstatements made, when they were made, and potentially identify additional misstatements. Plaintiffs are now in the process of seeking these documents in formal discovery. Specifically, Plaintiffs have asked for Chase to produce "All Advertising that contain reference to the expiration of rewards points" and "All Advertising that contain reference to when an Account can be Terminated and when Points are Forfeited." Ex. 1 at RFP #'s 3 and 4. Accordingly, once this information is produced and reviewed, Plaintiffs will be able to better identify and discuss the existence of affirmative misrepresentations made by Chase. Dismissing this claim now, at this early stage of the proceeding is inappropriate as a matter of law. *See, i.e.*, *City of Syracuse v. Loomis Armored US, LLC*, 900 F. Supp. 2d 274, 292 (N.D.N.Y 2012).

## CONCLUSION

With the filing of the Third Amended Complaint, Plaintiffs have sufficiently stated a claim for Fraudulent Inducement based on omissions and affirmative misrepresentations and Defendants' motion to dismiss should be denied.

**DATED:** <u>November 5, 2015</u>               Respectfully submitted,

 /s/ *Kenneth J. Grunfeld*
Richard M. Golomb, Esquire
Kenneth J. Grunfeld, Esquire
Steven D. Resnick, Esquire
**Golomb & Honik, P.C.**
1515 Market Street, Suite 1100
Philadelphia, PA 19102
Phone: (215) 985-9177
Fax:    (215) 985-4169
Email: rgolomb@golombhonik.com
            kgrunfeld@golombhonik.com
            sresnick@golombhonik.com

Ted Trief, Esquire
Barbara Olk, Esquire
Caitlin Duffy, Esquire
Shelly L. Friedland, Esquire
**Trief & Olk**
150 E. 58th Street, 34th Floor
New York, NY 10155
Phone: (212) 486-6060
Fax:    (212) 317-2946
ttrief@triefandolk.com
bolk@triefandolk.com
cduffy@triefandolk.com
sfriedland@triefandolk.com

*Attorneys for Plaintiffs and the Proposed Class*

## CERTIFICATE OF SERVICE

I Kenneth J. Grunfeld, Esquire, hereby certify that on this **5th** day of **November 2015**, I caused a true and correct copy of the foregoing: **Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint** to be filed and served on all counsel of record via the Court's CM/ECF filing system.

**DATED:   November 5, 2015**

/s/ *Kenneth J. Grunfeld*
Kenneth J. Grunfeld, Esquire