# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HARRY GAO and ROBERTA SOCALL, on behalf of themselves and all others similarly situated, ) ) ) ) | |
| ) | Case No. 1:14-cv-04281-PAC |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| JPMORGAN CHASE & CO. and CHASE BANK USA, N.A. ) ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANTS JPMORGAN CHASE & CO. AND CHASE BANK USA, N.A.**

Pursuant to Federal Rule of Civil Procedure 34, Plaintiffs, by and through their undersigned attorneys, hereby request that Defendants JPMorgan Chase & Co. and Chase Bank USA, N.A. produce the following documents and things within 30 days for inspection and copying at Golomb & Honik, P.C., 1515 Market Street, Suite 1100, Philadelphia, PA 19102 or Trief & Olk, 150 E. 58th St., 34th Floor, New York, NY 10155.

**Definitions And Instructions**

The following definitions and instructions apply to these requests for production:

1. Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2. Document. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed.

3. Parties. The terms "Plaintiff(s)" and "Defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, predecessors, successors, subsidiaries, or affiliates.

4. Person. The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

5. "Identify," "identity," or "identification":

    a. When used to refer to any entity other than a natural person, means to state its full name, the present or last known address of its principal office or place of doing business, and the type of entity (e.g., partnership, professional corporation), and state of formation or incorporation.

    b. When used to refer to a natural person, means to state the following:

        i. The person's full name and present or last known address; and

        ii. The person's present or last known place of employment.

6. "Identify" or "identifying," when used in reference to a document, shall mean that you are required to provide the following information about the document in question:

    a. The type of document;

    b. General subject matter;

    c. Date of the document; and

    d. Author(s), addressee(s) and recipient(s).

7. Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

8.     All/Any/Each.  The terms "all," "any," and "each" shall each be construed as encompassing any and all.

9.     And/Or.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

10.    "Account" refers to any credit card account You have held for any customer, to which the customer could make payments using any Chase credit card and receive Points.

11.    "Advertising" includes any communication directed to any non-Chase Bank or JPMorgan entities, including customers and potential customers, promoting the Chase reward credit card product, including television, print, radio, internet and marketing of any kind.

12.    "Default" refers to the status of a credit card account in which the minimum payment has not been made when due.

13.    "Points Forfeited" is defined by the Program Rules and Regulations and in this context shall include all Points Forfeited as a result of Termination only.

14.    "Terminate" or "Termination" refers to the practice of Closing an Account (as defined in the Cardmember Agreement) and informing Account holders that they may no longer make payments using their Chase credit card despite the fact that those Account holders were not in Default.

15.    Number.  The use of the singular form of any word includes the plural and vice versa.  Whenever necessary to bring within the scope of any request all information that might otherwise be construed to be outside its scope, (a) the use of a verb in any tense shall be construed as the use of the verb in all other tenses, (b) the use of the singular shall be construed

16. All documents should be produced electronically and in their native format, or in any manner consistent with the format in which they were originally created (*i.e.*; .doc, .pdf, .jpg, .tif, .xls, .mdb, .pst, etc.) and should include all data, including but not limited to, metadata, formulae, links, attachments, etc.  To the extent that a document no longer exists in its original format, said document should be produced in a reasonable similar electronic format that would allow for the same or similar functionality as the original.

17. These requests are continuing in nature.  If at any time prior to trial of this action you obtain or identify additional documents or other things responsive to any of these requests, pursuant to Federal Rule of Civil Procedure 26(e), you shall seasonably serve upon the undersigned such documents or other things as required by that rule.

18. Unless otherwise specified in a particular document request, you shall produce all documents requested that are available to you, including, without limitation, all documents in your possession of any of your agents, attorneys, or other representatives or otherwise subject to your custody or control.

19. In the event that any document called for by these requests is withheld on the basis of a claim of attorney-client privilege, work product immunity, or any other grounds, for each such document, identify:

    a.    the nature of the privilege which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked;
    b.    the type of document, e.g., letter or memorandum;
    c.    the general subject matter of the document;
    d.    the date of the document; and
    e.    the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other.

20. In the event that any document called for by these requests is no longer in your possession, custody, or control, that document is to be identified by stating the following:

    a. the contents of the document;
    b. each person to whom the document was sent and each person who in fact received a copy of the document;
    c. the date of the document;
    d. the subject matter of the document; and
    e. the present custodian of the document, or the person otherwise responsible for the document's safekeeping, storage, or filing.

21. Any file folder or other container in which a document is kept in the regular course of business is to be treated as part of the document and produced as such.

22. If information stored in, or accessible through, computers or other data retrieval systems is produced, it must be accompanied with instructions and all other materials necessary to use or interpret such data, including any data dictionaries or other descriptive materials.

23. All definitions and instructions referenced herein shall be interpreted so that all terms and phrases are afforded their usual and customary meanings in the energy supply industry.

## **REQUESTS FOR PRODUCTION**

1. Documents sufficient to show the number of Account holders whose Accounts were Terminated.

2. Documents sufficient to show the total number of Points Forfeited from Terminated Accounts.

3. All Advertising that contain reference to the expiration of rewards points.

4. All Advertising that contain reference to when an Account can be Terminated and when Points are Forfeited.

5. All communications between Defendants and Plaintiff, Harry Gao.

6. All communications between Defendants and Plaintiff, Roberta Socall.

7. All communications between Defendants and any customer whose account was Terminated and whose Points were Forfeited.

8. All versions, including drafts, of the Cardmember Agreement(s) and addenda

9. All versions, including drafts, of the Rewards Program Rules and Regulations and addenda.

10. All policies, procedures, rules, and regulations concerning the Termination of Accounts of Account holders.

11. All documents concerning the policies and procedures by which you respond to customer questions, inquiries, complaints or demands for refunds or other compensation concerning the Termination of Accounts and/or the Forfeiting of Points, including but not limited to any scripts, training materials or other documents reflecting statements or information your employees, agents or other customer service personnel are instructed to give to, or withhold from consumers.

12. All documents concerning customer complaints and demands for refunds or compensation concerning the Termination of Accounts and/or the Forfeiting of Points.

13. All communications between Defendants and the Better Business Bureau ("BBB") or any similar entity that concerns the allegations in Plaintiffs' operative complaint, including but not limited to the Termination of Accounts and the Forfeiture of Points.

14. All documents concerning the policies and procedures by which you determine whether to Terminate a cardholders' credit card Account.

15. All documents identified in, relied upon or referred to your responses to Plaintiffs' First Set of Interrogatories to Defendant.

16. Documents sufficient to identify all versions of document or data retention and destruction policies used by you, including all disaster recovery plans and versions.

17. All documents concerning any email storage conventions, including but not limited to, limitations on mailbox sizes and storage locations, and any schedule and logs for storage.

18. Documents sufficient to show Defendants' corporate structure and form of business organization, including local, state, regional, national, and international operations for all of Defendants' departments, units, subsidiaries, divisions, affiliates, and authorized agents. Include in your response any organizational charts and personnel organization charts and other documents sufficient to show the organization and identity of personnel that provide the information sought above, including but not limited to any reporting or superior/subordinate relationship, or any policies and procedures regarding communications between employees, subsidiaries, departments, and/or divisions.

19. All documents from any lawsuits filed in any court, arbitrations before any arbitration panel, appeals to the Appellate Division/Court of Appeals, or other legal proceedings concerning the allegations in Plaintiffs' operative complaint, regardless of whether pending or resolved in any manner, including the names of the parties and their respective counsel, the jurisdiction, docket number or case number of such matter,.

20. Each and every learned treatise, article, scientific or medical literature, data or publication, or other scholarly material that Defendant may utilize in connection with a motion for summary judgment, in opposition to Plaintiffs' motion for class certification or at the trial of this case, either for use in Defendant's case in chief, on cross-examination, on rebuttal, or at any other stage of the trial of this case.

21. All versions of your website as it relates to credit card Accounts.

22. All documents concerning Defendants' potential witnesses concerning this litigation, including but not limited to statements from those individuals.

23. All documents that support any of the Affirmative Defenses set forth in Defendants' Answer to Plaintiffs' Complaint or Affirmative Defenses that Defendants intend to proffer.

24. All documents Defendants intend to utilize to support a claim that Plaintiffs cannot meet the typicality requirements for class certification.

25. A document custodian list for every document supplied in response to Plaintiffs' discovery requests.

26. All minutes recorded during any meetings where the Termination of Accounts and/or the Forfeiture of Points were discussed.

27. All backup and/or archive media that in any way concern the allegations that are

28.	Documents sufficient to identify Defendants' e-mail system, including but not limited to current, backed-up and archived programs, accounts, unified messaging, server-based e-mail, Web-based e-mail, dial-up e-mail, user names and addresses, domain names and addresses, e-mail messages, attachments, manual and automated mailing lists and mailing list addresses.

29.	All litigation hold letters provided to any custodians concerning this action or related actions.

Dated:  October 12, 2015				Respectfully submitted,


							 /s/ Steven D. Resnick
							Richard Golomb, Esquire
							Kenneth J. Grunfeld, Esquire
							Steven D. Resnick, Esquire
							GOLOMB & HONIK, P.C.
							1515 Market Street, Suite 1100
							Philadelphia, PA 19102
							Tel: 215-985-9177
							Fax: 215-985-4169



							*Attorneys for Plaintiff and the putative class*