# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HARRY GAO and ROBERTA SOCALL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>JPMORGAN CHASE & CO. and CHASE BANK USA, N.A.,<br><br>Defendants. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: November 13, 2015<br><br>No. 14 Civ. 4281 (PAC) |

## STIPULATED PROTECTIVE ORDER

Plaintiffs Harry Gao and Roberta Socall and Defendants JPMorgan Chase & Co. and Chase Bank USA, N.A. (collectively, the "parties") acknowledge that, through discovery, the above-captioned action (the "Litigation") is likely to involve the production of confidential, proprietary, and/or private matter for which special protection is warranted. Accordingly, the parties hereby enter into this Stipulated Protective Order (the "Order") in connection with this Litigation and agree as follows:

### SCOPE

1. The protections conferred by this Order cover confidential matter designated by the parties and non-parties under the terms of this Order. All copies, excerpts, summaries, compilations, testimony, conversations, presentations, documents, or records that include, communicate, or reveal designated confidential matter are themselves deemed to constitute confidential matter of the same type whether or not marked or designated as such.

## DESIGNATING PROTECTED MATTER

2. Any party or non-party may designate as "Confidential" any document, response to discovery, or any other information that is not in the public domain and that the producing party or non-party believes in good faith to contain trade secrets or confidential product development, business, financial, strategic planning, security, or customer information. The fact that any matter has been designated by a producing party as "Confidential" shall not be construed as creating any presumption as to the confidentiality of such matter in the event of a motion challenging the confidentiality designation.

3. Any party or non-party may designate as "Highly Confidential" any Confidential document, response to discovery, or any other matter, the disclosure of which the party or non-party believes in good faith would create a serious risk of monetary or non-monetary injury, or breach of security or consumer privacy and, therefore, warrants the additional protection afforded under this Order for Highly Confidential matter. The fact that any matter has been designated by a producing party as "Highly Confidential" shall not be construed as creating any presumption as to the confidentiality of such matter in the event of a motion challenging the confidentiality designation.

4. A party or non-party designating matter as Confidential or Highly Confidential shall make a good faith determination that any matter designated as Confidential or Highly Confidential warrants protection hereunder. Designations shall be made by stamping each designated page, if practicable, or otherwise by stamping the title page, CD, DVD, hard drive, or other medium containing such designated matter; or as otherwise set forth herein. A party or non-party designating matter as Confidential or Highly Confidential shall furnish an index or log indicating by Bates number which documents, or portions thereof, have been designated

Confidential or Highly Confidential within thirty (30) days following the designation of such matter.

5. A party or non-party that makes original matter available for inspection need not designate it as Confidential or Highly Confidential until after the inspecting party has indicated which matter it would like copied and produced. During the inspection and prior to the designation and copying, all of the matter made available for inspection shall be considered Highly Confidential.

6. Any copies or reproductions, summaries, or other documents or media (*e.g.*, electronic, video, or audio) that excerpt, contain, or otherwise reveal the substance of (other than in non-confidential general terms) Confidential or Highly Confidential matter shall also be treated by the receiving party as Confidential or Highly Confidential matter under this Order.

7. Deposition testimony and the transcripts and video recordings of depositions conducted during pretrial discovery in this Litigation shall be treated as Highly Confidential for a period of fifteen (15) days,[1] or such different number of days as the parties may agree, after receipt of such deposition transcript and/or video recordings, to allow time for the deponent or counsel for that deponent, or any party or non-party or its counsel, to notify all parties of any Confidential or Highly Confidential matter. A party or non-party may designate in writing, within fifteen (15) days after receipt of the deposition transcript or video recording for which the designation is made, or such different number of days as the parties may agree, those pages of the transcript of portions of the recording to be treated as Confidential or Highly Confidential. A party or non-party may also designate matter disclosed during a deposition as Confidential or Highly Confidential by so indicating on the record during the deposition. Any other party to the Litigation may object to such designation on the record; a failure to do so, however, will not

---

[1] Unless otherwise specified, time periods herein refer to calendar days.

3

constitute a waiver of the objection. After any designation made according to the procedure set forth in this paragraph, the designated matter shall be treated according to the designation until any dispute is resolved according to the procedures described in paragraphs 15 and 16 below.

8. Any party may designate as Confidential or Highly Confidential matter produced by a non-party if there is a good-faith basis for believing that the non-party has an obligation to maintain such materials as confidential, by providing written notice to all parties of the relevant Bates numbers or other identification within fifteen (15) days after receiving such matter.

9. Inadvertent production of or failure to designate any matter as Confidential or Highly Confidential shall not be deemed a waiver of the producing party's or non-party's claim of confidentiality as to such matter, and the producing party or non-party may thereafter designate such matter as Confidential or Highly Confidential within fifteen (15) days of the discovery of the inadvertent production or failure to designate.

## ACCESS TO AND USE OF PROTECTED MATTER

10. All Confidential or Highly Confidential matter produced or exchanged in the course of the Litigation shall be treated by the parties under the terms of this Order and used solely for purposes of the prosecution or defense of the Litigation. Under no circumstances shall Confidential or Highly Confidential matter be used for any other reason—*e.g.*, for any business, commercial, competitive or personal purposes, or for any litigation other than this Litigation.

11. Absent the prior written consent of the parties, or upon prior order of this Court obtained following notice to opposing counsel, Confidential matter (including any copies of, notes made from, or information contained in Confidential matter) shall be disclosed only to the following persons:

    a. The Court, including court personnel.

b. Court reporters and their assistants, to the extent reasonably necessary for reporting of depositions, hearings, and proceedings.

c. Any mediator selected by the parties to the Litigation or the Court to mediate the Litigation.

d. The attorneys of record in the Litigation, including the respective employees and personnel retained by such attorneys and/or their law firms to whom it is necessary to disclose such matter in furtherance of the prosecution or defense of the Litigation, such as associates, litigation assistants, paralegals, secretarial, or other clerical personnel.

e. In-house counsel for Defendants, including legal assistants and other legal and clerical staff, to whom it is necessary to disclose such matter in furtherance of the defense of the Litigation.

f. Vendors retained to assist in the Litigation by an attorney described in subparagraph (d) of this paragraph including, but not limited to, copying and reproduction services, provided that an authorized representative of the vendor signs the "Corporate Acknowledgment And Agreement To Be Bound" attached as Exhibit 1 to this Order before being shown Confidential matter, and provided further that the vendor does not retain any copies of any Confidential matter.

g. Authors, originators, or original recipients of the matter, as specifically reflected on the face of the matter.

h. Present and former employees, officers, and directors of the party or non-producing party producing the Confidential matter.

i. Other party and potential non-party witnesses to whom disclosure is deemed reasonably necessary by counsel for the prosecution or defense of the Litigation,

provided the witness signs the "Individual Acknowledgment And Agreement To Be Bound" attached as Exhibit 2 to this Order before being shown Confidential matter, and provided the witness does not retain any copies of any Confidential matter. In the event a witness refuses to sign the "Individual Acknowledgment And Agreement To Be Bound," he or she may be shown Confidential matter only at a deposition after, on the record of the deposition, stating such refusal, being advised that the following Order applies to him or her, and being read the following: "By order of the Court in this Litigation, you may not disclose in any manner any Confidential matter to any person or entity except in strict compliance with the provisions of this Order. If you violate this Order, you may be subject to sanctions and punishment by the Court."

j. Experts or consultants (whether testifying or non-testifying) retained by a party or counsel to the Litigation who are not, at the time of retention, employed by any party, provided the experts or consultants sign the "Individual Acknowledgment And Agreement To Be Bound" attached as Exhibit 2 to this Order before being shown Confidential matter.

k. Parties to the litigation.

The "Acknowledgments And Agreements To Be Bound," attached as Exhibits 1 and 2, that are required to be signed as provided in this paragraph and in the succeeding paragraph shall be retained by counsel for the party disclosing the Confidential matter and made available for inspection by the Court *in camera*, upon request by any party and a showing of good cause.

12. Except with the prior written consent of the other parties to the Litigation, or upon prior order of this Court obtained after notice to opposing counsel, Highly Confidential matter shall be treated in the same manner as Confidential matter under paragraph 11 above, except that it shall only be disclosed to persons described in categories (a) through (j). Notwithstanding the foregoing in this paragraph, if a specific document or deposition transcript or recording

designated "Highly Confidential" explicitly mentions a particular named plaintiff in the Litigation and/or addresses any aspects of that named plaintiff or any family members' account, account history, or account transactions or fees, that specific portion of the document or deposition transcript or recording may be shown to that particular named plaintiff.

13. Any persons receiving Confidential or Highly Confidential matter shall not reveal such matter to, or discuss such matter with, any person who is not entitled under this Order to receive such matter. If a party or any of its representatives, including counsel, inadvertently discloses any Confidential or Highly Confidential matter to persons or counsel who are not authorized to use or possess such matter, the party shall (a) provide immediate written notice of the disclosure to the producing party, and, if different, to the designating party and the party whose matter was inadvertently disclosed; (b) use its best efforts to retrieve all copies of the inadvertently disclosed matter; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons sign the "Individual Acknowledgment And Agreement To Be Bound" attached as Exhibit 2 to this Order. If a party or any of its representatives, including counsel, has actual knowledge that Confidential or Highly Confidential matter is being used or possessed by a person not authorized to use or possess that matter, regardless of how the matter was disclosed or obtained by such person, the party or its representative shall provide immediate written notice of the unauthorized use or possession to the party or non-party whose matter is being used or possessed.

**PROTECTED MATTER SUBPOENAED OR ORDERED PRODUCED
IN OTHER LITIGATION**

14. If a court or government agency subpoenas or orders production of Confidential or Highly Confidential matter from a party to the Litigation, such party shall promptly notify counsel for the party or non-party that produced or designated the matter of the pendency of such

subpoena or order and shall furnish counsel with a copy of said subpoena or order. Such party shall also promptly inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the matter covered by the subpoena or order is subject to this Order.

## CHALLENGING CONFIDENTIALITY DESIGNATIONS

15.     If a party contends that any matter is not entitled to confidential treatment, the following procedures apply:

a.      <u>Timing Of Challenges</u>.  Unless a prompt challenge to a confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the Litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

b.      <u>Meet And Confer</u>.  A party that wishes to challenge a confidentiality designation must do so in good faith and by conferring directly, either by telephone or in person, with the designating party, in accordance with Rule 3(C) of the Individual Practices of Judge Paul A. Crotty.  A request by the challenging party to meet and confer must be honored by the designating party within five (5) business days of the request being made.  In conferring, the challenging party must identify the matter that is subject to the challenge, the basis for its belief that the confidentiality designation was not proper, and give the designating party a reasonable opportunity to review the designated matter, to reconsider the circumstances and, if no change in designation is offered, to explain the basis for the chosen designation.  Unless otherwise agreed, a response to any challenged designation must be received within ten (10) business days of the

meet and confer between counsel; such response may be provided by telephone, e-mail, letter, or in person.

        c.      <u>Judicial Intervention</u>.  Should the parties be unable to agree on the challenged designation, the party wishing to challenge a Confidential or Highly Confidential designation may move for judicial relief in accordance the procedures set forth in Local Civil Rule 37.2 and Rule 3(C) of the Individual Practices of Judge Paul A. Crotty.  The burden of persuasion on any such motion shall be on the party or non-party that has designated matter as Confidential or Highly Confidential.

16.      Notwithstanding any motion concerning the designation of matter as Confidential or Highly Confidential, all matter shall continue to be treated as designated and shall be subject to the provisions hereof unless and until one of the following occurs:

        a.      The party or non-party who claims that the matter is Confidential or Highly Confidential withdraws or changes such designation in writing; or

        b.      The Court rules that the matter is not entitled to protection as Confidential or Highly Confidential matter.

**DURATION**

17.      All provisions of this Order restricting the communication or use of Confidential or Highly Confidential matter shall continue to be binding after the conclusion of the Litigation (including any appellate review), until a designating party agrees otherwise in writing or a court order otherwise directs.  Upon conclusion of the Litigation, a party in the possession of Confidential or Highly Confidential matter, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either:  (a) return such matter no later than sixty (60) days after conclusion of the Litigation to counsel for the producing party who provided such

matter; (b) at the expense of the receiving party, destroy such matter upon consent of the producing party who provided the matter and certify in writing within sixty (60) days that the matter has been destroyed; or (c) dispose of the matter in some other manner upon written agreement by the parties.

**INADVERTENT PRODUCTION OF PRIVILEGED OR PROTECTED MATTER**

18. Nothing herein shall be deemed to waive, limit, or expand any applicable privilege or work-product or other protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of matter protected by privilege or work product protection. If a party inadvertently produces matter that it later discovers, or in good faith later asserts, to be privileged or otherwise protected from disclosure, the production of that matter will not be presumed to constitute a waiver of any applicable privileges or other protection, provided the producing party complies with this Order.

19. In such circumstances, the producing party must, upon discovery of the inadvertent production, promptly notify in writing all parties to the Litigation in which the matter was inadvertently produced of the inadvertent production and the basis for the privilege or other protection, and request in writing the return or confirmed destruction of the inadvertently produced privileged or protected matter.

20. Upon such notification, the parties shall treat the matter as privileged or protected unless and until the parties agree otherwise or the Court determines that the matter is not privileged or protected. Within ten (10) days of receiving such notification, all receiving parties shall: (a) return the matter to the producing party; (b) confirm in writing to the producing party the destruction of all such matter, including all excerpts, summaries, compilations, and other documents or records that include, communicate, or reveal matter claimed to be privileged or

protected; or (c) notify the producing party in writing of the basis for its disagreement that such matter is privileged or protected from disclosure. In the latter event only, the receiving party or parties may retain one copy of the matter asserted to be privileged or protected for the sole purpose of responding to a motion by the producing party to deem the matter privileged or protected from disclosure and shall comply with (a) or (b) above with respect to all other copies of such matter and all other documents or records that include, communicate, or reveal matter claimed to be privileged or protected. Should the parties be unable to agree on whether the matter is privileged or protected, the producing party shall file a motion with the Court within thirty (30) days of its receipt of the receiving party's notice of disagreement under (c) above, to deem the matter privileged or protected and to obtain a court order directing the return of any copy of such matter still held by the receiving party.

**FILING PROTECTED MATTER**

21. Absent written permission from the designating party or a court order secured after appropriate notice to all interested persons, all Confidential or Highly Confidential matter filed with the Court shall be filed under seal—in hard copy and on a CD Rom in PDF-A format—in accordance the Electronic Case Filing Rules & Instructions §§ 6 and 18.5 and the Sealed Records Filing Instructions of the United States District Court for the Southern District of New York.[2] If the Court requires any supporting memorandum or showing as to why any such matter must remain under seal, the producing party shall be responsible for filing and providing such support.

---

[2] *Available at* http://nysd.uscourts.gov/cases_records.php?records=sealed_records.

## MISCELLANEOUS

22. The provisions of this Order may be modified with respect to the Litigation at any time by stipulation of the parties to the Litigation and approval by order of the Court, or upon motion by a party for good cause shown.

23. Nothing in this Order shall affect the right of any party or non-party to oppose any request for discovery on any ground permitted by the Federal Rules of Civil procedure or other applicable law, and no party shall be deemed by virtue of this Order to have waived any right it otherwise would have to object to disclosing or producing any matter on any such ground. Similarly, no party waives any right to object on any ground to the use in evidence of any of the matter covered by this Order.

24. Nothing in this Order shall prejudice the right of any party or non-party to move the Court to broaden or restrict the rights of access to and use of particular matter, or to seek modification of this Order upon due notice to all other parties and affected non-parties.

25. Nothing in this Order is intended to increase or to limit any preexisting duty of confidentiality, pursuant to contract or otherwise, that a party or non-party may owe each other with respect to any matter.

**INTENTIONALLY LEFT BLANK – CONTINUED ON NEXT PAGE**

Dated: November 13, 2015

*signature*

RICHARD M. GOLOMB
KENNETH J. GRUNFELD
STEVEN D. RESNICK
GOLOMB & HONIK, P.C.
1515 Market Street, Suite 1100
Philadelphia, PA 19102
Tel.: (215) 985-9177
Fax: (215) 985-4169
rgolomb@golombhonik.com
kgrunfeld@golombhonik.com
sresnick@golombhonik.com

TED TRIEF
BARBARA OLK
TRIEF & OLK
150 E. 58th Street, 34th Floor
New York, NY 10155
Tel.: (212) 486-6060
Fax: (212) 317-2946
ttrief@triefandolk.com
bolk@triefandolk.com

*Attorneys for Plaintiffs and the Proposed Class*

Dated: November 13, 2015

Respectfully submitted.

*signature*

NOAH A. LEVINE
ALAN E. SCHOENFELD
HANNA A. BAEK
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel.: (212) 230-8851
Fax: (212) 230-8888
noah.levine@wilmerhale.com
alan.schoenfeld@wilmerhale.com
hanna.baek@wilmerhale.com

*Attorneys for Defendants JPMorgan Chase & Co. and Chase Bank USA, N.A.*

SO ORDERED

*signature*

PAUL A. CROTTY
United States District Judge

13

# EXHIBIT 1

# CORPORATE ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

# CORPORATE ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order (the "Order") issued by the United States District Court for the Southern District of New York on _____, 2015, in the action captioned *Gao v. JPMorgan Chase & Co. and Chase Bank USA, N.A.*, No. 14-4281 (S.D.N.Y.) (the "Litigation"). I declare that I am an authorized representative of _____ (the "Company"), and have the authority to bind the Company to the terms of the Order.

On behalf of the Company, I declare that the Company agrees to be bound by the terms of the Order, and I understand and acknowledge that the Company's failure to so comply could expose the Company to sanctions and punishment in the nature of contempt. I solemnly promise that the Company will not disclose in any manner any matter or item that is subject to the Order to any person or entity except in strict compliance with the provisions of the Order.

For the purpose of enforcing the terms of the Order, I further agree that the Company submits to the jurisdiction of the United States District Court for the Southern District of New York, solely with respect to any action to enforce the terms of the Order, even if such enforcement proceedings occur after termination of the Litigation.

Date: _____

Corporate Address: _____

City and State Where Sworn and Signed: _____

Printed Name: _____

Signature: _____

# EXHIBIT 2

# INDIVIDUAL ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

# INDIVIDUAL ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order (the "Order") issued by the United States District Court for the Southern District of New York on _____, 2015, in the action captioned *Gao v. JPMorgan Chase & Co. and Chase Bank USA, N.A.*, No. 14-4281 (S.D.N.Y.) (the "Litigation"). I agree to comply with and to be bound by all the terms of the Order, and I understand and acknowledge that my failure to so comply could expose me to sanctions and punishment in the form of contempt. I solemnly promise that I will not disclose in any manner any matter or item that is subject to the Order to any person or entity except in strict compliance with the provisions of the Order.

For the purpose of enforcing the terms of this Order, I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York, solely with respect to any action to enforce the terms of the Order, even if such enforcement proceedings occur after termination of the Litigation.

Date: _____

Home Address: _____

City and State Where Sworn and Signed: _____

Printed Name: _____

Signature: _____