UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HARRY GAO and ROBERTA SOCALL, on behalf of themselves and all others similarly situated,<br><br>                      Plaintiffs,<br><br>   -against-<br><br>JPMORGAN CHASE & CO. and CHASE BANK USA, N.A.,<br><br>                      Defendants. | No. 14 Civ. 4281 (PAC) |

**STIPULATION CONCERNING PROTOCOL FOR PRODUCTION OF ELECTRONICALLY STORED INFORMATION**

       WHEREAS, the above-captioned action (the "Action"), brought by Plaintiffs Harry Gao and Roberta Socall ("Plaintiffs") against Defendants JPMorgan Chase & Co. and Chase Bank USA, N.A. (collectively "Defendants" and, together with Plaintiffs, the "Parties"), is pending before this Court; and

       WHEREAS, the Parties have engaged in discussions regarding the format of production of documents and electronically stored information ("ESI") that are responsive to requests made by the Parties; and

       WHEREAS, the Parties will work in good faith to avoid unduly burdensome discovery practices, including collecting, reviewing, and producing or retrieving substantial quantities of non-responsive ESI. In the event of a dispute or disagreement, the Parties will meet and confer in a good faith effort to resolve such dispute or disagreement. NOW, THEREFORE, IT IS HEREBY STIPULATED BY AND BETWEEN THE PARTIES, THROUGH THEIR RESPECTIVE COUNSEL, AS FOLLOWS:

1

**I.     PRODUCTION FORMAT OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION**

A Party producing documents will be referred to herein as the "Producing Party" and a Party receiving documents shall be referred to as the "Receiving Party."

    A.    **Paper Documents**. The Parties agree to produce paper documents according to the following protocol:

        1.    All paper documents shall be produced as either (1) paper copies, (2) .pdfs, or (3) TIFF images. If documents are produced as .pdfs or TIFFs, they shall be accompanied by a cross-referenced load file, according to the specifications set forth in Section I.B. hereto, to the extent such data is reasonably available. The Parties do not waive and hereby reserve the right to make responsive documents available for inspection pursuant to Federal Rule of Civil Produce 34.

        2.    All paper documents produced as paper copies shall include:

            a.    Custodian (Name of Custodian from which the file is being produced); and

            b.    Bates labels

    B.    **Non-Database ESI**. The Parties will produce non-database ESI according to the following protocol:

        1.    Except as provided in Section I.C. herein, all non-database ESI shall be produced in TIFF format. All TIFF formatted documents will be single page, black and white, Group 4 TIFF at 300 x 300 dpi resolution and 8 1/2 X 11 inch page size. If the Receiving Party believes that document(s) needs to be imaged at a higher resolution, different page size, or color in

order to adequately understand the contents of specific document(s), the Receiving Party shall make a reasonable request for re-production of the document(s) in the different format. Any such request should be reasonably tailored to the case and shall identify the documents for which re-production is requested by Bates number. If the Parties disagree about whether re-production is appropriate or necessary, they shall meet and confer before bringing the matter to the Court's attention.

2. A unitization file, in standard format (*e.g.*, Opticon, Summation DII, or the like) showing the Bates number of each page, the appropriate unitization of the documents and the entire family range, will accompany each TIFF document.

3. Each TIFF version of an electronic document will be created directly from the corresponding native file.

4. The following metadata fields associated with each electronic document, or their equivalents, will be produced, to the extent they exist as electronic metadata associated with the original electronic documents. No Party will have any obligation to manually generate information to populate any of the following fields. Specifically, the Parties will produce the following metadata fields, to the extent they exist, for e-mail, Microsoft Word, Microsoft Excel, Adobe .PDF, and other electronic documents:

   a. BEG_NO (Bates number associated with first page of document)
   b. END_NO (Bates number associated with last page of document)
   c. CUSTODIAN (Relevant custodian(s) associated with each document)

d. ATTACH_RANGE (Attachment range for parent & children)

e. FILE_EXT (File extension of native document)

f. HASH (MD5 hash value of document or "de-duplication key")

g. AUTHOR (Author of document or e-mail)

h. DATE_LAST_MOD (Date file was last modified: mm/dd/yyyy)

i. TIME_LAST_MOD (Time file was last modified)

j. TITLE/SUBJECT (Information from title or subject line)

k. FROM (Author of e-mail message)

l. TO (Recipient(s) of e-mail message)

m. CC (Recipient(s) of Carbon Copies of e-mail message)

n. BCC (Recipient of Blind Carbon Copies of e-mail message)

o. DATE_SENT (Sent date of e-mail message: mm/dd/yyyy)

p. TIME_SENT (Sent time of e-mail message)

q. DATE_RCVD (Received date of e-mail message: mm/dd/yyyy)

r. TIME_RCVD (Received time of e-mail message)

5. The Parties agree to produce e-mail families intact, absent a claim of privilege, work product, or other applicable protection, so long as each document contains responsive information. As a general matter, subject to specific review, an e-mail message and its attachments shall not be withheld from production based on the fact that one or more attachments are privileged, irrelevant, or non-responsive. To the extent the message or one or more attachments is privileged, irrelevant, or non-responsive, the responsive, non-privileged documents shall be produced and the privileged, irrelevant, or non-responsive documents shall, at the Producing

Party's option, either (A) be Bates numbered in sequence with the attachments and the redacted privileged documents shown on a privilege log with corresponding Bates numbers; or (B) include placeholders indicating the privileged, irrelevant, or non-responsive documents were withheld, and describe the removed privileged documents on a privilege log with corresponding control numbers assigned by the Producing Party. For all responsive, non-privileged documents containing a responsive, non-privileged attachment, the following fields will be produced (if available) as part of the metadata load file to indicate the parent/child or parent/sibling relationship:

   a. Production Bates begin

   b. Production Bates end

   c. Production Bates begin attachment

   d. Production Bates end attachment

6. Unless otherwise agreed, all dynamic date and time fields, where such fields are processed to contain a value, and all metadata pertaining to dates and times will be standardized to Greenwich Mean Time (GMT). The Parties understand and acknowledge that such standardization affects only dynamic fields and metadata values and does not affect, among other things, dates and times that are hard-coded text within a file. Dates and times that are hard-coded text within a file (for example, in an e-mail thread, dates and times of earlier e-mail messages that were converted to body text when subsequently replied to or forwarded; and in any file type,

dates and times that are typed as such by users) will be produced as part of the document text in accordance with the provisions herein.

7. The following processing specifications shall apply to ESI produced in TIFF:

    a. Word Processing Documents

        (i) Tracked changes and revisions in word processing documents should be included in the TIFF image.

        (ii) Word processing documents should be processed to include headers and footers.

        (iii) All date, time, and filename macros will be displayed as the macro field code.

    b. PowerPoint

        (i) PowerPoint presentations should be processed to show hidden slides and speaker's notes.

    c. Zipped Files

        (i) All compressed or zipped ESI shall be unzipped or decompressed before production. To the extent a responsive, non-privileged electronic file contains embedded files, or links to other files, such embedded files or links to other files do not need to be produced initially, but upon reasonable request, the Parties will meet and confer to discuss production of such files.

C. **Production of Native Files**

1. Except as described below for redacted documents, the Parties agree that Microsoft Excel files will be produced in native format. All other documents will be produced in the format as set forth in Section I.B. hereto.

2. Any produced native file will be named according to the first Bates number of the corresponding electronic document (*e.g.*, [Production Number Begin].xlsx).

D. **No Production Required**

1. The Parties may exclude from collection, review, and production ESI or data with file extensions that typically contain no meaningful user-created data and/or cannot be reviewed in any meaningful format, including those file types contained on the list established by the National Institute of Standards and Technology ("NIST"), including but not limited to: ani; bat; c; cab; cfg; class; dll; ex_; exe; fon; hlp; ico; icon; inf; ini; isu; java; jpa; kqp; mpe; msi; ocx; out; pcd; pcx; reg; sfw; sys; tag; ttf; and xp.

E. **Production of Redacted Documents**. To the extent that any document contains information that is redacted, such documents shall be produced in the form of a redacted TIFF Image, with the extracted text based off the redacted TIFF image.

F. **Production from Databases**. To the extent information from databases is requested, the Parties agree to meet and confer regarding the appropriate format of production and which fields are or may be subject to production.

G. **Bates Numbers.** Bates numbers and any confidentiality designations should be electronically branded on each produced image, or as otherwise provided in any discovery confidentiality order and/or protective order concerning protection of confidential or otherwise sensitive information that may be entered by the Court. The confidentiality designation shall be "burned" into the documents image (where applicable). No other legend or stamp will be placed on the document image. If the page identifier or legend inadvertently obliterates, conceals, or interferes with any information from the source document, the Receiving Party may request a legible copy. Additionally, Bates numbering should:

    a. be unique across the entire production in any given case;

    b. maintain a constant length (0-padded) across the entire production;

    c. contain no special characters or embedded spaces; and

    d. be sequential within a given document.

H. **Meet and Confer.** The Parties agree to meet and confer in good faith if there are any other file types that encounter difficulties in the TIFF'ing process and will discuss alternative production formats for such files if necessary.

I. **Compliance with Federal Rule of Civil Procedure 34.** Documents produced in compliance with this Stipulation shall be deemed to comply with Federal Rule of Civil Procedure 34(b)(2)(E).

## II. DE-DUPLICATION

A. A Party is only required to produce a single copy of a responsive document. Parties may de-duplicate globally within their own productions only.

B. If a Party de-duplicates ESI across custodians, the Party will produce the name of

each custodian who possessed the document in a Master Custodian (or similarly named) field, but will produce only the "Original Path" information for the custodian from whose files the record was produced.

C. Should a Producing Party elect to de-duplicate hard-copy documents, the threshold for de-duplication may not be set at less than 90%.

## III. CONFIDENTIALITY

The Parties incorporate the provisions of any discovery confidentiality order and/or protective order[1] concerning protection of confidential or otherwise sensitive information that may be entered by the Court. For the avoidance of doubt, nothing in this Stipulation shall supersede or alter any confidentiality order and/or protective order concerning the protection of confidential or otherwise sensitive information that may be entered by the Court.

## IV. REIMBURSEMENT OF COSTS

Except as specifically addressed herein, this Stipulation shall have no effect on any Producing Party's right to seek reimbursement for costs associated with collection, review, or production of documents or ESI.

## V. RESERVATION OF RIGHTS

Nothing in this Stipulation shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work product doctrine, bank examination privilege, or any other applicable privilege or immunity. The Parties reserve all objections as to the production, discoverability, admissibility, or confidentiality of documents and ESI.

---

[1] The Parties will submit separately a Stipulated Protective Order to be entered by the Court in this Action.

**VI.   CLAIMS OF PRIVILEGE**

By December 4, 2015, the parties will provide a privilege log that complies with the requirements of Federal Rule of Civil Procedure 26.  Where there is a chain of privileged e-mails, the Producing Party need only include one entry on the privilege log for the entire e-mail chain as long as the log entry identifies that the entry refers to an e-mail chain and lists all recipients.  E-mail attachments also need not be logged.  Redacted documents need not be logged as long as (a) for e-mails, the bibliographic information is not redacted and (b) for non-e-mail documents, the redaction is noted on the face of the document.

**VII.   ENCRYPTION**

To maximize the security of information in transit, any media on which documents are produced may be encrypted by the Producing Party.  In such cases, the Producing Party shall transmit the encryption key or password to the Requesting Party, under separate cover, contemporaneously with sending the encrypted media.  The Receiving Party agrees to follow the strictest security standards in guarding access to said data and in complying with any applicable confidentiality order.

**INTENTIONALLY LEFT BLANK – CONTINUED ON NEXT PAGE**

Stipulated and Agreed: November 13, 2015

_____
RICHARD M. GOLOMB
KENNETH J. GRUNFELD
STEVEN D. RESNICK
GOLOMB & HONIK, P.C.
1515 Market Street, Suite 1100
Philadelphia, PA 19102
Tel.: (215) 985-9177
Fax: (215) 985-4169
rgolomb@golombhonik.com
kgrunfeld@golombhonik.com
sresnick@golombhonik.com

TED TRIEF
BARBARA OLK
TRIEF & OLK
150 E. 58th Street, 34th Floor
New York, NY 10155
Tel.: (212) 486-6060
Fax: (212) 317-2946
ttrief@triefandolk.com
bolk@triefandolk.com

*Attorneys for Plaintiffs and the Proposed Class*

_____
NOAH A. LEVINE
ALAN E. SCHOENFELD
HANNA A. BAEK
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel.: (212) 230-8851
Fax: (212) 230-8888
noah.levine@wilmerhale.com
alan.schoenfeld@wilmerhale.com
hanna.baek@wilmerhale.com

*Attorneys for Defendants JPMorgan Chase & Co. and Chase Bank USA, N.A.*

Dated: November 13, 2015

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge