

**GOLOMB & HONIK**
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

1515 Market Street
Suite 1100
Philadelphia, PA 19102
Phone: 215-985-9177
Fax: 215-985-4169
www.golombhonik.com

Kenneth J. Grunfeld
kgrunfeld@golombhonik.com

December 10, 2015

The Honorable Paul A. Crotty      VIA CM/ECF ONLY
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
500 Pearl Street, Chambers 1350
New York, NY 10007

    Re:    *Harry Gao, et al. v. JP Morgan Chase, et al.*
            **USDC for the Southern District of New York; Case No: 1:14-cv-4281 (PAC)**

Dear Judge Crotty:

Pursuant to Your Honor's Individual Practices Rule #3(C), the Plaintiffs in the above-captioned matter write to request a conference with the Court to address a discovery dispute that has arisen between the parties involving the Defendants' responses to Plaintiffs' written discovery requests. On December 1, 2015, counsel for the parties met and conferred via telephone in an effort to resolve their disputes. However, the parties were unable to reach an agreement regarding four discrete categories of information and documents that the Plaintiffs are seeking and the Defendants have refused to provide. Specifically, those four categories are:

    **1.**    **The number and names of Defendants' customers whose accounts were terminated and the total number of points which were forfeited**

Plaintiffs attempted to obtain this information from multiple sources (*i.e.*, corporate databases and termination letters) and in multiple ways (Interrogatories 12 & 13 and Request for Documents 1, 2 & 7). In response to each attempt, the Defendants have refused to provide this information, claiming that they do not maintain it in their regular course of business and that they have no affirmative obligation to produce it.

Based on a review of Defendants' most recent document production and deposition testimony, it is obvious this information is kept by the Defendants and does exist. In fact, the Defendants' have produced several documents which show that Chase employees were specifically instructed to create and analyze this precise information. This type of information is clearly relevant and is in fact needed in any class action. Plaintiffs require this information for the identification of class members, numerosity, ascertainability, and to determine the financial impact of the Defendants' conduct for purposes of remedy and loss. Accordingly, such information should be produced, and to date, Defendants have refused to provide it either now or ever.

2. **Internal policies and/or procedures for terminating accounts and forfeiting rewards points**

The parties met and conferred, and Plaintiffs attempted to narrow these requests (Interrogatories 5 & 6 and Request for Documents 10 & 14) in a number of ways in order to obtain the desired set of documents reflecting *the reasons* and *the process* Chase undertakes in terminating accounts and forfeiting points – in other words, guidelines setting forth both the standards used and how Chase implements them, because it is axiomatic that this is done with some sort of formula (perhaps an algorithm in a database) and with written guidance from the company. Chase claims that providing documents that reflect its internal standards and process are irrelevant to this litigation and that they have satisfied our request by simply providing a list of reasons why an account may be terminated.[1] Chase further refuses to even produce documents reflecting the policies and procedures that went into the decisions to terminate the two class representatives' accounts. Why and how Chase goes about clsoing accounts and taking points goes to the heart of the Plaintiffs' claims, particularly the equitable claim for unjust enrichment to the extent that the decision is at all based on the cost savings of not having to

---

[1] Chase's response to Interrogatory 8 lists 22 distinct reasons that accounts are terminated, but Chase refuses to produce a single document reflecting these reasons.

redeem earned points on closed accounts. Therefore, this information is certainly calculated to lead to admissible evidence and should be produced.

### 3. Internal policies and summaries of customer complaints concerning forfeiture of points

Plaintiffs have received no documents in response to Request for Documents 11 & 12. In an effort to resolve this dispute, Plaintiffs agreed to narrow their original request, which was for the actual complaints that were made, to merely internal summaries of such information and only as they relate to the forfeiture of points (as opposed to account termination). Nevertheless, the Defendants have refused to produce any information regarding customer complaints, claiming that production would impose upon them an unreasonable burden this close to the discovery deadline. This information is imperative to Plaintiffs' case, as it establishes typicality and predominance, and shows a systematic pattern of activity with class-wide impact on class members.

### 4. Analysis or investigation regarding the revenue effects of point forfeiture

Plaintiffs have asked for the identification (Interrogatories 15 & 17) of such material and its production (Request for Documents 15), and the Defendants claim no such documents exist. However, having reviewed Defendants' productions (specifically, CBUSA00002102-5) and deposition testimony, it is clear that this information does exist, and, at a minimum, an Excel document entitled "Points Forfeited" is responsive and should be produced, along with any further discussion on revenue impact. This information is relevant to damages and is evidence of Plaintiffs' unjust enrichment claim.

Counsel for Defendants has been informed of the Plaintiffs' need for this information, but the parties have been unable to resolve these four issues. Accordingly, the Plaintiffs respectfully request a conference with the Court.[2]

---

[2] It is significant to note that the current discovery deadline in this case is December 11, 2015. Today the Plaintiffs' have also filed a letter-motion seeking to extend that deadline.

Respectfully,

Kenneth J. Grunfeld
**GOLOMB & HONIK, P.C.**

cc: All Counsel of Record (via CM/ECF)