WILMERHALE

December 11, 2015

**BY ECF**

Alan E. Schoenfeld

+1 212 937 7294 (t)
+1 212 230 8888 (f)
alan.schoenfeld@wilmerhale.com

The Honorable Paul A. Crotty
U.S. District Court, Southern District of New York
500 Pearl Street, Chambers 1350
New York, New York 10007-1312

Re:   *Gao v. JPMorgan Chase & Co. and Chase Bank USA, N.A.*, No. 14 Civ. 4281

Dear Judge Crotty:

I write on behalf of Defendants JPMorgan Chase & Co. and Chase Bank USA, N.A. Plaintiffs' request to extend discovery beyond today, December 11, 2015, should be denied.

To start, Plaintiffs' request comes too late. The Court's July 6, 2015 scheduling order requires that "[a]ny application to modify or extend shall be made … no less than two (2) days prior to the expiration of the date sought to be extended." Plaintiffs filed their request yesterday afternoon, the day before the deadline for fact discovery they now seek to extend. The request violates this Court's order and should be denied for this reason alone.

Plaintiffs' request is also meritless. Plaintiffs never so much as mention the "good cause" standard that applies to their request, and with good reason: "A finding of good cause depends on the diligence of the moving party," *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003), and Plaintiffs have been anything but diligent. Plaintiffs fault "the last-minute timing" of Defendants' discovery responses for their eleventh-hour request. Grunfeld Ltr. 1. The fault is Plaintiffs' own. Discovery opened on July 1, 2015, when the parties held their Rule 26(f) conference. The Court entered the parties' agreed scheduling order five days later, setting the close of fact discovery for December 11, 2015. Plaintiffs then waited *more than three months*—

WilmerHale

Hon. Paul A. Crotty
December 11, 2015
Page 2

until October 12, 2015—to serve their discovery requests.[1]  Plaintiffs claim that their delay was due to "an agreement to potentially informally exchange information to work towards an early resolution of the case."  Grunfeld Ltr. 2.  That is false; there was never any such agreement.  Any delay is Plaintiffs' own doing.[2]

Plaintiffs further fault Defendants for "withh[olding] production of several categories of documents."  Grunfeld Ltr. 1.  That misstates things.  As even Plaintiffs' counsel conceded, Plaintiffs' discovery requests sought irrelevant information and were vague and "broad as … written" (Plaintiffs' counsel's words).[3]  Defendants responded timely and in good faith, and proposed that the parties meet and confer to resolve Defendants' concededly well-founded objections.  (In the meantime, Defendants began to produce responsive documents and have continued to do so.  They have also each prepared and produced a corporate representative for deposition.)  Notwithstanding Plaintiffs' long delay in serving their requests and the impending

---

[1] Plaintiffs' claim (at 2) that "this is a complex and document intensive class action litigation" rings hollow.  When the parties met for their Rule 26(f) conference in July, Plaintiffs proposed only three months for fact discovery.  *See* Plaintiffs' Proposed Case Management Plan (July 1, 2015).  Plaintiffs evidently did not believe in July that this case presented any unique complexities; the case has not materially changed since then.

[2] In July, Defendants consented to Plaintiffs' request to defer the interim deadline for service of requests for production and interrogatories, reminding Plaintiffs that the parties could agree to extend only "interim discovery deadlines."  July 30, 2015 Schoenfeld email to Grunfeld.  In September, when Plaintiffs asked Defendants to consent to an adjournment of a status conference before the Court, Defendants again reminded Plaintiffs that "Judge Crotty's July 6 scheduling order remains in place and fact discovery closes December 11."  Sept. 29, 2015 Schoenfeld email to Grunfeld.  Plaintiffs were aware of the discovery deadline; they just chose to ignore it.

[3] For their part, Plaintiffs' responses to Defendants' discovery requests were—as their counsel conceded—"not accurate" and included "misstatements."  And while Ms. Socall produced documents, Mr. Gao did not produce a single one.

WILMERHALE

Hon. Paul A. Crotty
December 11, 2015
Page 3

close of discovery, they then waited two weeks, until December 1, to meet and confer. Defendants wrote to Plaintiffs on December 3 to memorialize the parties' meet and confer and explain what additional documents and information they were willing to produce, and on which objections they would stand. Defendants received no response—and indeed heard nothing on the matter until Plaintiffs informed Defendants yesterday of their intention to seek an extension of discovery. Simply put, Defendants have worked diligently to provide Plaintiffs with the discovery to which they are entitled, notwithstanding their inexcusable delay and indefensibly broad requests.[4] Having attempted to conduct discovery in only the last two months of a more-than-five-month fact discovery period, Plaintiffs should not be rewarded with yet more time.

Plaintiffs say that they have informed "Defendants that additional time is needed to depose newly identified witnesses." Grunfeld Ltr. 3. That is (again) false; it is also (again) meritless. Plaintiffs have never said anything about deposing "newly identified witnesses." In fact, Plaintiffs have never in five months of discovery noticed the deposition of *any* individual fact witness, notwithstanding Defendants' identification of relevant individuals in their initial disclosures (served in July) and interrogatory answers (served in November).

Plaintiffs' approach to this case has been indefensible. As evidenced by, among other things, Plaintiffs' dilatory third amendment to their complaint (*see* ECF No. 41), they have prosecuted this lawsuit with no diligence or dispatch, and with no regard for this Court's case-management deadlines—or for Defendants. Plaintiffs' request should be denied.

---

[4] Defendants even responded to Plaintiffs' untimely requests for admission, which Plaintiffs served October 12 notwithstanding a September 1 deadline, which Plaintiffs never asked—and Defendants never agreed—to extend.

WILMERHALE

Hon. Paul A. Crotty
December 11, 2015
Page 4

Respectfully submitted,


/s/ Alan E. Schoenfeld
Alan E. Schoenfeld