WILMERHALE

December 15, 2015

**Alan E. Schoenfeld**

+1 212 937 7294 (t)
+1 212 230 8888 (f)
alan.schoenfeld@wilmerhale.com

**BY ECF**

The Honorable Paul A. Crotty
U.S. District Court, Southern District of New York
500 Pearl Street, Chambers 1350
New York, New York 10007-1312

Re:    *Gao v. JPMorgan Chase & Co. and Chase Bank USA, N.A.*, No. 14 Civ. 4281

Dear Judge Crotty:

I write to respond to Plaintiffs' December 10 request for a discovery conference.  Dkt. 54.

Plaintiffs' chief complaint is that Defendants have wrongfully withheld "[i]nternal policies and/or procedures for … forfeiting rewards points" and "[a]nalysis or investigation regarding the revenue effects of point forfeiture."  Grunfeld Ltr. 2, 3.  But Plaintiffs have *never* asked for those documents or that information.  Each of the requests for production and interrogatories Plaintiffs point to in their letter concerns account termination, *not* point forfeiture.[1]  If Plaintiffs wanted the documents they highlight in their letter, they should have asked for them.[2]  Plaintiffs' attempt to compel production of documents they never requested should be rejected.[3]

---

[1]    *See, e.g.*, RFP 10 ("All policies, procedures, rules, and regulations concerning the *Termination of Accounts*[.]"); RFP 14 ("All documents concerning the policies and procedures by which you determine whether to *Terminate a cardholders' credit card Account*."); Interrogatory 5 ("Indentify [sic] and describe with particularity all policies, practices, and procedures you employed regarding the *Termination of the Accounts*[.]"); Interrogatory 6 ("Indentify [sic] and describe with particularity the processes and/or methodologies used in determining whether to *Terminate the Accounts* of Chase Cardholders."); Interrogatory 15 ("Identify all third parties … who have provided … services of any kind in connection with your policies, practices and procedures relating to the *Termination of credit card Accounts*."); Interrogatory 17 ("Describe with particularity all analyses performed regarding the costs, profitability, or potential or actual revenue generated by the *Termination of Accounts*[.]") (emphasis added for all).

[2]    Indeed, numerous requests for production and interrogatories—other than the ones cited in Plaintiffs' letter—concern point forfeiture (as opposed to, or in addition to, account termination).  *See, e.g.*, RFP 11 ("All documents concerning the policies and procedures by which you respond to customer questions, inquiries,

Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007
Beijing    Berlin    Boston    Brussels    Denver    Frankfurt    London    Los Angeles    New York    Oxford    Palo Alto    Washington

WILMERHALE

Hon. Paul A. Crotty
December 15, 2015
Page 2

Plaintiffs say they are entitled to "[t]he number and names of Defendants' customers whose accounts were terminated and the total number of points which were forfeited." Grunfeld Ltr. 1. But in the parties' meet and confer, Plaintiffs' counsel explicitly "conceded that putative classmembers' names and other personally identifying information are irrelevant to both the merits and class certification." Schoenfeld Ltr. to Grunfeld 1 (memorializing discussion). Nor are the total numbers of accounts closed and points forfeited necessary to establish numerosity, ascertainability, or "to determine the financial impact of the Defendants' conduct for purposes of remedy and loss." Grunfeld Ltr. 2. Chase Bank USA, N.A. has agreed not to make any numerosity arguments against any motion to certify a class identified in the operative complaint. Schoenfeld Ltr. to Grunfeld 2. Defendants have also calculated the number of points each Plaintiff forfeited when his or her accounts were closed (*id.*)—the only information Plaintiffs need to calculate the "financial impact" with respect to them. (No class has been certified, and Plaintiffs are thus not entitled to information concerning the amount of loss allegedly suffered by

---

complaints or demands for refunds or other compensation concerning the *Termination of Accounts and/or the Forfeiting of Points*[.]") (emphasis added).

[3]     Plaintiffs say that documents recently produced and deposition testimony establish that the information sought in their discovery requests is being wrongfully withheld. They badly misstate both the record and their requests. Plaintiffs have asked for documents showing the total number of points forfeited (RFP 2), organized by month and state (Interrogatories 12 and 13). That information is not maintained in the ordinary course of Chase Bank USA, N.A.'s business. As the bank's corporate representative testified—including with reference to CBUSA00002105, which Plaintiffs now cite (at 3) as evidence of additional responsive information—the only analyses of which he was aware were "ad hoc" reviews "done for the purposes of roughly estimating the impact" of certain changes in the point forfeiture policy associated with accounts closed for a small handful of reasons. Nor do the other documents Plaintiffs identify (at 3) suggest the existence of additional responsive information. The email chain Plaintiffs cite (starting at CBUSA00002102) makes no reference to any analysis or data regarding the number of points forfeited. And the embedded Excel spreadsheet Plaintiffs say Defendants failed to produce was in fact already produced (starting at CBUSA00002001).

WILMERHALE

Hon. Paul A. Crotty
December 15, 2015
Page 3

each putative classmember.)  Finally, there is no reason why any of this information is necessary

to establish the ascertainability of any class Plaintiffs may seek to certify.

Plaintiffs also say that they are entitled to "documents reflecting *the reasons* and *the*

*process* Chase undertakes in terminating accounts."  Grunfeld Ltr. 2.  Plaintiffs have all the

information they need—interrogatory responses and deposition testimony explaining in detail the

reasons why accounts are closed as a general matter, and specifically why Plaintiffs' accounts

were closed.  Plaintiffs have never explained—nor could they—why they need documents

reflecting the precise mechanics of terminating accounts for the numerous and varying reasons

spelled out in the interrogatory responses.

Finally, Plaintiffs say they are entitled to documents concerning Defendants' policies for

responding to complaints, as well as the complaints themselves (or some summary of them).

"Defendants," Plaintiffs say, "have refused to produce any information regarding customer

complaints."  Grunfeld Ltr. 3.  That is incorrect.  Defendants have produced numerous

documents—policies, scripts, letter verbiage, etc.—showing how Chase Bank USA, N.A.

responds to complaints and inquiries relating to the subject matter of this lawsuit.[4]  Defendants

reasonably objected to the burdensome exercise of manually reviewing records of individual

customer inquiries to determine which constitute complaints and whether they are relevant to this

case; even with a one-month extension of discovery, that objection remains well-founded.

---

[4]       Chase Bank USA, N.A. also prepared its corporate designee to testify to two Rule 30(b)(6) topics
concerning the bank's policies and procedures for recording, reviewing, and responding to customer complaints.
Plaintiffs did not ask a *single question* on those topics, choosing instead to ignore the topics specified in their notice
and take a fact deposition of the corporate designee.  Having elected not to explore these topics with a corporate
designee, they cannot now be heard to complain about the bank's purported failure to produce relevant information.

WILMERHALE

Hon. Paul A. Crotty
December 15, 2015
Page 4

Respectfully submitted,


/s/ Alan E. Schoenfeld
Alan E. Schoenfeld