## GOLOMB & HONIK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

1515 Market Street
Suite 1100
Philadelphia, PA 19102
Phone: 215-985-9177
Fax: 215-985-4169
www.golombhonik.com

Kenneth J. Grunfeld
kgrunfeld@golombhonik.com

December 31, 2015

The Honorable Paul A. Crotty          VIA CM/ECF ONLY
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
500 Pearl Street, Chambers 1350
New York, NY 10007

Re:   *Harry Gao, et al. v. JP Morgan Chase, et al.*
      **USDC for the Southern District of New York; Case No: 1:14-cv-4281 (PAC)**

Dear Judge Crotty:

Pursuant to Your Honor's Individual Practices Rule #3(C), the Plaintiffs in the above-captioned matter write to request a conference with the Court to address a new discovery dispute that has arisen between the parties.

### History of the Parties' Latest Discovery Dispute

Following the Plaintiffs' previous request for an extension of discovery, and the Defendants' opposition to that request, Your Honor entered an Order [D.E. # 56] on December 14, 2015 extending discovery up to January 8, 2016. Two days later, on December 16, 2015, Plaintiffs served upon Chase Bank USA N.A. (Chase) a Second Set of Requests for Production of Documents (RFD's) consisting of ten (10) new requests. Plaintiffs also served a letter with suggested search terms and custodians, and a request to meet and confer. Defendants responded by letter on December 21, 2015 stating that Plaintiffs' RFD's were untimely because Chase's

1

thirty (30) day deadline to respond would fall after January 8, 2016.[1] On December 23, 2015, counsel for the parties met and conferred via telephone in an effort to resolve their disputes. Following the call, both parties sent follow up letters. Chase confirmed that it would not be providing a response to the Plaintiffs' Second Set of RFD's. Accordingly, the parties were unable to resolve this issue and Plaintiffs now have no choice but to request a conference with the Court regarding Chase's refusal to respond to Plaintiffs' Second Set of RFD's.

**Chase is Required to Produce Responsive Documents**

Your Honor extended discovery in this matter twenty-five (25) days. *See* D.E. # 56. Chase's position is that this short period is not long enough for it to be required to produce documents responsive to Plaintiffs' RFD's. Chase has failed to provide any cases establishing that RFD's must be served at least thirty days prior to a completion of discovery when the discovery period itself is shorter than thirty days, and Plaintiffs have found no such case law on this point. Plaintiffs offered to allow Chase additional time beyond January 8th to provide responsive documents. Chase refused. The only possible interpretation of Chase's bombastic position is that Chase now contends that Your Honor purposefully did not allow for any written discovery to take place within this new discovery period established on December 14th.

Plaintiffs disagree, and believe that written discovery, including RFD's like those served on December 16th, was reasonably contemplated by Your Honor when the revised discovery schedule was entered. Otherwise, what would be the point of creating the new discovery period in the first place?

Chase's position is unwavering: that any written discovery during this discovery period would be untimely. As a result, all discussion regarding the substance of the Plaintiffs' requests has essentially been set aside. Plaintiffs have suggested search terms and custodians for Chase to

---

[1] Chase also claims that the RFD's are "improper," but given Chase's position that the RFD's are untimely and no response is warranted, the position that the RFD's are "improper" is moot.

2

conduct the search; Chase is not willing to discuss this procedure. Chase has also, as a backup position, claimed that each and every one of the ten (10) RFD's themselves are "improper" because the information could have been requested earlier. Plaintiffs fundamentally disagree, but regardless, the revised discovery period was not limited to requests that could have been made earlier. Furthermore, Chase's "improper" argument is moot, since it has refused to respond to the RFD's at all.

Counsel for Defendants has been informed of the Plaintiffs' need for this information, and that this issue would be raised with the Court today. Accordingly, the Plaintiffs respectfully request a conference with the Court to address this issue.

Respectfully,

Kenneth J. Grunfeld
**GOLOMB & HONIK, P.C.**

cc: All Counsel of Record (via CM/ECF)