WILMERHALE

January 4, 2016

**BY ECF**

Alan E. Schoenfeld

+1 212 937 7294 (t)
+1 212 230 8888 (f)
alan.schoenfeld@wilmerhale.com

The Honorable Paul A. Crotty
U.S. District Court, Southern District of New York
500 Pearl Street, Chambers 1350
New York, New York 10007-1312

Re:   *Gao v. JPMorgan Chase & Co. and Chase Bank USA, N.A.*, No. 14 Civ. 4281

Dear Judge Crotty:

I write to respond to Plaintiffs' December 31 request for a discovery conference.  ECF No. 58.

This is Plaintiffs' second request for a discovery conference before the Court.  Their complaint this time is that Chase Bank USA, N.A. ("CBUSA") has refused to respond to their new requests for production, served December 16, 2015—23 days before the end of the extended fact-discovery period.  As CBUSA has explained to Plaintiffs, the case law uniformly holds that—absent an order of the court or agreement of the parties under Federal Rule of Civil Procedure 34(b)(2)(A)—written discovery served less than 30 days before the close of discovery is untimely and need not be answered by the receiving party.[1]  Plaintiffs never asked the Court for such an order, and nothing in that case law—which Plaintiffs nowhere mention in their letter—and nothing in the Federal Rules of Civil Procedure or the Local Rules, requires a different result because the fact-discovery period was extended.

---

[1]   *See, e.g.*, *Watkins v. Chang & Son Enter. Inc.*, 2008 WL 4682332, at *1 (E.D.N.Y. Oct. 21, 2008) (denying request "as untimely, as it was not served at least thirty days in advance of the … fact discovery deadline" (citing, *e.g.*, *Jones v. Hirschfeld*, 2003 WL 21415323, at *4 n.13 (S.D.N.Y. June 19, 2003); *Gavenda v. Orleans Cnty.*, 182 F.R.D. 17, 20 (W.D.N.Y. 1997))); *accord, e.g.*, *Miller v. Rufion*, 2010 WL 4137278, at *1 (E.D. Cal. Oct. 19, 2010) (denying untimely discovery request; "discovery requests must be served *at least* 30 days prior to the discovery deadline" (citing *Thomas v. Pacificorp*, 324 F.3d 1176, 1179 (10th Cir. 2003))).

WILMERHALE

Hon. Paul A. Crotty
January 4, 2016
Page 2

As Plaintiffs note (at 2 n.1, 3), CBUSA also takes the position that their new requests for production are improper at this stage of the litigation.  Plaintiffs wrote to the Court on December 10, the day before the close of fact discovery, to request a 60-day extension of the fact-discovery period.  That extension was necessary, they told Your Honor, "to depose newly identified witnesses and obtain documents both already sought and additional materials *given what has been uncovered from the documents just recently produced*."  ECF No. 53 at 2-3 (emphasis added).  But Plaintiffs' broad-ranging second requests for production—the ones about which they complain in their December 31 letter to the Court—have *nothing* to do with information "uncovered" in CBUSA's document production.  They are scorched-earth, scattershot, and entirely new requests for "all" or "any" documents that Plaintiffs could have, but did not, ask for months ago.  *See, e.g.*, Second RFP 2 ("All documents concerning the policies and procedures by which you determine whether to Forfeit a cardholders' [sic] Points.").

Plaintiffs appear to believe that this Court's order extending the fact-discovery period (for a time far shorter than Plaintiffs requested) gave them a "do over"—an opportunity to conduct all the time-intensive document discovery that they could have, but did not, conduct during the initial five-month period set for fact discovery, when they instead waited until there was less than nine weeks left even to serve their initial requests.  Plaintiffs' view is inconsistent with their representations to the Court and is gravely unfair to CBUSA, which conducted discovery in good faith during the initial fact-discovery period—answering Plaintiffs' interrogatories, responding to Plaintiffs' requests for production, and even answering Plaintiffs' untimely requests for admission (*see* ECF No. 55 at 3 n.4).  CBUSA should not, on account of Plaintiffs' lack of

WILMERHALE

Hon. Paul A. Crotty
January 4, 2016
Page 3

diligence, now be put to the extraordinary burden of compressing several additional months' discovery into little over three weeks.

Plaintiffs posit (at 2) that, if CBUSA was under no obligation to respond to their new requests for production, there was no "point [in] creating the new discovery period in the first place[.]" Plaintiffs know that is untrue: They conspicuously neglect to mention that they noticed three additional fact depositions to be taken during the extended fact-discovery period and that CBUSA offered each of the three witnesses for deposition.[2]

CBUSA has conducted discovery in good faith. It should not be penalized for Plaintiffs' lack of diligence and dispatch, and the applicable rules do not allow for Plaintiffs' untimely, sprawling production requests. Fact discovery should now draw to a close; CBUSA is prepared to move on to class certification and the merits.

Respectfully submitted,

/s/ Alan E. Schoenfeld
Alan E. Schoenfeld

---

[2] As a result of Plaintiffs' counsel's own unavailability, only two of the three depositions are scheduled to occur. It bears noting, in any event, that two of the three witnesses noticed for deposition were identified in CBUSA's interrogatory responses, well before the initial December 11 deadline for the close of fact discovery. They are not among the purported "newly identified witnesses" Plaintiffs told this Court they intended to depose during the extended fact-discovery period. As to the third witness, who was not identified in CBUSA's interrogatory responses, his deposition is set for January 6.