UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-18-16
```

HARRY GAO and ROBERTA SOCALL, )
on behalf of themselves and )
all others similarly situated, )
                                                     )    Case No. 1:14-cv-04281-PAC
            Plaintiffs, )
v. )
                                                    )
JPMORGAN CHASE & CO. and )
CHASE BANK USA, N.A. )
            Defendants. )

[proposed] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, PROVISIONALLY CERTIFYING SETTLEMENT CLASS, <u>DIRECTING NOTICE, AND SCHEDULING FINAL APPROVAL HEARING</u>

Upon review and consideration of Plaintiffs' unopposed Motion for Preliminary Approval of Class Action Settlement, the Settlement Agreement and Release ("Agreement"), and the exhibits attached thereto, it is HEREBY ORDERED, ADJUDGED, and DECREED as follows:

## I. PRELIMINARY APPROVAL OF THE SETTLEMENT AGREEMENT

1. The Court has reviewed the Agreement, pleadings, and proceedings to date in this matter. The definitions in the Agreement are hereby incorporated as though fully set forth in this Preliminary Approval Order, and capitalized terms shall have the meanings attributed to them in the Agreement.

2. The Parties have agreed to resolve the above-captioned matter upon the terms and conditions set forth in the Agreement filed with the Court. The Agreement, including all exhibits thereto, is preliminarily approved as sufficiently fair, adequate, and reasonable to authorize dissemination of the Notice described below. In making this determination, the Court has

considered the current posture of this litigation and the risks and benefits to the Parties involved in both Settlement of these claims and the continuation of the litigation, and finds that the Settlement between the Settlement Class and JPMorgan Chase & Co. ("JPMC") and Chase Bank USA, N.A. ("CBUSA," and collectively with JPMC, "Chase") was arrived at by arm's-length negotiations by experienced counsel, and is in the best interests of the Plaintiffs and the Settlement Class Members.

## II. THE SETTLEMENT CLASS, THE CLASS REPRESENTATIVES, AND PLAINTIFFS' CLASS COUNSEL

3. The Court has jurisdiction over the subject matter and parties to this proceeding pursuant to 28 U.S.C. § 1332.

4. Venue is proper in this District.

5. The Court provisionally certifies the following class pursuant to Rule 23(b)(3) and (e) for settlement purposes only (the "Settlement Class"):

> All Chase Bank USA, N.A. ("CBUSA") cardmembers in the United States whom CBUSA identifies as having forfeited rewards points, from June 2009 to Preliminary Approval, upon the closure of their CBUSA credit-card account(s) by CBUSA for the reason or reasons for which Plaintiffs' CBUSA accounts were closed, and who were not given the opportunity to redeem those rewards points post-closure.

6. Excluded from the Settlement Class are (i) all current employees, officers, and directors of CBUSA or JPMC, and (ii) the judge presiding over this Action and his staff.

7. The Court designates Plaintiffs Harry Gao and Roberta Socall ("Plaintiffs") as named class representatives of the certified Settlement Class.

8. The Court appoints Class Counsel to represent the Settlement Class as follows:

| | |
|---|---|
| GOLOMB & HONIK, P.C.<br>Richard M. Golomb<br>Kenneth J. Grunfeld<br>1515 Market Street, Suite 1100<br>Philadelphia, PA 19102<br>Tel.: (215) 985-9177<br>Fax: (215) 985-4169 | TRIEF & OLK<br>Ted Trief<br>Barbara Olk<br>150 E. 58th Street, 34th Floor<br>New York, NY 10155<br>Tel.: (212) 486-6060<br>Fax: (212) 317-2946 |

For purposes of these preliminary approval proceedings, the Court finds that these attorneys are competent and capable of exercising their responsibilities as Class Counsel and have fairly and adequately represented the interests of the Settlement Class for settlement purposes.

9. The Court finds, for settlement purposes only and conditioned upon the entry of this Order, the Final Approval Order, and the occurrence of the Effective Date, that the prerequisites for a class action under Rules 23(a) and (b)(3) and (e) of the Federal Rules of Civil Procedure have been satisfied. The Court finds, in the specific context of this Settlement only, that the following requirements are met: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) Plaintiffs' claims are typical of the claims of the Settlement Class Members they seek to represent for purposes of Settlement; (d) Plaintiffs have fairly and adequately represented the interests of the Settlement Class and will continue to do so, and Plaintiffs have retained experienced counsel to represent them; (e) the Settlement Class is both precise and ascertainable; (f) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (g) a class action provides a fair and efficient method for settling the controversy under the criteria set forth in Rule 23.

10. The Court also concludes that, because this case is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a class action involving the issues in this case.

11. The Court finds that the Settlement falls within the range of reasonableness because it includes a meaningful amount of cash benefits relative to the merits of Plaintiffs' claims and Chase's defenses, and also because the Settlement has key indicia of fairness, in that: (i) the negotiations occurred at arm's length and involved an experienced private mediator; (ii) there was extensive litigation and discovery; and (iii) the proponents of the Settlement are experienced in similar litigation. The Court further finds that there is a sufficient basis for notifying the Settlement Class of the proposed Settlement, and for enjoining Settlement Class Members from proceeding in any other action pending the Court's determination of whether it should grant Final Approval of the Settlement.

## III. THE SETTLEMENT AGREEMENT, CLASS NOTICE, AND SETTLEMENT ADMINISTRATION

12. The Court approves the terms of the Agreement, the entirety of the form and content of the Notice Program, and the procedures for Settlement Class Members to exclude themselves from the Settlement Class or to object to the Settlement, as well as the form and content of the Notice and the Claim Form attached as exhibits to the Agreement.

13. The Court approves the establishment of a Settlement Website as described in the Agreement (i.e., www.chaserewardsprogramsettlement.com or such other URL as Class Counsel and Chase may subsequently agree upon in writing), which shall include the Agreement, Long Form Notice, Orders of the Court relating to the Settlement, any application for attorneys' fees, costs, and Plaintiffs' Service Awards, and such other information as Chase's counsel and Class Counsel mutually agree would inform the Settlement Class regarding the Settlement. The

Settlement Website shall also include a printable and downloadable Claim Form, and allow Settlement Class Members to file Claims online through the Settlement Website.

14. The Court also approves the establishment of a Post Office box and a toll-free telephone line, which shall be provided to Settlement Class Members via Notice and the Settlement Website.

15. The Court hereby appoints Kurtzman Carson Consultants as the Settlement Administrator. As set forth in detail in the Agreement section VI, the Settlement Administrator shall be responsible for, without limitation:

   a. Obtaining and processing the data provided by Chase for Mail Notice;

   b. Establishing a Settlement Website, Post Office box and toll-free telephone line;

   c. Responding to requests and other inquiries from Settlement Class Members, and forwarding written inquiries to the Parties if warranted;

   d. Printing, mailing, or arranging for the dissemination of Mail Notice;

   e. Handling returned mail not delivered to Settlement Class Members;

   f. Receiving and maintaining on behalf of the Court any Settlement Class Member correspondence regarding requests for exclusion and/or objections to the Settlement;

   g. Paying any taxes from the Settlement Fund that may arise;

   h. Reviewing and determining the validity of all Claims filed;

   i. Processing and transmitting distributions to Settlement Class Members from the Settlement Fund;

   j. Paying invoices, expenses, and costs upon approval by Class Counsel and Chase; and

   k. Carrying out such other responsibilities as are provided for in the Agreement or may be ordered by the Court or agreed to by the Parties.

16.     The following sets forth deadlines regarding the duties of the Settlement Administrator:

    a.  Within 25 days of Preliminary Approval, Chase shall provide the Settlement Administrator with data of the Settlement Class Members, as provided in paragraph 46 of the Agreement.

    b.  Within 25 days of Preliminary Approval, the Settlement Administrator shall establish and make operational the Settlement Website, Post Office box and toll-free telephone line and post, among other things, the Preliminary Approval and Long-Form Notice on the Settlement Website;

    c.  Within 60 days of Preliminary Approval, the Settlement Administrator shall implement and complete the Mail Notice Program;

    d.  Within 7 days after the Settlement Administrator completes the Mail Notice Program, the Settlement Administrator shall provide the Class Counsel and Chase with an affidavit that confirms that the Notice Program was completed in a timely manner.

17.     The Court finds that the Notice Program is reasonable, that it constitutes due, adequate, and sufficient notice, and that it meets the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure. Specifically, the Court finds that the Notice Program complies with Rule 23(e) of the Federal Rules of Civil Procedure as it is a reasonable manner of providing notice to those Settlement Class Members who would be bound by the Settlement. The Court also finds that the Notice Program complies with Rule 23(c)(2), as it is also the best form and manner of notice practicable under the circumstances and is reasonably calculated, under all the circumstances, to apprise the Settlement Class Members of the pendency of the litigation, the terms of the Settlement, and their right to object to the Settlement or exclude themselves from the Settlement Class.

18.     Settlement Class Members will have until [90 days after the Notice Deadline] to submit a Claim, which is due, adequate, and sufficient time.

## IV. REQUESTS FOR EXCLUSION

19. Each Settlement Class Member who wishes to be excluded from the Settlement Class and follows the procedures set forth in this Section and paragraph 54 of the Agreement shall be deemed a Settlement Class Opt-Out. Any Settlement Class Member wishing to opt out of the Settlement must send to the Settlement Administrator by U.S. Mail using the contact information identified in the Notice attached to the Agreement and approved herein, written request to opt out or be excluded from the Settlement.

20. The request must include:

   a. The individual's name and address;

   b. A statement that he or she wants to be excluded from the Settlement in *Gao, et al. v. JPMorgan Chase & Co., et al.*, S.D.N.Y., No. 14 Civ. 4281, and;

   c. The individual's signature.

21. Any request for exclusion or opt out must be postmarked on or before [60 days after the Notice Deadline]. The date of the postmark on the return mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted.

22. All Settlement Class Opt-Outs shall not be Settlement Class Members, shall not be bound by the Agreement or the Final Approval Order, and shall relinquish their rights to submit a Claim or receive benefits with respect to the Agreement, should it be approved.

23. All Settlement Class Opt-Outs shall relinquish their rights to object to the Settlement and may not file an objection to the Agreement or any pleading related to the Settlement, including any application for attorneys' fees, costs, and Service Awards.

24. Any Settlement Class Member who does not become a Settlement Class Opt-Out shall be bound by all the terms and provisions of the Agreement, including any Release set forth

7

therein, the Final Approval Order, whether or not such Settlement Class Member objected to the Settlement or submitted a Claim.

25. The Settlement Administrator shall provide copies of any requests for exclusion to the Court, Class Counsel, and Chase counsel upon request and as provided in the Agreement.

26. In the event that the number of valid Settlement Class Opt-Outs equals or exceeds the number specified in a separate letter executed concurrently with the Settlement by Class Counsel and Chase pursuant to paragraph 90 of the Agreement, Chase, in its sole discretion, may terminate the Settlement pursuant to the terms in the Agreement. The number shall be confidential except to the Court, who shall upon request be provided with a copy of the letter for *in camera* review. In the event that the Settlement is terminated pursuant to this provision, Plaintiffs and Chase will be returned to the *status quo ante* as if no settlement had been negotiated or entered into.

## V. OBJECTIONS

27. Each Settlement Class Member who does not become a Settlement Class Opt-Out and who wishes to object to any aspect of the Settlement, including the requested attorneys' fees, costs, or Service Awards, must deliver an objection to the Court, either electronically filed via ECF or mailed to the Court, with copies sent to Class Counsel and Chase's counsel.

28. Unless electronically filed via ECF, objections, along with any supporting materials, should be sent via first-class mail, postage prepaid, to:

*The Court:*

> Clerk of the Court
> UNITED STATES DISTRICT COURT
> FOR THE SOUTHERN DISTRICT OF NEW YORK
> 500 Pearl Street
> New York, New York 10007-1312

*Class Counsel:*

    Richard M. Golomb, Esquire
    Kenneth Grunfeld, Esquire
    GOLOMB & HONIK, P.C.
    1515 Market Street, Suite 1100
    Philadelphia PA 19102

*Counsel for Chase:*

    Noah A. Levine, Esquire
    Alan E. Schoenfeld, Esquire
    WILMER CUTLER PICKERING HALE AND DORR LLP
    7 World Trade Center
    250 Greenwich Street
    New York, NY 10007

29. Objections must be electronically filed, or mailed, with a copy to Class Counsel and Chase's counsel (as specified in Paragraph 28 above), on or before [60 days after the Notice Deadline]. If mailed, the date of the postmark on the return mailing envelope shall be the exclusive means used to determine whether an objection has been timely submitted.

30. For an objection to be considered by the Court, the objection must also provide all the information set forth in paragraph 56 of the Agreement that will be posted on the Settlement Website.

31. No Settlement Class Member or counsel hired at the Settlement Class Member's own expense shall be entitled to be heard at the Final Approval Hearing unless the objector or his or her attorneys who intend to make an appearance at the Final Approval Hearing state their intention to appear in the objection in accordance with this Section.

32. Any Settlement Class Member who fails to file and serve a valid written objection in the manner specified above and in the Agreement shall be deemed to have waived all

objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

## VI. STAY OF LITIGATION

33. Pending the Final Approval Hearing, all proceedings in this litigation, other than proceedings necessary to carry out or enforce the terms and conditions of the Agreement and this Order, are stayed.

34. Pending the Final Approval Hearing and the Effective Date, no Releasing Party shall commence, continue, or prosecute any Released Claim against any of the Released Parties in any court or tribunal. Pursuant to 28 U.S.C. § 1651(a) and § 2283, the Court finds that issuance of this injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over this litigation. Upon the Effective Date, all Settlement Class Members (excepting Settlement Class Opt-Outs) shall be forever enjoined and barred from asserting any of the Released Claims pursuant to the Agreement against any of the Released Parties, and all Settlement Class Members (excepting Settlement Class Opt-Outs) shall be deemed to have forever released all Released Claims as provided for in the Agreement.

## VII. CLASS SETTLEMENT FUND

35. The Court finds that the Settlement Fund is to be a "qualified settlement fund" (QSF) as defined in Section 1.468B-1(c) of the Treasury Regulations in that it satisfies each of the following requirements:

    a. The Settlement Fund is to be established pursuant to an Order of this Court and is subject to the continuing jurisdiction of this Court;

    b. The Settlement Fund is to be established to resolve or satisfy one or more claims that have resulted or may result from an event that has occurred and that has given rise to at least one claim asserting liabilities; and

c. The assets of the Settlement Fund are to be segregated from other assets of Chase, the transferor of the payment to the Settlement Fund.

## VIII. SCHEDULE OF DATES AND THE FINAL APPROVAL HEARING

36. The Final Approval Hearing shall be held before this Court located at 500 Pearl Street in New York City, New York 10007-1312 on April 10, 2017, 2016 [no earlier than 30 days after the Claim Deadline], at 4:00 a.m./p.m., in Courtroom 14C to determine whether the Agreement is fair, reasonable, and adequate and should receive Final Approval. The Court will rule on Plaintiffs' Class Counsel's separate application for fees and costs and any Plaintiffs' Service Award (the "Fee and Service Award Application"), at or after that time.

37. In summary, the relevant dates for the Settlement approval process are as follows:

| Event | Date |
| --- | --- |
| Chase shall provide the Settlement Administrator with data of the Settlement Class Members | 25 days after Preliminary Approval |
| Settlement Administrator shall post the Preliminary Approval Order and Long-Form Notice on the Settlement Website | 25 days after Preliminary Approval |
| Settlement Administrator shall implement and complete the Mail Notice Program | 60 days after Preliminary Approval |
| Settlement Administrator shall provide the Parties with an affidavit that confirms that the Notice Program was completed in a timely manner | 7 days after Mail Notice Program is completed |
| Filing deadline for Plaintiffs' Motion for attorneys' fees, costs and Service Awards | 39 days after the Notice Deadline (21 days before the Objection and Opt-Out Deadlines) |
| Objection and Opt-Out Deadlines | 60 days after the Notice Deadline |

11

| Claim Deadline | 90 days after the Notice Deadline |
|---|---|
| Filing Deadline for Plaintiffs' Motion for Final Approval | 14 days before the Final Approval Hearing |
| Final Approval Hearing | |

38. These dates may be extended by order of the Court, for good cause shown, without further notice to the Settlement Class, except that notice of any such extensions shall be posted to the Settlement Website. Members of the Settlement Class should check the Settlement Website regularly for updates and further details regarding extensions of these deadlines.

## IX. EFFECT ON SETTLEMENT OF FAILURE TO REACH THE EFFECTIVE DATE

39. In the event the Agreement is not approved by the Court, or for any reason the Parties fail to obtain a Final Approval Order, or the Agreement is terminated pursuant to its terms, or the Effective Date does not occur as set forth in the Agreement, the parties reserve all of their rights, including the right to continue with the litigation and all claims and defenses pending at the time of the Settlement, including with regard to any effort to certify the case as a class action.

40. As set forth in Paragraph 39 above, in the event the Effective Date does not occur as set forth in the Agreement, then the following shall apply:

    a. Parties to the Action shall stand in the same position as if the Settlement Agreement had not been negotiated, made, or filed with the Court such that all of the Court's prior orders having nothing to do with Settlement shall, subject to this Order, remain in force and effect;

    b. All orders and findings entered in connection with the Settlement Agreement, including the provisional certification of the Settlement Class, shall become null and void and have no force and effect whatsoever, shall not be used or referred to for any purposes whatsoever, shall not be admissible or discoverable in this or any other proceeding, and shall be vacated automatically;

    c.    Nothing contained in this Order is to be construed as a presumption, concession, or admission by or against Chase or Plaintiffs of any default, liability, or wrongdoing as to any facts or claims alleged or asserted, and;

    d.    Nothing in this Order or pertaining to the Agreement, including any of the documents or statements generated or received pursuant to the claims administration process, shall be used as evidence in any further proceeding in this case, including, but not limited to, motions or proceedings seeking treatment of the case as a class action.

## X. OTHER PROVISIONS

41. Any Settlement Class Member (excepting Settlement Class Opt-Outs) may enter an appearance in this litigation, at his or her own expense, individually or through counsel. All Settlement Class Members who do not enter an appearance will be represented by Class Counsel.

42. The Final Approval Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class. After the Fairness Hearing, the Court may enter a Final Approval Order in accordance with the Agreement that will adjudicate the rights of the Settlement Class Members with respect to the claims being settled.

43. Class Counsel and Chase counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the Agreement, to the form or content of the Notice, or to the form or content of any other exhibits attached to the Agreement, that the Parties jointly agree are reasonable and necessary, and which do not materially limit the rights of Settlement Class Members under the Agreement.

44. This Court shall maintain continuing jurisdiction over these Settlement proceedings to assure the effectuation thereof for the benefit of the Settlement Class.

IT IS SO ORDERED, this 18th day of October, 2016.

BY THE COURT:

*[signature]*

**UNITED STATES DISTRICT JUDGE**

Paul A. Crotty, U.S.D.J