## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Harry Gao and Roberta Socall, on behalf of themselves and all others similarly situated, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )     Docket No: 1:14-cv-4281 (PAC)<br>) |
| JP Morgan Chase & Co., and Chase Bank USA, N.A., | )<br>)<br>) |
| Defendants. | ) |

**<u>MEMORANDUM IN SUPPORT OF PLAINTIFFS'
UNOPPOSED UPDATED MOTION FOR APPROVAL OF ATTORNEYS' FEES,
SERVICE AWARDS, AND REIMBURSEMENT OF COSTS</u>**

**TABLE OF CONTENTS**

**PAGE**

I. INTRODUCTION ........................................................................................................... 1
II. REFERENCE TO PREVIOUSLY FILED FEE BRIEF........................................................ 2
III. CLASS COUNSEL'S UPDATED REQUEST FOR ATTORNEYS' FEES ......................... 3
    A. The Goldberger Factors Support Class Counsels' Updated Fee Request ..................... 4
    B. The Updated Lodestar Cross Check Continues to Support the Fee Award Requested. ................................................................................................. 6
IV. CLASS COUNSEL'S REQUEST FOR SERVICE AWARDS ON BEHALF OF CLASS REPRESENTATIVES ....................................................................................... 7
V. CLASS COUNSEL'S REQUEST FOR COSTS..................................................................... 7
VI. CONCLUSION............................................................................................................... 8

# TABLE OF AUTHORITIES

**PAGE**

**CASES**

*Detroit v. Grinnell Corp.*,
  495 F.2d 448 (2d Cir. 1974). ............................................................................................. 5

*Frank v. Eastman Kodak Co.*,
  228 F.R.D. 174 (W.D.N.Y. 2005) ...................................................................................... 5

*Goldberger v. Integrated Res., Inc.*,
  209 F.3d 43 (2d Cir. 2000) ................................................................................................ 2

*In re Gilat Satellite Networks, Ltd.*,
  No. 02 Civ. 1510, 2007 U.S. Dist. LEXIS 68964 (E.D.N.Y. Sept. 18, 2007) ............................. 6

*In re Prudential Sec. Inc. Ltd. P'ship Litig.*,
  912 F. Supp. 97, 100 (S.D.N.Y. 1996). .............................................................................. 4

*Mohney v. Shelly's Prime Steak, Stone Crab & Oyster Bar*,
  No. 06 CIV 4270 (PAC), 2009 WL 5851465, at *6 (S.D.N.Y. Mar. 31, 2009) ..................... 6

*Stefaniak v. HSBC Bank USA, N.A.*,
  No. 1:05-CV-720 S, 2008 WL 7630102, at *3 (W.D.N.Y. June 28, 2008) ............................. 6

*Velez v. Majik Cleaning Serv., Inc.*,
  No. 03 Civ. 8698, 2007 U.S. Dist. LEXIS 46223 at *25 (S.D.N.Y. June 22, 2007) ................ 5

Plaintiffs, HARRY GAO and ROBERTA SOCALL (collectively, "Plaintiffs"), by and through their counsel, hereby submit this Memorandum of Law in support of their updated Motion for Attorneys' Fees, Costs and Service Awards pursuant to the Court's Amended Order granting Preliminary Approval [D.E. 72] (PA Order), Supplemental Notice Approval Order Granting Joint Motion to Reschedule the Final Approval Hearing and Approving Supplemental Notice [D.E. 85] (Sup. Notice Approval Order), and Federal Rule of Civil Procedure 23(b)(3) and (e).

## I. INTRODUCTION

On January 25, 2017, Court-appointed Class Counsel Golomb & Honik and Trief & Olk ("Class Counsel") filed their original motion and memorandum of law seeking attorneys' fees, costs and Service Awards. [D.E. 74-76]. From a legal perspective, nothing has changed since then.

However, the timing and procedural posture of the case has changed in a meaningful way. After Preliminary Approval was entered on October 25, 2016 [D.E 72], and the Mail Notice Program was completed, the Parties were alerted to an issue concerning Settlement Class Member Accounts appearing to have fractional reward points. *See* Declaration of Kenneth Grunfeld in Support of Plaintiffs' Updated Motion for Approval of Attorneys' Fees and Service Awards, and Reimbursement of Costs ("Updated Fee Declaration") at ¶ 5. After review of the relevant information, it was ultimately determined that 7,749 of the 65,984 total Settlement Class Member Accounts (just under 12%) earned their rewards in dollars, not points. The fractional forfeitures associated with these Accounts thus reflected cents, and not fractions of points. *Id.* at ¶ 7.

Realizing this was an important matter that could be remedied with time and effort, the Parties filed a motion to postpone Final Approval and created a proposed Supplemental Notice plan to fix the oversight. *Id.* at ¶ 8. The motion was filed on March 23, 2017, along with a fully executed Modification and Supplement to the Settlement Agreement and Release. [D.E. 83-84].

On April 3, 2017, the Court entered an Order agreeing to the proposed Supplemental Notice plan and materials and rescheduling the Final Approval Hearing. *See* Sup. Notice Approval Order [D.E. 85].

Since then, the Parties and the administrator has worked to successfully meet the deadlines set forth in the Supplemental Notice Approval Order. *See* Updated Fee Declaration at ¶ 12. Consequently, given the additional work required to meet the obligations of supplemental notice, and the additional amount of money allotted for the Settlement Fund in the case, Class Counsel submits this brief in Support of the Updated Motion for Approval of Attorneys' Fees, Service Awards, and Reimbursement of Costs.

## II. REFERENCE TO PREVIOUSLY FILED FEE BRIEF

For purposes of efficiency, and so as not to burden the Court with a duplicative and unnecessarily repetitive filing, Class Counsel hereby incorporates by reference its January 25, 2017 filings. [D.E. 74-76]; *see* Updated Fee Declaration at ¶ 4. Accordingly, there is no reason to repeat here the case history (prior to January of 2017), including the background of the litigation and the settlement discussions. Nor is there a need to re-iterate the legal support for Class Counsel's request that it is entitled to a reasonable fee of one-third of the Settlement Fund. Applying the percentage-of-the-fund method is still the preferred method in the Second Circuit in common fund consumer class action settlement cases like this one. In addition, the *Goldberger* factors that supported Class Counsels' fee application previously still apply (*see Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000)), though we will also address here how those factors apply to the updated request given the supplemental notice and additional efforts required. Finally, Class Counsel's requests for litigation expenses and Service Awards for the two Class Representatives has not changed at all. Nevertheless, we will address these requests again as they specifically relate to the updated request in this brief.

## III. CLASS COUNSEL'S UPDATED REQUEST FOR ATTORNEYS' FEES

On January 25, 2017, Class Counsel sought an award of attorneys' fees of $695,000.00, representing one-third of the $2,085,000 Settlement Fund in this matter. *See* original Fee Declaration [D.E. 76] at ¶¶ 4, 9.

However, as set forth above, an inadvertent mistake in the way information was provided to Class Members in the original notice plan caused the Parties to undervalue the Settlement. 7,749 Accounts received inaccurate information: their reward point forfeitures were listed in terms of *reward points*, not *dollars and cents*, as they should have been. Updated Fee Declaration at ¶ 7. The consequence of this was that the total equivalent number of Forfeited Points for these Accounts was underreported by a factor of 100. *Id.* For example, if the Mail Notice for an affected Account stated that the Settlement Class Member had 10.25 Points Forfeited, she in fact had forfeited the equivalent of 1,025 Points (or $10.25). *Id.*

To address this issue, the Parties immediately recognized that supplemental notice was required, and has subsequently been effectuated. *Id.* at ¶ 8. The Parties entered into a Modification and Supplement to the Agreement, which was approved by the Court on April 3, 2017. [D.E. 85]; Updated Fee Declaration at ¶ 11. In addition to setting forth in detail the parameters of the Supplemental Notice, the Modification Agreement increases the Settlement Fund ratably based on the number of Forfeited Points affected to account for the corrected number of Forfeited Points. Specifically, the Parties agreed to an increase of the Settlement Fund by $210,000.00, increasing the total cash consideration to be provided by Chase pursuant to the Settlement from $2,085,000.00 to $2,295,000.00. *Id.* at ¶ 13. Based on, among other things, the increased Settlement Fund and additional time and effort required due to the Supplemental Notice requirements, Class counsel seeks a proportionate increase in fees, to $765,000. *Id.* at ¶ 14. This $70,000 increase in fees is reasonable and justified, as set forth herein. *Id.*

### A. The *Goldberger* Factors Support Class Counsels' Updated Fee Request

The six factors for courts in the Second Circuit to consider in determining the reasonableness of fee applications are:

(1) the time and labor expended by counsel;
(2) the magnitude and complexities of the litigation;
(3) the risk of litigation;
(4) the quality of representation;
(5) the requested fee in relation to the settlement; and
(6) public policy considerations.

*Goldberger,* 209 F.3d at 50 (quotations omitted). These factors weigh in favor of Class Counsel's updated fee application here.

First, a significant amount of additional time has been required based on the identification of the inadvertent reward points error and the supplemental notice plan. *See* Updated Fee Declaration at ¶ 9. Class Counsel was required to spend a significant amount of time working with opposing counsel, Chase, and the administrator to understand the mistake, how it occurred, and identify and calculate the scope of the problem. *Id.* at ¶¶ 9-12. In addition, Class Counsel then had to create and negotiate a Supplemental Notice plan that addressed the problem, and re-brief the issues. *See id*. As a result, Class Counsel expended 128 additional hours since identifying the rewards point error. *Id.* at ¶ 15-6 (for an aggregate additional lodestar of $55,390.00).

Second, the complexity of the issues is a significant factor to be considered. *In re Prudential Sec. Inc. Ltd. P'ship Litig.*, 912 F. Supp. 97, 100 (S.D.N.Y. 1996). Here, Class Counsel brought a novel class claim against a well-funded, massive Defendant on matters that had never been litigated in the past, and continued to carefully monitor the complex intricacies of notice even after the case was preliminarily approved. Class Counsel's efforts resulted in an increase in the amount of money allotted to the Class, and should result in an analogous increase in fee.

Third, Class Counsel's efforts in uncovering the issue and addressing it head-on was a known additional litigation risk. *Detroit v. Grinnell Corp.,* 495 F.2d 448, 470 (2d Cir. 1974). Class Counsel understood that the additional steps would put the Settlement at additional jeopardy to objectors, as well as further delay counsel receiving any compensation in a case that it had already expended significant time and money on a contingency basis. *See* Updated Fee Declaration at ¶ 20.

Fourth, it was Class Counsel's experience and attention to detail that enabled the Parties to remedy the problem. Inspecting the Settlement Administrator's case-status reports, Class Counsel identified that Settlement Class Members seemed to be claiming in for fractional reward points, which, given the points-to-dollars calculation, should not have occurred. *See* Updated Fee Declaration at ¶ 6. The quality and diligence of Class Counsel's representation of the Class, even after Settlement was reached, was directly responsible for bringing about the additional positive Modification to the Settlement and weighs in favor of granting the requested fees. *See Velez v. Majik Cleaning Serv., Inc.,* No. 03 Civ. 8698, 2007 U.S. Dist. LEXIS 46223 at *25 (S.D.N.Y. June 22, 2007) ("Lead Counsel's experience representing plaintiffs in class actions" contributed to a finding 33.33% a reasonable fee award.); *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 189 (W.D.N.Y. 2005) ("Counsel is experienced in class action lawsuits, having participated in similar actions in the past.").

Fifth, the addition to the Settlement Fund is based on the added number of Forfeited Points in the Class based on the exact same metric used to settle the case in the first place. *See* Updated Fee Declaration at ¶ 13. Similarly, the updated fee request is based on the same calculus (one-third) as previously requested. Since Courts consider the size of the settlement to ensure that the percentage award does not constitute a "windfall" for Class Counsel (*See In re Gilat Satellite*

*Networks, Ltd.*, No. 02 Civ. 1510, 2007 U.S. Dist. LEXIS 68964, at \*\*23-24 (E.D.N.Y. Sept. 18, 2007), the relationship of the size fee request to the size of the Settlement is the same, and warrants approval. *Stefaniak v. HSBC Bank USA, N.A.*, No. 1:05-CV-720 S, 2008 WL 7630102, at \*3 (W.D.N.Y. June 28, 2008) (finding a one-third request for a $2.9 million settlement fund to be "fair and reasonable."); *Mohney v. Shelly's Prime Steak, Stone Crab & Oyster Bar*, No. 06 CIV 4270 (PAC), 2009 WL 5851465, at \*6 (S.D.N.Y. Mar. 31, 2009) (Crotty, J.) (awarding 33% from a fund of over $3 million).

Sixth, public policy considerations weigh in favor of granting Class Counsel's updated request for fees. Class Counsel continued to work hard on behalf of the Class after Settlement was reached. Updated Fee Declaration at ¶¶ 8-9. Here, public policy weighs in favor of supporting and rewarding the diligent efforts and actions taken by Class Counsel, and mitigates against punishing such efforts.

### B. The Updated Lodestar Cross Check Continues to Support the Fee Award Requested.

Class Counsel's analysis in the January fee brief as to why the percentage-of-the-fund method is preferable to the lodestar method is still applicable here. But Class Counsel provides a lodestar cross check here to ensure the award is not an "unwarranted windfall." *Goldberger*, 209 F.3d at 49-50. Class Counsel spent 128 additional hours litigating this following the submission of its fee brief on issues relating to the reward point reporting error, the Agreement Modification, and the Supplemental Notice. Updated Fee Declaration at ¶ 15. These hours result in an additional lodestar of $55,390.00. *Id.* at ¶ 16.

When calculating these figures in conjunction with the previously provided figures from the initial fee brief filing,[1] Class Counsel is seeking approximately the same modest multiplier of approximately 1.4. *Id.* at ¶¶ 17-19. As previously briefed, this is a multiplier that is well within the range of those reasonably approved in the Second Circuit.

## IV. CLASS COUNSEL'S REQUEST FOR SERVICE AWARDS ON BEHALF OF CLASS REPRESENTATIVES

Class Counsel previously requested Service Awards for the two Plaintiff Class Representatives in the amount of $7,500.00 each. These amounts are even more warranted now. First, the two Plaintiffs continue to set forth extraordinary effort on behalf of the Class, following up with Class Counsel on a regular basis to ensure that all steps are taken towards final resolution. Updated Fee Declaration at ¶ 22. Second, the Service Awards are still not opposed, nor have they ever been opposed by anyone, including the Defendants. *Id.* at ¶ 23. Third, the amount of the proposed Service Award is modest given these individuals' efforts, and appears even more modest given the increased Settlement Fund and their added efforts in the interim time period. *Id.* at ¶ 24.

## V. CLASS COUNSEL'S REQUEST FOR COSTS

Class Counsel's request for reimbursement of costs remains unchanged at a very modest $35,324.12 in out-of-pocket expenses that Class Counsel incurred in successfully prosecuting the claims in this action. Updated Fee Declaration at ¶ 25.

That Class Counsel's costs did not rise during this period is not happenstance. Class Counsel is frugal in its expenditure of resources, knowing that the Class will be impacted by the diminishment of funds, and takes great efforts (and pride) in avoiding costs. *Id.* In addition, Class

---

[1] Class Counsel originally spent approximately 1,118 hours litigating this matter over the course of three years. *See* original Fee Declaration [D.E. 76] at ¶ 12. These hours result in a lodestar of $485,076.00. *Id.* at ¶ 13. Accordingly, the originally contemplated lodestar multiplier was approximately 1.4. *See* original Fee Brief [D.E. 75] at p. 16.

- 7 -

Counsel was able to negotiate with Chase an arrangement through which Chase, not the Class, pays for the first $10,000.00 in administrative costs for the Supplemental Notice. *See* Agreement Modification [D.E 84-1] at ¶ 32. In that Class Counsel anticipates the cost of Supplemental Notice to be less than $10,000 in total, the Class will not be paying for the costs of this process at all thanks in large part to the efforts of Class Counsel.[2] Updated Fee Declaration at ¶ 26.

## VI. CONCLUSION

For the reasons stated above, Class Counsel respectfully requests that the Court grant its updated request for Attorneys' Fees and Reimbursement of Expenses, and enter an Order: (i) approving attorneys' fees in the amount of one-third of the Settlement Fund; (ii) reimbursement of $35,324.12 in out-of-pocket expenses that Class Counsel incurred in successfully prosecuting the claims in this action, and (iii) awarding the two Plaintiff Class Representatives in this case Service Awards in the amount of $7,500.00 each.

**Dated:  May 31, 2017**                                         Respectfully submitted,

*/s/ Kenneth J. Grunfeld*
Richard M. Golomb, Esquire
Kenneth J. Grunfeld, Esquire
**GOLOMB & HONIK, P.C.**
1515 Market Street, Suite 1100
Philadelphia, PA 19102
(215) 985-9177 (phone)
(215) 985-4169 (fax)
rgolomb@golombhonik.com
kgrunfeld@golombhonik.com

---

[2] Class Counsel acknowledges that, given the deadline for this brief, costs could be incurred after it's submission, and reserve the right to seek reimbursement of such costs at the Final Approval Hearing before the Court.

Ted Trief, Esquire
Barbara Olk, Esquire
**TRIEF & OLK**
150 E. 58th St., 34th Floor
New York, NY 10155
(212) 486-6060 (phone)
(212) 317-2946 (fax)
ttrief@triefandolk.com
bolk@triefandolk.com

*Attorneys for Plaintiffs and the Proposed Class*

# CERTIFICATE OF SERVICE

I, Kenneth J. Grunfeld, Esquire, hereby certify that on this **31st** day **of May, 2017**, I caused a true and correct copy of the foregoing **Plaintiffs' Memorandum in Support of their Updated Motion for Approval of Attorneys' Fees, Service Awards and Reimbursement of Costs,** to be filed and served via the Court's CM/ECF filing system on all counsel of record.

**Date: May 31, 2017**

/s/ *Kenneth J. Grunfeld*
**KENNETH J. GRUNFELD, ESQUIRE**