# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Harry Gao and Roberta Socall, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>v.<br><br>JP Morgan Chase & Co., and Chase Bank USA, N.A.,<br><br>                Defendants. | Docket No: 1:14-cv-4281 (PAC) |

## DECLARATION OF KENNETH GRUNFELD IN SUPPORT OF PLAINTIFFS' UPDATED MOTION FOR APPROVAL OF ATTORNEYS' FEES, SERVICE AWARDS, AND REIMBURSEMENT OF COSTS

Kenneth Grunfeld, under penalty of perjury, submits this Declaration in support of Plaintiffs' Motion for Attorneys' Fees, Costs, and Plaintiffs' Service Awards, and declares as follows:

1. Kenneth Grunfeld is a partner at Golomb & Honik, P.C. ("Class Counsel").

2. I am counsel to plaintiffs HARRY GAO and ROBERTA SOCALL ("Plaintiffs" or "Plaintiff Class Representatives") and the Class in the above-captioned case (the "Action").

3. I submit this Declaration in support of Plaintiffs' Updated Motion for Attorneys' Fees, Reimbursement of Expenses, and Service Awards, and have personal knowledge of the matters set forth below based on our active participation in all aspects of the prosecution and settlement of this litigation.

4. For purposes of efficiency, and so as not to burden the Court with a duplicative and unnecessarily repetitive filing, Class Counsel hereby incorporates by reference the previous Fee Brief Declaration and attachments thereto filed on January 25, 2017. *See* D.E. 76.

5. After Preliminary Approval was entered on October 25, 2016 [D.E 72], and the

1

Mail Notice Program was completed, the Parties were alerted to an issue concerning Settlement Class Member Accounts appearing to have fractional reward points.

6. Specifically, through careful Inspection of the Settlement Administrator's case-status reports, Class Counsel identified that Settlement Class Members seemed to be claiming in for fractional reward points, which, given the points-to-dollars calculation, should not have occurred but for the reporting mistake.

7. After a thorough review, it was ultimately determined by the Parties that 7,749 of the 65,984 total Settlement Class Member Accounts (just under 12%) earned their rewards in dollars, not points; the fractional forfeitures associated with these Accounts thus reflected cents, and not fractions of points. The consequence of this was that the total equivalent number of Forfeited Points for these Accounts was underreported by a factor of 100. For example, if the Mail Notice for an affected Account stated that the Settlement Class Member had 10.25 Points Forfeited, she in fact had forfeited the equivalent of 1,025 Points (or $10.25).

8. Class Counsel realized and understood that this was an important matter that could be remedied with time and effort. Accordingly, the Parties filed a motion to postpone Final Approval and created a proposed Supplemental Notice plan to fix the oversight.

9. Both in the process of and after uncovering the error, Class Counsel has undertaken a substantial amount of work to remedy the issue.

10. First, the parties met with the administrator to carefully identify what happened and determine how the error occurred and the scope of the error.

11. Next, the Parties worked to create a process to fix the problem, ultimately deciding to modify the agreement, compose a Supplemental Notice plan, and seek to postpone

the fairness hearing in the interim.

12. After the Court granted the Parties' request to postpone the fairness hearing, the Parties worked collaboratively with the administrator to implement the Supplemental Notice plan and to meet the deadlines set forth in the Supplemental Notice Approval Order.

13. Using the newly determined number of Forfeited Points and multiplying that number by the same settlement value per point ratio as was negotiated in the original Settlement, the Parties agreed to increase of the Settlement Fund by $210,000.00, increasing the total cash consideration to be provided by Chase pursuant to the Settlement from $2,085,000.00 to $2,295,000.00.

14. Using the same one-third multiplier as previously requested by Class Counsel, Class Counsel now seek attorneys' fees in the amount of $765,000.00, which is an increase of $70,000.

15. Class Counsel expended 128 additional hours since identifying the rewards point error, and anticipate more hours of work ahead of them. *See* new Attorneys' Fee Chart, attached hereto as Exhibit 1.

16. The aggregate lodestar value of this additional time spent is $55,390.00. *Id.*

17. The new total hours spent in this action is 1246. *See* original Fee Declaration [D.E. 76] at ¶ 12 (1,118 hours). The information was compiled from contemporaneous time records maintained by each attorney, paralegal, and support staff participating in the case. These hours were actually and necessarily incurred by Class Counsel and are entirely reasonable given the nature of the work performed to prosecute the action and the substantial benefits achieved for the Class.

18. Class Counsel has incurred a total of $540,466.00 in total lodestar. D.E. 76 at ¶ 13 ($485,076.00 in lodestar).

19. The requested fee award represents a multiplier of approximately 1.4, which is the same multiplier as previously presented to the Court. Consequently, Class Counsel submits that the time and labor expended by counsel and the attendant lodestar/multiplier cross-check fully support the requested attorneys' fee as fair and reasonable.

20. Class Counsel accepted this case on a contingency fee basis, and thus assumed significant risk in prosecuting this matter. *See* Grunfeld PA Declaration at ¶¶ 35-37. Class Counsel has not been paid anything to date for work performed in this matter or for money it has paid in the course of the litigation. Given the requirements of this action, along with the financial risk, Class Counsel was compelled to forego opportunities for other cases during the pendency of this action.

21. Class Counsel continues to seek Service Awards of $7,500 to each of the two (2) Plaintiff Class Representatives.

22. The two Plaintiffs continue to set forth extraordinary effort on behalf of the Class, following up with Class Counsel on a regular basis to ensure that all steps are taken towards final resolution.

23. These Service Awards have never been opposed by anyone, including the Defendants.

24. Since the entry of Preliminary Approval, the Class Representatives have expended additional time and energy on this case on behalf of the Class, who will now receive additional funds as a result of the Modification of the Settlement. The Class Representatives are not seeking an analogous increase in their requested Service Award.

25. Class Counsel request combined, un-reimbursed out-of-pocket litigation expenses of $35,324.12, the same amount as previously requested. Class Counsel has taken great efforts in avoiding any additional costs.

26  Class Counsel negotiated for Chase to pay for the first $10,000.00 in administrative costs for the Supplemental Notice. *See* Agreement Modification [D.E 84-1] at ¶ 32. Class Counsel anticipates that the total cost of Supplemental Notice will be less than or equal to $10,000.[1]

*****************************

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on this 31st day of May, 2017.

**DATED: May 31, 2017**

_____
Kenneth J. Grunfeld
**GOLOMB & HONIK, P.C.**

---

[1] Class Counsel acknowledges that, given the deadline for this brief, costs could be incurred after its submission, and reserve the right to seek reimbursement of such costs at the Final Approval Hearing before the Court.

**CERTIFICATE OF SERVICE**

I, Kenneth J. Grunfeld, Esquire, hereby certify that on this **31st** day **of May, 2017**, I caused a true and correct copy of the foregoing **Declaration of Kenneth J. Grunfeld in Support of Plaintiffs' Updated Motion for Approval of Attorneys' Fees and Service Awards and Reimbursement of Costs,** to be filed and served via the Court's CM/ECF filing system on all counsel of record.

Date: <u>May 31, 2017</u>

/s/ *Kenneth J. Grunfeld*
**KENNETH J. GRUNFELD, ESQUIRE**