UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HARRY GAO and ROBERTA SOCALL, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br>v.<br><br>JPMORGAN CHASE & CO. and CHASE BANK USA, N.A.<br><br>          Defendants. | Case No. 1:14-cv-04281-PAC |

**[proposed] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFYING SETTLEMENT CLASS**

**THIS MATTER COMING BEFORE THE COURT** on Plaintiffs' August 29, 2017 Updated Motion for Final Approval of the proposed class action settlement set forth in the Settlement Agreement and Release ("Agreement") dated August 25, 2016 (Dkt. 70-1), as amended by Modification and Supplement to the Agreement ("Modification and Supplement") (Dkt. 84-1) dated March 23, 2017.  On October 25, 2016, this Court entered its Order (1) Preliminarily Approving Class Action Settlement, (2) provisionally certifying the Settlement Class, (3) appointing class counsel, (4) approving the Notice Program, and (5) scheduling a Final Approval Hearing.  The Court, having held a fairness hearing on the fairness, adequacy, and reasonableness of the settlement on September 12, 2017, and having considered all of the written submissions, objections, and oral arguments made in connection with final settlement approval, it is **HEREBY ORDERED, ADJUDGED**, and **DECREED** as follows:

1. The Court has reviewed the Agreement, as amended by the Modification and Supplement, the pleadings, and the proceedings to date in this matter. The definitions in the Agreement and Modification and Supplement are hereby incorporated as though fully set forth in this Final Approval Order, and capitalized terms shall have the meanings attributed to them in the Agreement and Modification and Supplement.

**I.     THE SETTLEMENT CLASS**

2. In the Preliminary Approval Order, the Court preliminarily certified the following Settlement Class:

> All Chase Bank USA, N.A. ("CBUSA") cardmembers in the United States whom CBUSA identifies as having forfeited rewards points, from June 2009 to Preliminary Approval, upon the closure of their CBUSA credit-card account(s) by CBUSA for the reason or reasons for which Plaintiffs' CBUSA accounts were closed, and who were not given the opportunity to redeem those rewards points post-closure.

3. The Settlement Class is hereby certified pursuant to Fed. R. Civ. P. 23(b)(3) and (e) for settlement purposes only.

4. The requirements of Rule 23(a) and (b)(3) have been satisfied. The members of the Settlement Class are so numerous that joinder of all members is impracticable; there are questions of law or fact common to the Settlement Class; the claims of the two Class Representatives are typical of the claims of the Settlement Class; the Class Representatives will fairly and adequately protect the interests of the Settlement Class; and the questions of law or fact common to members of the Settlement Class predominate over any questions affecting only individual members.

5. The preliminary appointment of the following law firms as Class Counsel is hereby also made final:

| | |
|---|---|
| GOLOMB & HONIK, P.C. | TRIEF & OLK |
| Richard M. Golomb | Ted Trief |
| Kenneth J. Grunfeld | Barbara Olk |
| 1515 Market Street, Suite 1100 | 150 E. 58th Street, 34th Floor |
| Philadelphia, PA  19102 | New York, NY  10155 |
| Tel.: (215) 985-9177 | Tel.: (212) 486-6060 |
| Fax: (215) 985-4169 | Fax: (212) 317-2946 |

Class Counsel is experienced in class litigation, including litigation of similar claims in other cases, and have fairly and adequately protected the interests of the Settlement Class.

## II. THE BEST NOTICE PRACTICABLE WAS PROVIDED TO THE SETTLEMENT CLASS

6. Notice to the Settlement Class has been provided in accordance with the Court's Preliminary Approval Order (Dkt. 72) and Supplemental Notice Approval Order (Dkt. 85).  The notice, in form, method, and content, fully complied with the requirements of Rule 23 and due process, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons entitled to notice of the settlement.

7. The Court-approved Notice satisfied due process requirements because it adequately described the claims at issue and contained the information reasonably necessary for Settlement Class Members to make a decision to remain in the Settlement Class and be bound by the final judgment.

8. The Court-approved Supplemental Notice, concerning Supplemental Notice Settlement Class Members, satisfied due process and contained information in a clear and concise manner required for those Class Members to make a decision to remain in the Settlement Class and be bound by the final judgment.

9. All Settlement Class Members who failed to submit an objection to the Settlement in accordance with the deadlines and procedures set forth in the Preliminary Approval Order and Supplemental Notice Approval Order are deemed to have waived and are forever foreclosed from raising any objection to the Settlement.

10. The Class Representatives and the Settlement Class Members who have not timely excluded themselves from the Settlement have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute relating in any way to, or arising out of, the Released Claims, the Agreement, or this Final Judgment and Order.

11. The Parties and any and all Settlement Class Members who did not timely exclude themselves from the Settlement are bound by the terms and conditions of the Agreement.

## III.   FINAL APPROVAL OF THE SETTLEMENT AGREEMENT

12. The Court finds that the Settlement resulted from extensive arms-length, good-faith negotiations between Plaintiffs and Defendants, through experienced counsel, and with the assistance and oversight of an experienced, nationally-renowned mediator, Mr. Jonathan Marks.

13. Pursuant to Fed. R. Civ. P. 23(e), the Court finds that the Settlement is fair, reasonable, and adequate, and in the best interest of the Settlement Class, within range that responsible and experienced attorneys could accept considering all relevant risks and factors and the relative merits of Plaintiffs' claims and Defendants' defenses.

14. The Court finds that the Settlement is fair, reasonable, and adequate in light of the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974):

> (1) The litigation is complex and will be expensive and lengthy;
>
> (2) The reaction of the class has been positive;
>
> (3) Discovery has advanced far enough to allow the parties to resolve the case responsibly;

> (4) Plaintiffs face substantial risks of establishing liability, damages, and establishing/maintaining class certification;
>
> (5) Although Defendants possess the ability to withstand a greater judgment, the Settlement here affords Settlement Class Members substantial monetary benefits; and
>
> (6) The settlement fund created is substantial, especially in light of the possible recovery and risks of litigation.

Accordingly, the Court hereby finally approves in all respects the Settlement, as memorialized in the Agreement.

15. The Court held a Fairness Hearing, and has considered all objections or comments to the Settlement, timely and proper or otherwise, including the one timely objection by Settlement Class Member and Claimant Aryeh Follman, and denies and overrules them as without merit.

## IV. DISMISSAL OF CLAIMS, RELEASE, AND INJUNCTION

16. The above-captioned case is hereby dismissed with prejudice on the merits and without costs.

17. The Court approves the Parties' plan to distribute the Class Settlement Fund as set forth in the Agreement. Specifically, the Court holds that:

> a. Class Counsel Golomb & Honik and Trief & Olk are hereby awarded attorneys' fees in the amount of $765,000.00, which is equal to one third ($1/3^{rd}$) of the Settlement Fund ($2,295,000.00), to be paid in accordance with the Agreement.
>
> b. In evaluating Class Counsels' request for attorneys' fees, the Court finds the percentage-of-the-fund method and its application, as set forth in Plaintiffs' Unopposed Motion, proper and reasonable. *See, e.g.*, *Goldberger v. Integrated Res., Inc.,* 209 F.3d 43, 47 (2d Cir. 2000).
>
> c. The Court has also reviewed and considered Class Counsels' lodestar submission as a cross-check. The Court finds Class Counsel's lodestar cross-check to be fair and reasonable pursuant to the amount of work that went into the litigation of the case and Class Counsel's continued work on the administration and payment of Settlement Class Member claims and their representation of Settlement Class Members throughout this litigation, as well as the resulting "lodestar multiplier."

    d. The Court further finds that litigation costs in the amount of $35,324.12, as set forth in detail in Plaintiffs' Motion, are reasonable and fair based upon the litigation.

    e. In addition, the Court finds that the administration costs to be paid from the Settlement Fund, originally estimated to be approximately $125,000 and currently at $104,713.19, are reasonable and fair based upon the litigation.

    f. The Service Awards requested "are reasonably based on the participation" of Plaintiffs Harry Gao and Roberta Socall, the two Plaintiff Class Representatives. *Dupler v. Costco Wholesale Corp.*, 705 F. Supp. 2d 231 (E.D.N.Y. 2010). Upon consideration of Class Counsel's request for Service Awards for the Plaintiffs in this litigation, and with the acknowledgement of their efforts to come forward and act as Plaintiffs in this case, Plaintiffs are hereby each awarded a Service Award in the amount of $7,500.00, to be paid in accordance with the Agreement.

    g. Within the timeframe contemplated by the Agreement, the Settlement Administrator shall distribute the attorneys' fees, costs, and Service Awards authorized and approved herein to Golomb & Honik, P.C., who will be solely responsible for distributing the Service Awards to the two Plaintiff Class Representatives and for distributing the attorneys' fees and costs to Class Counsel.

    h. Within the timeframe contemplated by the Agreement, Claimants shall be paid in accordance with Section XII of the Agreement.

18. Plaintiffs and each Settlement Class Member that has not opted out of the Settlement have Released all claims as provided in Section XIV of the Agreement, expressly incorporated by reference herein.

19. The Court permanently bars and enjoins each Releasing Party from asserting any of the Released Claims, as set forth in Section XIV of the Agreement, including during the pendency of any appeal from this Order.

## V. OTHER PROVISIONS

20. The Court has read carefully the objection filed by Aryah Follman and the opposition to the objection set forth in the pleadings. Mr. Follman's objection is hereby denied.

21. The Court has jurisdiction to enter this Final Order and the accompanying Final Judgment. Without in any way affecting the finality of this Final Order or the Final Judgment, this Court expressly retains jurisdiction over Plaintiffs, Chase, and each Settlement Class Member

(including objectors) regarding the implementation, enforcement, and performance of the Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding or dispute arising out of or relating to the Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties.

22. The Parties are hereby directed to implement and consummate the Settlement as set forth in the terms and provisions of the Agreement.

23. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Agreement. Likewise, the Parties may, without further order of the Court or notice to the Settlement Class, agree to and adopt such amendments to the Agreement as are consistent with this Final Order and the Final Judgment and that do not limit the rights of Settlement Class Members under the Agreement.

24. In the event that the Effective Date does not occur, certification of the Settlement Class shall be automatically vacated and the Final Order and Final Judgment, and all other orders entered and releases delivered in connection herewith, shall be vacated and shall become null and void.

**IT IS SO ORDERED, this \_\_\_ day of _____, 2017.**

                                        **BY THE COURT:**

_____
**HONORABLE PAUL A. CROTTY**
**UNITED STATES DISTRICT JUDGE**