UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| HARRY GAO and ROBERTA SOCALL, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | Case No. 1:14-cv-04281-PAC |
| Plaintiffs, | ) ) |  |
| v. | ) ) |  |
| JPMORGAN CHASE & CO. and CHASE BANK USA, N.A. | ) ) ) |  |
| Defendants. | ) ) |  |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' UPDATED MOTION FOR FINAL APPROVAL OF CLASS ACTION
<u>SETTLEMENT AND CERTIFICATION OF THE SETTLEMENT CLASS</u>**

**TABLE OF CONTENTS**

|      |                                                              | **PAGE** |
|------|--------------------------------------------------------------|---------|
| I.   | INTRODUCTION                                                 | 1       |
| II.  | REFERENCE TO PREVIOUSLY FILED PLEADINGS                      | 2       |
| III. | UPDATED FACTUAL AND PROCEDURAL HISTORY                       | 3       |
| IV.  | THE TERMS OF THE SETTLEMENT                                  | 5       |
|      | A. SUPPLEMENTAL NOTICE                                       | 6       |
|      | B. PROPOSED DISTRIBUTION OF THE NET SETTLEMENT FUND          | 6       |
| V.   | ARGUMENT                                                     | 7       |
| VI.  | CONCLUSION                                                   | 9       |

# TABLE OF AUTHORITIES

**PAGE**

**Cases**

*Amchem Prods., Inc. v. Windsor*,
 521 U.S. 591 (1997) ............................................................................................................ 8

*Charron v. Wiener*,
 731 F.3d 241 (2d Cir. 2013) ................................................................................................ 7

*D'Amato v. Deutsche Bank*,
 236 F.3d 78 (2d Cir. 2001) .................................................................................................. 8

*Detroit v. Grinnell Corp.*,
 495 F.2d 448 (2d Cir. 1974) ................................................................................................ 7

*Handschu v. Special Servs. Div.*,
 787 F.2d 828 (2d Cir. 1986) ................................................................................................ 8

*In re Med. X-Ray*,
 No. 93-5904, 1998 WL 661515 (E.D.N.Y. Aug. 7, 1998) ................................................... 8

*In re Payment Card Interchange Fee & Merchant Discount Antitrust Litig.*,
 986 F. Supp. 2d 207 (E.D.N.Y. 2013) ................................................................................. 8

*McReynolds v. Richard-Cantave*,
 588 F.3d 790 (2d Cir. 2009) ................................................................................................ 7

*Tyson Foods, Inc. v Inc. v. Bouaphakeo*,
 136 S. Ct. 1036 (2016) ......................................................................................................... 8

*Yang v. Focus Media Holding Ltd.*,
 No. 11-Civ. 9051 (CM) (GWG), 2014 WL 4401280 (S.D.N.Y. Sept. 4, 2014) .................. 7

**Rules**

Fed. R. Civ. P. 23(a) .................................................................................................................... 8

Fed. R. Civ. P. 23(b)(3) ................................................................................................................ 8

I. **INTRODUCTION**

Court appointed counsel Golomb & Honik, P.C. and Trief & Olk ("Class Counsel"[1]), on behalf of Plaintiffs, HARRY GAO and ROBERTA SOCALL (collectively, "Plaintiffs") submit this updated motion respectfully requesting that this Court finally approve a proposed class action settlement pursuant to which Defendants have agreed to create a Settlement Fund of over $2 million to resolve this litigation with the Class in exchange for a release of claims.

On March 23, 2017, Class Counsel filed their original motion and memorandum of law seeking Final Approval of the Settlement. [D.E. #'s 77-82]. From a legal perspective, nothing has changed since then. However, on that same day, the Parties also filed a joint motion and brief to reschedule Final Approval [D.E. #'s 83, 84] because of an issue concerning certain Settlement Class Member Accounts appearing to have fractional reward points. *See* Updated Attorneys' Fees Declaration [D.E. # 79] at ¶ 5. The Court entered an Order granting the continuance on April 3, 2017 [D.E. # 85] ("Supplemental Notice Approval Order").

Pursuant to the Modification and Supplement, the Parties agreed to perform a Supplemental Notice Program, which the Court approved in its April 3, 2017 Supplemental Notice Approval Order. Since then, the Parties and the Settlement Administrator have worked to successfully meet the deadlines set forth in the Supplemental Notice Approval Order. *See* Declaration of Kenneth Grunfeld in Support of Plaintiffs' Updated Motion for Final Approval ("Grunfeld Updated FA Dec."), filed contemporaneously with this brief, at ¶ 6; Updated Fee Declaration [D.E. # 79] at ¶ 12. Consequently, Class Counsel submits this updated brief, again requesting final approval. The

---

[1] The definitions in the Settlement Agreement and Release ("Agreement") (Dkt. 70-1), as amended by the Modification and Supplement to the Agreement ("Modification and Supplement") (Dkt. 84-1) are hereby incorporated as though fully set forth herein, and capitalized terms shall have the meanings attributed to them in the Agreement, as amended by the Modification and Supplement.

Parties' global Settlement resolves all Released Claims against Defendants JPMorgan Chase & Co. ("JPMC") and Chase Bank USA, N.A. ("CBUSA") (collectively, "Chase" or "Defendants") and now satisfies all of the criteria for final approval pursuant to Federal Rule of Civil Procedure 23(b)(3) and (e). In providing the Settlement Class with significant benefits, the Settlement is more than *fair, adequate, and reasonable*. In addition, the results of the Settlement are outstanding; the Notice Program Supplemental Notice Program effectively communicated the terms of the Settlement, Settlement Class Members responded positively by filing Claims, and Claimants will receive significant dollars and value when distribution is made. Plaintiffs and Class Counsel respectfully urge that final approval is warranted and for the entry of an order, substantially similar to the one attached, that:

(1) approves the terms of the Settlement as within the range of fair, adequate, and reasonable;

(2) certifies the Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3) and (e) for settlement purposes only;

(3) finds that the Notice Program, including the Supplemental Notice Program, has satisfied due process and was well effectuated to provide adequate notice to Settlement Class Members pursuant to the terms of the proposed Notice and Supplemental Program as set forth in the Agreement and Modification and Supplement;

(4) addresses and specifically denies the one objector's allegations, and

(5) grants Final Approval of the class action Settlement.

## II. REFERENCE TO PREVIOUSLY FILED PLEADINGS

For purposes of efficiency, and so as not to burden the Court with a duplicative and unnecessarily repetitive filing, Class Counsel hereby incorporates by reference its March 23, 2017, filings. [D.E. #'s 77-82]. Accordingly, there is no reason to repeat here the case history (prior to March of 2017), including the background of the litigation and the settlement discussions. Nor is there a need to re-iterate the majority of the legal support provided for requesting Final Approval.

The legal and factual basis that supported the original request for Final Approval, including the *Grinnell* factors, still apply, though we will address here how those factors apply to the updated request given the Supplemental Notice and additional steps that have taken place since the original request for final approval was filed.

### III. UPDATED FACTUAL AND PROCEDURAL HISTORY

The proposed Settlement is the culmination of years of vigorously contested litigation. Class Counsel has previously provided detailed recitations of the history of the case and the settlement negotiations undertaken. *See* Memorandum of Law in Support of Plaintiffs' [Unopposed] Motion for Preliminary Approval of Class Action Settlement ("PA Brief") at D.E. # 69, 4-7; Grunfeld Declaration in Support of Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement ("Grunfeld PA Dec."), at D.E. # 70, ¶¶ 9-18; Memorandum in Support of Plaintiffs' Unopposed Motion for Approval of Attorneys' Fees and Service Awards and Reimbursement of Costs ("Fee Brief") at D.E. # 75, 2-3; Declaration of Kenneth Grunfeld in Support of Plaintiffs' Motion for Approval of Attorneys' Fees and Service Awards, and Reimbursement of Costs ("Grunfeld Fee Dec.") D.E. # 76, at ¶ 6 (also referencing Grunfeld PA Dec. at ¶¶ 7-32); Updated Attorneys' Fees Declaration [D.E. # 79]. The following is a summary of the steps taken since April 3, 2017, the date the Court entered the Order granting the Parties' joint request for a continuance and approving Supplemental Notice. *See* D.E. # 85.

After the original Notice Program was completed, the Parties were alerted to an issue concerning the total number of Forfeited Points reported for certain Settlement Class Member Accounts. It was ultimately determined that this issue affected 7,107 Settlement Class Members, the holders of 7,749 Accounts, whereby, as a result of an inadvertent, good faith oversight, the total number of Forfeited Points for these Accounts was underreported by a factor of 100. *See* D.E. # 79 at ¶ 7; Grunfeld Updated FA Dec. at ¶ 11.

To address this issue, the Parties agreed that Supplemental Notice was required, and, in accordance with the Modification and Supplement and the Court's Supplemental Notice Approval Order, that Supplemental Notice has subsequently been effectuated. *See* D.E. # 79 at ¶ 8; Grunfeld Updated FA Dec. at ¶ 12. In addition to setting forth in detail the parameters of the Supplemental Notice, the Modification and Supplement increases the Settlement Fund ratably to account for the corrected number of Forfeited Points. Specifically, the Parties agreed to an increase of the Settlement Fund by $210,000.00, increasing the total cash consideration to be provided by Chase pursuant to the Settlement from $2,085,000.00 to $2,295,000.00. *Id.* at ¶ 13.

Following the entry of the Supplemental Notice Approval Order, the Parties and Settlement Administrator met to confirm the case deadlines and begin the process of compliance with the Supplemental Notice Program. *See* Grunfeld Updated FA Dec., at ¶ 6; Declaration of Jonathan D. Carameros re: Supplemental Notice Procedures ("Updated KCC Dec") at ¶ 3. A Supplemental Long-Form Notice was posted on the Settlement Website by April 10, 2017; in addition, updates were made to the language on the Settlement Website (https://eclaim.kccllc.net/caclaimforms/jga/home.aspx) and to the IVF script used for the case's toll free telephone number (1-855-306-9709), all in accordance with the Court's Order approving the Supplemental Notice. *See* Grunfeld Updated Dec. at ¶ 7; Updated KCC Dec. at ¶ 4. The Parties and KCC then finalized the Supplemental Notice to Supplemental Notice Settlement Class Members, which was accomplished and completed before May 15, 2017. Updated KCC Dec. at ¶ 5. Pursuant to the Modification and Supplement, Chase agreed to pay the Supplemental Notice Costs up to $10,000.00. Modification and Supplement ¶ 32.

The Parties and Settlement Administrator then worked together to address any Settlement Class Member issues, notice and mailing concerns, and assuring maximum reach to the Settlement

Class. Grunfeld Updated FA Dec. at ¶ 8; Updated KCC Dec. at ¶ 6. KCC provided reports as well. Grunfeld Updated FA Dec. at ¶ 8. The Supplemental Objection and Supplemental Opt-Out Deadline was June 14, 2017, and there were no new objections or opt-outs filed.[2] *See* Supplemental Notice Approval Order [D.E. # 85]; Supplemental Notice Declaration [D.E. # 90]. On June 29, 2017, the Supplemental Claim Deadline passed. *See* Supplemental Notice Approval Order [D.E. # 85]. The 7,107 unique holders of 7,749 Accounts were noticed in the Supplemental Notice Program. Grunfeld Updated FA Dec. at ¶ 11. A total of 1,148 of those Supplemental Notice Settlement Class Members ended up filing claims; 551 of those claims were filed as a direct result of the Supplemental Notice Program. Updated KCC Dec. at ¶ 7. Accordingly, Class Counsel views the Supplemental Notice Program as an unmitigated success.

## IV.  THE TERMS OF THE SETTLEMENT

Class Counsel has previously provided the Agreement [D.E. # 70-1] and a detailed recitation of the settlement terms. *See* PA Brief, [D.E. # 69] at 7-9; Grunfeld PA Dec. [D.E. # 70] at ¶¶ 19-32; FA Brief [D.E. # 78]; FA Declaration [D.E. # 79].

The Settlement Class definition and the scope of the Settlement Class has not changed. The Settlement Class still includes 65,984 Accounts which are held by 50,320 unique users, encompassing the same total number of Points Forfeited (792,174,651) as set forth in the original final approval papers. *See* Grunfeld FA Dec. [D.E. # 79] at ¶ 13; KCC Dec. [D.E. # 82] at ¶ 3. The Supplemental Notice was sent to a subset of the Settlement Class—specifically, Supplemental Notice Settlement Class Members—consisting of 7,107 individuals. Updated KCC Dec. at ¶ 5.

---

[2] In total, there is still only one objector in this case, Aryah Follman. His objection was addressed in detail in Section IV.D of the original Final Approval brief, D.E. # 78. Nothing has changed based on his objection. In total for are only six timely opt-outs (one additional opt-out was untimely). *See* Supplemental Notice Declaration [D.E. # 90].

Pursuant to the Modification and Supplement, the Settlement Fund was ratably increased by $210,000.00, increasing the total cash consideration to be provided by Chase pursuant to the Settlement from $2,085,000.00 to $2,295,000.00.³ *See* Modification and Supplement ¶¶ 7, 8; Joint Motion to Continue [D.E. # 83] at ¶ 13. All of the money in the Net Settlement Fund will be claimed by Settlement Class Members. *See* Grunfeld Updated FA Dec. at ¶ 10.

Nothing has changed as related to the Releases as set forth in Section XIV of the Agreement.

### A. SUPPLEMENTAL NOTICE

The Supplemental Notice reflected a continued successful endeavor following the positive results of the original Notice Program. *See* D.E. # 78, 79, 82. By May 15, 2017, 7,107 of Class Members holding 7,749 Accounts were sent Supplemental Mail Notices—*i.e.*, direct mail notices and, where the email address was reasonably available, emails. *See* Grunfeld Updated FA Dec. at ¶ 11; KCC Updated Dec. at ¶ 5. A total of 1,148 Supplemental Notice Settlement Class Members ended up filing claims on a total of 18,435,604 forfeited points. *See* Updated KCC Dec. at ¶¶ 8, 9.

### B. PROPOSED DISTRIBUTION OF THE NET SETTLEMENT FUND

Pursuant to the Settlement Agreement at ¶ 76, determining the value of each Forfeited Point claimed requires KCC to divide the total number of Forfeited Points for all approved Claimants by the Net Settlement Fund. Ultimately, a total of 17,563 timely claims were filed, including 1,148 for the Supplemental Notice Settlement Class Members. KCC Updated Dec. at ¶ 9. When viewed

---

³ Nothing has changed with regard to how the Settlement Fund will operate, including paying: Claimants; Class Counsel's attorneys' fees and costs; Service Awards to Class Representatives; any Taxes on the Settlement Fund Account; and costs of Settlement Administration and the Notice Program, though Supplement Notice Costs up to $10,000 are being paid separately by Chase. Settlement Agreement at ¶ 62; Modification and Supplement ¶ 32. None of the money in the Settlement Fund reverts to Chase.

in terms of the applicable Points Forfeited, approximately 24.5% of the points have been claimed by the Class.[4] *Id.*

Upon the Effective Date of the Settlement, each Claimant whose Claim was approved will receive a check in the mail for cash based on the number of Points Forfeited multiplied by the number of cents per point determined per above (the "Payable Claim Amount").

## V. ARGUMENT

The standards set forth justifying Final Approval of the Settlement are the same as previously included in the original Final Approval brief [D.E. # 78], and for the most part, the support for how this case has met those standards is also the same. Plaintiffs seek to avoid duplication here, and set forth the requirements and support for Final Approval in summary form only, highlighting any potential changes as a result of the Supplement Notice Program.

- Federal Rules of Civil Procedure 23(e)(2) has been met because the Settlement is "fair, reasonable and adequate." *See Charron v. Wiener*, 731 F.3d 241, 247 (2d Cir. 2013).

- Procedural fairness has been met because there was no collusion, and a highly qualified mediator participated in the complex negotiations leading to the Settlement Agreement, which was "the product of arm's-length, good faith negotiation." *McReynolds v. Richard-Cantave*, 588 F.3d 790, 804 (2d Cir. 2009); *Yang v. Focus Media Holding Ltd.*, No. 11-Civ. 9051 (CM) (GWG), 2014 WL 4401280, at *5 (S.D.N.Y. Sept. 4, 2014); D.E. # 79 at ¶¶ 7-17.

- Substantive fairness has been met based on all nine of the *Grinnell* factors. *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974).[5] *See* D.E. #'s 69, 77.

---

[4] The final determination on all Claims is not yet complete, as the Settlement Administrator is still processing deficiently-filed Claims to determine, *inter alia*, if the filers are in fact Settlement Class Members. *See* KCC Updated Dec. at ¶ 9.

[5] The *Grinnell* factors are: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendant to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the

- - The reaction of the Class continues to be positive; there have been no new objectors, and only one out of 50,320 in total. *D'Amato v. Deutsche Bank*, 236 F.3d 78, 86 (2d Cir. 2001); D.E. # 82 at ¶¶ 10-11. The number of timely opt-outs (six) also demonstrates a positive reaction from the Settlement Class.

  - The exchange of information between the Parties has been robust, such that Class Counsel had sufficient information to enter into the Modification and Supplement. *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litig.*, 986 F. Supp. 2d 207, 224 (E.D.N.Y. 2013); *See* D.E. # 70, 78.

  - The amount of the Settlement Fund was ratably increased and continues to be reasonable "'in light of the strengths and weaknesses of the plaintiff[s'] case.'" *In re Med. X-Ray*, No. 93-5904, 1998 WL 661515, at *5 (E.D.N.Y. Aug. 7, 1998) (alteration in original). Settlement Class Members will receive cash for their Forfeited Points, in accordance with the procedure described above.

- The Settlement Class satisfies all Rule 23(a) prerequisites and Rule 23(b)(3) requirements. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 619–22 (1997).

  - Rule 23(a) numerosity, commonality, typicality and adequacy are all met.

  - Rule 23(b)(3) predominance ("whether proposed classes are sufficiently cohesive to warrant adjudication by representation," *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016)) and superiority (whether a class action is the superior means to adjudicate the class's claims) are also met.

- The Notice and Supplemental Notice Programs adequately advised Settlement Class Members of their rights, and the results of the programs shows that the Settlement Class received and understood those rights. *See Handschu v. Special Servs. Div.*, 787 F.2d 828, 833 (2d Cir. 1986). The Settlement Website, has received more than 43,658 page visits and the toll-free telephone number has been called 412 times. *See* KCC Dec. at ¶ 9. Claimants have filed a total of 17,563 timely claims. *Id.* at ¶ 8.

---

attendant risks of litigation. *Grinnell*, 495 F.2d at 463. These factors have been previously discussed.

## VI. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court enter Final Approval of the Settlement and certify the Settlement Class for the purpose of the settlement.

| | |
|---|---|
| **Dated: <u>August 29, 2017</u>** | /s/ *Kenneth J. Grunfeld* |

Richard M. Golomb, Esquire
rgolomb@golombhonik.com
Kenneth J. Grunfeld, Esquire
kgrunfeld@golombhonik.com
**GOLOMB & HONIK, P.C.**
1515 Market Street, Suite 1100
Philadelphia, PA 19102
Tel. 215-985-9177
Fax. 215-985-4169

Ted Trief, Esquire
ttrief@triefandolk.com
Barbara Olk, Esquire
bolk@triefandolk.com
**TRIEF & OLK**
150 E. 58th Street, 34th Floor
New York, NY 10155
Tel.: 212-486-6060
Fax: 212-317-2946

*Attorneys for Plaintiffs and the Proposed Class*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the forgoing **Memorandum of Law in Support of Plaintiffs' Updated Motion for Final Approval of Class Action Settlement and Certification of the Settlement Class**, **with all exhibits**, was served on the following by CM/ECF and by electronic mail pursuant to agreement of the Parties:

Noah Levine, Esquire
noah.levine@wilmerhale.com
Alan E. Schoenfeld, Esquire
alan.schoenfeld@wilmerhale.com
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
7 World Trade Center
250 Greenwich Street
New York, NY 10007

*Attorneys for Defendants JP Morgan Chase & Co. and Chase Bank USA, N.A.*

**This the 29th day of August, 2017.**

/s/ *Kenneth J. Grunfeld*
Kenneth J. Grunfeld, Esquire